IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| OPTREX AMERICA, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 04-1536 (KAJ) |
| v. ) | |
| ) | **JURY TRIAL DEMANDED** |
| HONEYWELL INTERNATIONAL INC. ) | |
| and HONEYWELL INTELLECTUAL ) | |
| PROPERTIES INC. ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF OPTREX AMERICA, INC.'S REPLY
TO DEFENDANTS' COUNTERCLAIMS**

Plaintiff Optrex America, Inc. ("OAI"), by and through the undersigned attorneys, hereby responds to the Counterclaims filed with this Court by Defendants Honeywell International Inc. and Honeywell Intellectual Properties Inc., on or about February 16, 2005.

**I. RESPONSE TO COUNTERCLAIMS**

**The Parties**

1. OAI lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19, and therefore denies them.

2. OAI lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20, and therefore denies them.

3. OAI admits the allegations set forth in paragraph 21.

**Jurisdiction and Venue**

4. OAI admits the allegations set forth in paragraph 22.

5. OAI admits that this Court has personal jurisdiction over OAI. OAI denies all remaining allegations in paragraph 23.

6. OAI admits that venue is proper for OAI. OAI denies all remaining allegations in paragraph 24.

**Background to the Action**

7. OAI lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25, and therefore denies them.

8. OAI admits that what appears to be a copy of U.S. Patent No.5,280,371 is attached to Honeywell's pleading as Exhibit 1. OAI further admits that the date of issue for this patent, as printed on its front page is indicated as January 18, 1994. OAI lacks information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 26, and therefore denies them.

9. OAI lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27, and therefore denies them.

**Honeywell's First Counterclaim**

10. OAI admits that it has been and is engaged in the importation, offer for sale, and sale of modules that contain liquid crystal displays in the United States with the knowledge and intention that such modules containing liquid crystal displays would be incorporated into products that would be sold throughout the United States, including this judicial district. OAI further admits that such modules containing liquid crystal displays are incorporated into products such as cellular phones. OAI denies the remaining allegations in paragraph 28.

11. OAI denies the allegations in paragraph 29.

**Honeywell's Second Counterclaim**

12.  OAI denies the allegations in paragraph 30.

**Honeywell's Prayer for Relief**

13.  OAI denies that Honeywell is entitled to any of the relief requested in their Prayer for Relief against OAI.

## II. DEFENSES TO DEFENDANTS' COUNTERCLAIMS

14.  The claims of the '371 patent are invalid for failure to meet the requirements of the United States patent laws, 35 U.S.C. §§ 101 et seq., including, but not limited to §§ 102, 103, and 112.

15.  Neither OAI nor OAI's liquid crystal display products ("LCDs") infringe, contribute to the infringement of, or induce the infringement of any valid and enforceable claim of the '371 patent.

16.  Defendants' claims against OAI, or against any of OAI's LCDs are barred by the doctrine of waiver.

17.  Defendants' claims against OAI, or against any of OAI's LCDs are barred by the doctrine of laches.

18.  Defendants' claims against OAI, or against any of OAI's LCDs are barred by the doctrine of estoppel.

19.  Defendants' claim for damages, if any, against OAI, or against any party for utilizing OAI's LCDs, is statutorily limited by 35 U.S.C. § 286 and/or § 287.

20.  Prosecution history estoppel bars Defendants' assertion of any interpretation of any of the claims of the '371 patent that would cover any of OAI's LCDs.

21. The '371 patent is unenforceable due to inequitable conduct before the U.S. Patent and Trademark Office ("PTO").

A. Under 37 C.F.R. § 1.56, all individuals associated with the preparation, filing, and prosecution of a patent application have an uncompromising duty of candor and good faith in dealing with the PTO. That duty requires such individuals, inter alia, to disclose to the PTO all information known by them to be material to patentability.

B. Among those individuals subject to this "duty of disclosure" are the inventors named in a patent application. With respect to the patent-in-suit, the named inventors are Richard I. McCartney, Daniel D. Syroid, and Karen Jachimowicz.

C. Also among those subject to this duty of disclosure are the attorneys, agents, and any others associated or substantively involved with preparing and prosecuting the patent application.

D. As is explained in greater detail below, the '371 patent is unenforceable because the inventors and/or Honeywell Inc., Honeywell International Inc., and/or Honeywell Intellectual Properties Inc. (hereinafter "Honeywell"), or others acting for or on their behalf, violated their duty of disclosure to the PTO during the prosecution of the '371 patent by withholding material prior art from the PTO with the intent to deceive the PTO in order to obtain the '371 patent.

E. The withheld material prior art includes a 1989 paper by H. Noda et al. entitled "High Definition Liquid Crystal Projection TV," published in Japan Display '89 at pp. 256-259 ("the Noda article"). The Noda article is prior art to the '371 patent

under 35 U.S.C. § 102(b) because it was published in 1989, more than one year before the July 9, 1992 filing date of the application that ultimately issued as the '371 patent.

F.  The Noda article, at page 257, column 2, discloses how to counteract an undesirable interference pattern known as the moiré pattern by varying the pitch of two arrays.

G.  On information and belief, the inventors knew that the Noda article was material to the prosecution of the '371 patent. In October 1992, two months after filing the application that matured into the '371 patent, Richard I. McCartney and Daniel D. Syroid, two of the three named inventors of the '371 patent, published an article in Japan Display '92 entitled "Directional Diffuser Lens Array for Backlit LCDs" ("the McCartney article"). Karen Jachimowicz, the third inventor of the '371, was acknowledged as a contributor near the end of the McCartney article.

H.  The McCartney article at column 2 on p. 261, in a section entitled "Moire Pattern Treatment" cites to the Noda article in support of the statement "[b]y using a lens pitch that was higher than, and between integer multiples of, the display pitch we were able to counteract most of the moire."

I.  The '371 patent teaches, without citing to Noda, that varying the pitch between multiple arrays avoids the moiré effects. More importantly, Honeywell prosecuted claims during prosecution of the '371 patent (such as issued claim 1) that specifically claim multiple arrays having differing pitches. Consequently, the Noda article was highly material to the subject matter of the '371 patent during prosecution before the PTO.

J. In comments made during prosecution of the application that matured into the '371 patent, the applicants argued in response to prior art rejections that the applied references did not discuss eliminating moiré effects with appropriate selection of the relative pitch of lens arrays (Page 3 of Amendment filed on February 2, 1993). Furthermore, when the PTO Examiner indicated that dependent claims reciting relative pitches of the lens arrays contained allowable subject matter (Page 4 of Office Action mailed May 6, 1993), the applicants amended such claims to place them into independent form to have the PTO allow and issue these claims (Amendment filed on July 2, 1993).

K. Despite the high materiality of Noda to the invention claimed by the '371 patent, no one having the duty of disclosure – i.e., the inventors, Honeywell, any other individual substantively involved in prosecuting the application that matured into the '371 patent and associated with the inventor or assignee – disclosed or submitted the Noda article or the McCartney article to the PTO during prosecution of the '371 patent.

L. The failure to disclose the Noda article to the PTO, in view of the fact that the inventors, Honeywell, and/or others having a duty to disclose were aware of the Noda article and its materiality to one or more of the claims during the prosecution of the '371 patent, demonstrates an intent to mislead and deceive the PTO in obtaining the '371 patent.

M. The withholding of the highly material Noda article with deceptive intent renders the '371 patent unenforceable due to inequitable conduct before the PTO.

## III. EXCEPTIONAL CASE

22. This is an exceptional case under 35 U.S.C. § 285 and, as such, OAI is entitled to recover from Defendants the attorneys fees and costs incurred by OAI in connection with this action.

## **PRAYER FOR RELIEF**

WHEREFORE, OAI respectfully requests:

   a. A judgment declaring that Defendants take nothing by their counterclaims in this Action;

   b. a judgment declaring that the Defendants' counterclaims are dismissed in their entirety and with prejudice;

   c. its costs, reasonable attorneys' fees, and expenses, and

   d. such other relief as the Court deems just and proper.

BOUCHARD MARGULES & FRIEDLANDER, P.A.

/s/ Karen L. Pascale

March 7, 2005

Andre G. Bouchard (I.D. No. 2504)
Karen L. Pascale (I.D. No. 2903)
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
(302) 573-3500
*Attorneys for Optrex America, Inc.*

*Of Counsel:*

Richard D. Kelly, Esq.
Andrew M. Ollis, Esq.
Thomas J. Fisher, Esq.
Alexander E. Gasser, Esq.
OBLON, SPIVAK, MCCLELLAND,
  MAIER & NEUSTADT, P.C.
1940 Duke Street
Alexandria, VA 22314
(703) 413-3000

7

## CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2005, I caused a copy of the foregoing document to be served on the following counsel by the method indicated:

*Via Hand Delivery*

Thomas C. Grimm, Esquire
MORRIS NICHOLS ARSHT & TUNNELL
1201 N. Market Street
Wilmington, DE 19801

*Via FedEx*

Anthony A. Froio, Esquire
ROBINS, KAPLAN, MILLER & CIRESI LLP
111 Huntington Avenue, Suite 1300
Boston, MA 02199-7610

Martin R. Lueck, Esquire
ROBINS, KAPLAN, MILLER & CIRESI LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015

_____
Karen L. Pascale (#2903)