IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HONEYWELL INTERNATIONAL INC. and HONEYWELL INTELLECTUAL PROPERTIES INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 04-1338-KAJ |
| v. | ) ) | |
| APPLE COMPUTER, INC.; et al., | ) ) | |
| Defendants. | ) ) ) | |
| OPTREX AMERICA, INC., | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 04-1536-KAJ |
| HONEYWELL INTERNATIONAL INC. and HONEYWELL INTELLECTUAL PROPERTIES INC., | ) ) ) ) | |
| Defendants. | ) ) | |

**HONEYWELL'S OPENING BRIEF IN SUPPORT OF
ITS MOTION FOR CONSOLIDATION AND STAY
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 42**

MORRIS, NICHOLS, ARSHT & TUNNELL
Thomas C. Grimm (#1098)
Leslie A. Polizoti (#4299)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
*Attorneys for Honeywell International Inc.
and Honeywell Intellectual Properties Inc.*

OF COUNSEL:

Martin R. Lueck
Matthew L. Woods
Stacie E. Oberts
Denise S. Rahne
ROBINS, KAPLAN, MILLER
  & CIRESI L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN  55402-2015
(612) 349-8500

Anthony A. Froio
Marc N. Henschke
ROBINS, KAPLAN, MILLER
  & CIRESI L.L.P.
111 Huntington Avenue, Suite 1300
Boston, MA 02199
617-267-2300

March 10, 2005
455069

i.

## TABLE OF CONTENTS

Page

TABLE OF CITATIONS ................................................................ ii

NATURE AND STAGE OF THE PROCEEDING ............................ 1

SUMMARY OF THE ARGUMENT .............................................. 2

STATEMENT OF FACTS ............................................................. 3

      I.     THE MAIN INFRINGEMENT ACTION. ........................ 3

      II.    OPTREX'S RESPONSIVE DECLARATORY JUDG-
            MENT ACTION. .................................................... 4

ARGUMENT ............................................................................... 5

      I.     CONSOLIDATION WILL SERVE JUDICIAL
            ECONOMY AND EFFICIENCY WITHOUT
            PREJUDICING PARTIES IN THE EARLIER CASE. ...... 5

      II.    AS THE FIRST FILED ACTION, HONEYWELL'S
            MAIN INFRINGEMENT ACTION SHOULD HAVE
            PRIORITY. ........................................................... 6

CONCLUSION ............................................................................ 12

ii.

TABLE OF CITATIONS

Page(s)

Cases

*Air Prods. & Chems., Inc. v. MG Nitrogen Servs.,*
133 F. Supp. 2d 354 (D. Del. 2001)     2, 7

*Bechtel Corp. v. Laborers' Int'l Union,*
544 F.2d 1207 (3d Cir. 1976)     2, 5

*Beights v. W.R. Grace & Co., Inc.,*
67 F.R.D. 81 (W.D. Okla.)     11

*Codex Corp. v. Milgo Elec. Corp.,*
353 F.2d 735 (4th Cir. 1977)     9

*Dentsply Int'l, Inc. v. Kerr Mfg. Co.,*
734 F. Supp. 656 (D. Del. 1990)     passim

*Idzojtic v. Pennsylvania R.R. Co.,*
456 F.2d 1228 (3rd Cir. 1972)     10

*Joseph v. Shell Oil Co.,*
498 A.2d 1117 (Del. Ch. 1985     9

*Kahn v. General Motors Corp.,*
889 F.2d 1078 (Fed. Cir. 1989)     2, 7

*Landis v. North American Co.,*
299 U.S. 248 (1936)     2, 5

*Mattel, Inc. v. Louis Marx & Co.,*
353 F.2d 421 (2d Cir. 1965)     8

*Rohm & Haas Co., v. Mobil Oil Corp.,*
525 F. Supp. 1298 (D. Del. 1981)     6, 10

*United States of America v. Dentsply Int'l, Inc.,*
190 F.R.D. 140 (D. Del. 1999)     6

*Waste Distillation Tech., Inc. v. Pan Am. Resources, Inc.,*
775 F. Supp. 759 (D. Del. 1991)     6

*William Gluckin & Co. v. International Playtex Corp.,*
407 F.2d 177 (2d Cir. 1969)     2, 3, 7

iii.

## TABLE OF CITATIONS (continued)

Page(s)

Statutes and Other Authorities

Fed. R. Civ. P. 42                                                                    2, 5, 6, 10

NATURE AND STAGE OF THE PROCEEDING

On October 6, 2004, Honeywell filed Civil Action No. 04-1338-KAJ, asserting a single cause of action for patent infringement against twenty-seven alleged infringers for the manufacture and/or sale of their products (D.I. 1). Honeywell alleged that each defendant has infringed the '371 patent relating to a "Directional Diffuser For A Liquid Crystal Display (an 'LCD')."[1] Kyocera Wireless Corp. ("Kyocera") is one of the accused infringers.

Several months later, on December 20, 2004, Optrex America, Inc. ("Optrex") brought a declaratory judgment action, Civil Action No. 04-1536-KAJ, against Honeywell, asserting that Optrex's LCD products do not infringe Honeywell's '371 patent and/or that the '371 patent is invalid. As Optrex explains in its Complaint, Optrex's declaratory judgment action arises directly out of Honeywell's patent infringement allegations against Kyocera in Civil Action No. 04-1338 (C.A. No. 04-1536, D.I. 1). Kyocera buys LCD modules from Optrex (and others) and then independently incorporates those modules into the accused products. (*See* C.A. No. 04-1338, D.I. 80, generally and at ¶ 45). One month later, on January 20, 2005, Kyocera brought a third party action in the main infringement case. The third party action is against Optrex and two other LCD module suppliers and seeks indemnification for "all or

---

[1]    In a separate but related action, Civil Action No. 04-1337-KAJ, Honeywell sued another set of entities who manufacture and/or sell products for infringement of the '371 patent (C.A. No. 04-1337, D.I. 1). Honeywell does not oppose consolidation of these two related actions. The two cases, involving the same patent, same plaintiffs, and same non-Delaware counsel, obviously overlap. The only reason they were filed as separate complaints by separate Delaware firms was because of conflict issues with Delaware counsel.

a portion of Honeywell's claims concerning the '371 patent" and Kyocera's expenses incurred in defending the claims.

Honeywell now moves for consolidation of Civil Action No. 04-1338 and Civil Action No. 04-1536, and an accompanying post-discovery stay of the later-filed Civil Action No. 04-1536. Consolidation would allow the Court unified control over litigation that involves the same patented technology. In addition, it would provide for unified discovery devoid of duplication, thus saving those affected parties and non-party witnesses' time and resources. At the same time, in recognition of the fact that the main infringement action, Civil Action No. 04-1338, is directed at a particular level of the distribution chain (end product manufacturers/distributors), an accompanying post-discovery stay of Civil Action No. 04-1536 would protect Honeywell's interest as the first-to-file litigant regarding the '371 patent.

<u>SUMMARY OF THE ARGUMENT</u>

1. A district court has broad discretion to control the disposition of cases on its docket, including consolidation of related or overlapping litigation. *See* Fed. R. Civ. P. 42; *Dentsply Int'l, Inc. v. Kerr Mfg. Co.*, 734 F. Supp. 656, 658 (D. Del. 1990); *Bechtel Corp. v. Laborers' Int'l Union*, 544 F.2d 1207, 1215 (3d Cir. 1976) (*citing Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936)).

2. Any consolidation in the present litigation must take into consideration Honeywell's rights as a first-filing plaintiff. *Air Prods. & Chems., Inc. v. MG Nitrogen Servs.,* 133 F. Supp. 2d 354, 356 (D. Del. 2001) (*citing Kahn v. General Motors Corp.*, 889 F.2d 1078, 1081 (Fed. Cir. 1989); *William Gluckin & Co. v. International Playtex Corp.*, 407 F.2d 177, 178 (2d Cir. 1969). The Federal Circuit has recognized that, absent

extraordinary circumstances, the first suit in complex litigation should have priority over later-filed litigation. *Id*. The accused infringers in Civil Action No. 04-1338 are independent manufacturers of accused products or subsidiary distributors of a manufacturer co-defendant; these entities are responsible for their infringement in their own right. *Dentsply*, 734 F. Supp. at 659. Furthermore, Honeywell has a special interest in proceeding against the specific accused infringers in the present litigation because the products manufactured by the defendants in the main infringement action take particular advantage of the benefits derived from the '371 invention. *Id*. at 660.

3.  In light of the particular circumstances of the present litigation, consolidation with an accompanying post-discovery stay of the later-filed Civil Action No. 04-1536 would serve judicial economy and efficiency without prejudicing the parties in the earlier-filed case, most of whom are unaffected by Civil Action No. 04-1536, and without causing undue confusion and complication for those same parties and the Court.

## STATEMENT OF FACTS

I.  <u>THE MAIN INFRINGEMENT ACTION.</u>

Honeywell filed Civil Action No. 04-1338 against manufacturers of products accused of employing the '371 patent and the subsidiary distributors of those manufacturers. (C.A. No. 04-1338, D.I. 1 at ¶¶ 4-30). Honeywell's '371 patent resulted from its efforts to develop an improved LCD display. (*Id*. at ¶ 34). Specifically, the '371 invention represents "technology that enables a display to produce a brighter image (making the screen easier to see) without requiring additional power while helping to reduce the appearance of an undesirable interference pattern called the 'Moire effect' on the screen." (*Id*. at ¶ 35). The accused products in this case, which include laptop

computers, cellular phones, PDAs, digital still cameras, video cameras, portable DVD players, portable televisions, and portable game systems, incorporate such an LCD display, thereby taking advantage of the benefits that the '371 offers.  (*Id*. at 37-52).

Each accused infringer in the 04-1338 case manufactures and/or distributes an accused product.  (*Id*.)  In particular, defendant Kyocera answered the complaint on January 5, 2005, admitting that it "imports, assembles, offers for sale and sells" the accused products.  (*See* C.A. No. 04-1338, D.I. 80, generally and at ¶ 45).  The accused products all incorporate an LCD display.  In some instances, however, it appears that the defendants do not themselves manufacture the LCD display, but rather purchase them from a third party and then incorporate them into the end product.

> II.    OPTREX'S RESPONSIVE DECLARATORY JUDG-
>        MENT ACTION.

Optrex brought Civil Action No. 04-1536 case in response to Honeywell's assertions against Kyocera in Civil Action No. 04-1338.  (C.A. No. 04-1536, D.I. 1 at ¶ 4).  Honeywell has accused Kyocera, along with the other accused infringers, of manufacturing products accused of employing the '371 patent.  (C.A. No. 04-1338, D.I. 1 at ¶¶ 45, 53-54).  Optrex is one of the companies that sells LCD modules to Kyocera. (C.A. No. 04-1536, D.I. 1 at ¶ 10).  As a basis for its suit, Optrex points to its belief that Kyocera has used Optrex LCD modules "in at least some of the [Kyocera] products accused of infringement" by Honeywell.  (*Id*.)  Kyocera has sought indemnification from Optrex related to the sale of these modules.  (*Id*. at ¶ 11).

<u>ARGUMENT</u>

The Court should consolidate the later-filed Civil Action No. 04-1536 with the earlier-filed Civil Action No. 04-1338 for purposes of discovery.[2]  This Court has broad discretion to control the disposition of the cases on its docket, including whether to consolidate, sever, or stay proceedings.  *See* Fed. R. Civ. P. 42; *Dentsply Int'l, Inc. v. Kerr Mfg. Co.*, 734 F. Supp. 656, 658 (D. Del. 1990); *Bechtel Corp. v. Laborers' Int'l Union*, 544 F.2d 1207, 1215 (3rd Cir. 1976) (*citing Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936)).  In exercising this discretion, this Court must weigh the competing interests of the parties and attempt to maintain an even balance.  *Dentsply*, 734 F. Supp. at 658.

At the same time, the circumstances of the present litigation also warrant that Civil Action No. 04-1536 be stayed following consolidated discovery.  While there are efficiencies and economies to be gained through consolidation of the actions for purposes of discovery, failure to subsequently stay the later-filed Civil Action No. 04-1536 will prejudice Honeywell's rights as a litigant and serve to complicate, confuse, and make inefficient what is a focused (albeit large) patent infringement action.

I.      CONSOLIDATION WILL SERVE JUDICIAL ECONOMY AND EFFICIENCY WITHOUT PREJUDICING PARTIES IN THE EARLIER CASE.

Fed. R. Civ. P. 42(a) provides that when actions involving a common question of law or fact are pending before the court, the court may make such orders

---

[2]      Should the Court find it appropriate, Honeywell acknowledges efficiencies that also may be gained by consolidation for other pretrial purposes and is amenable to such an outcome.

concerning proceedings "as may tend to avoid unnecessary costs or delay." In applying Rule 42(a), the question is whether consolidation would facilitate the administration of justice. *See Waste Distillation Tech., Inc. v. Pan Am. Resources, Inc.,* 775 F. Supp. 759, 761 (D. Del. 1991). Courts must balance the savings of time and effort gained through consolidation against the inconvenience, delay or expense that it might cause. *Rohm & Haas Co., v. Mobil Oil Corp.,* 525 F. Supp. 1298, 1309 (D. Del. 1981).

Consolidation of Civil Action No. 04-1536 with the main case for discovery represents an efficient and economical course of action. To the extent that Optrex does manufacture the LCD displays incorporated into Kyocera's products, consolidated discovery will conserve resources of the parties by avoiding unnecessary duplication of discovery efforts, including document production, witness depositions, etc. Moreover, it will avoid the need for Honeywell and Kyocera to resort to third party discovery in the main infringement action. *See e.g. United States of America v. Dentsply Int'l, Inc.,* 190 F.R.D. 140, 143-44 (D. Del. 1999) (consolidating government and private anti-trust cases for limited purposes of discovery where discovery efficiencies could be accomplished but where public policy reasons cautioned against more extensive consolidation).

II.     AS THE FIRST FILED ACTION, HONEYWELL'S MAIN INFRINGEMENT ACTION SHOULD HAVE PRIORITY.

While consolidation of the two cases is appropriate, any consolidation must take into consideration Honeywell's right to pursue its earlier-filed action without undue delay, interference or subordination to another action. Having filed a patent infringement suit against the manufacturers of products that infringe the '371 patent,

Honeywell has a well-established right to have its action disposed of in the most efficient and economical manner possible. The Federal Circuit has recognized that, as a principle of sound judicial administration, the first suit should have priority, absent special circumstances. *Air Prods. & Chems., Inc. v. MG Nitrogen Servs.,* 133 F. Supp. 2d 354, 356 (D. Del. 2001) (*citing Kahn v. General Motors Corp.*, 889 F.2d 1078, 1081 (Fed. Cir. 1989); *William Gluckin & Co. v. International Playtex Corp.*, 407 F.2d 177, 178 (2d Cir. 1969)). Even where the earlier-filed case is filed against the customer of a party to later-filed litigation, absent limited circumstances, the disposition of the earlier case should not be delayed by later-filed litigation. *Dentsply*, 734 F. Supp. at 659.

This Court's decision in *Dentsply* provides an instructive model as to the way in which the current cases might properly be managed. In that case, plaintiff Dentsply International, Inc. ("Dentsply") sued the licensee and customer of Centrix, Inc. ("Centrix"). *Id.* at 658. Centrix then sued Dentsply, asserting the very same affirmative causes of action as were stated in its customer's counterclaims. *Id.* The Court in *Dentsply* ordered consolidation for "discovery purposes only." *Id.* When Centrix, relying on a line of decisions regarding "customer suits," pushed to have its case tried ahead of Dentsply's, this Court upheld Dentsply's right to have its case tried without delay or interference by the later-filed suit. *Id.* at 659. Noting that Dentsply's special interest in the defendant it selected put it outside of any "customer suit" doctrine, this Court denied manufacturer Centrix's motion for a stay and allowed original plaintiff Dentsply's infringement suit to proceed unimpeded. *Id.* at 660.

Honeywell's action is subject to the general rule regarding the disposition of first-filed actions and the Delaware precedent as set forth in *Dentsply*. Honeywell

8.

filed the present lawsuit against manufacturers and distributors of products that employ the '371 patent well before any effort on the part of module suppliers to participate in the present action.  In particular, Honeywell filed its action nearly three months before Optrex filed its declaratory judgment action and nearly four months before Kyocera brought its third party suit against Optrex and its other LCD module suppliers.  As a consequence, Honeywell's case represents a legitimate "first- filed" infringement action entitling it to proceed unencumbered by later-filed actions.

Any argument that Kyocera is a "customer" of Optrex does not mandate a different conclusion.  In *Dentsply*, this Court made two important observations regarding the customer suit exception.  First, citing the lead case on this issue, this Court noted that the exception is meant to address circumstances where the first suit is against one who is *solely* a customer.  *Id*. at 659 (*citing Mattel, Inc. v. Louis Marx & Co*., 353 F.2d 421 (2d Cir. 1965) (emphasis added)).  Here, the accused infringers are in no way merely customers – they are actual manufacturers and sellers of the products alleged to infringe the '371 patent.  Kyocera, in fact, admitted in its answer that it "imports, assembles, offers for sale and sells" the accused products.  (C.A. No. 04-1338, D.I. 80 at ¶ 45). Consequently, any status Kyocera and other accused infringers may have as customers of third-party participants in this litigation does nothing to change Honeywell's rights as a first-filing plaintiff.

In addition, this Court noted that a plaintiff may well have a "special interest" in pursuing even an accused infringer that is found to be a "customer."  *Id*. at 659-60.  Specifically, the Court noted that the customer suit exception does not apply in situations where the prospects of recovery of damages or other reasons create a special

interest in proceeding against a customer. *Id.* (*citing Codex Corp. v. Milgo Elec. Corp.,* 353 F.2d 735, 736 n.6 (4th Cir. 1977). Here, Honeywell has a "special interest" in proceeding against Kyocera and the other end product manufacturers because the products they manufacture and sell take particular advantage of the improvements claimed in the '371 patent. Specifically, the '371 patent recognizes that the improved LCD display is particularly suited for applications where it is desirable to save power while concentrating more light into a particular viewing angle. (*See*, e.g., C.A. No. 04-1338, D.I. 1 at Ex. A, '371 patent, 11: 33-39). Such statements link the value of the invention to particular applications in which the LCD display may be used – in this case, the cell phones, laptops, PDAs, etc. manufactured by the accused infringers. For its part, Kyocera has admitted that it manufactures such products. (C.A. No. 04-1338, D.I. 80 at ¶ 45). Because certain types of end products derive special value from use of the '371 invention, Honeywell may be denied full value for its technology if it is forced to proceed against LCD module manufacturers like Optrex without regard to how these modules are actually being used.

Consequently, although consolidation is appropriate in these circumstances, it should be limited to discovery. Except for the overlap in discovery arising from the fact that the two cases involve the same patents, prioritizing Civil Action No. 04-1536 for purposes of trial would disrupt Honeywell's legitimate interest in pursuing the targets of its choice. Moreover, it would introduce a host of additional and complicating issues. Some of these new issues are factual, including the range of complexities necessarily introduced by bringing a differently situated party into the lawsuit. *See e.g., Joseph v. Shell Oil Co.,* 498 A.2d 1117, 1124 (Del. Ch. 1985) (denying

consolidation in part based on complication where additional party's strategy represented "a different approach to litigation" than that displayed by the parties in the main action). Other potential complexities are legal, including the intricacies of any indemnification agreement between Optrex and Kyocera. Issues such as these are completely irrelevant to Honeywell and all of the more than thirty accused infringers (except Kyocera). Because introduction of additional issues and the complexities presented by a different and differently motivated party will confuse the case, Civil Action No. 04-1536 should be stayed for post-discovery purposes.

Fed. R. Civ. P. 42(b) permits separation of issues based on considerations of confusion, delay, prejudice or additional expense resulting from the grant or denial of the motion. Fed. R. Civ. P. 42(b); *Dentsply*, 734 F. Supp. at 660; *Idzojtic v. Pennsylvania R.R. Co.,* 456 F.2d 1228, 1230 (3rd Cir. 1972). Here, in Civil Action No. 04-1338 Honeywell has sued a set of accused infringers, none of whom is a party to Civil Action No. 04-1536. Civil Action No. 04-1338 is focused against a group of end product manufacturers and distributors that derive particular benefits from this infringement of the '371 patent.[3] That reality could be lost in the confusion of including entities like Optrex at trial.

---

[3]     While some courts have seen fit to order more extensive consolidation of cases, *see e.g., Rohm & Haas Co*., 525 F. Supp. at 1310 (consolidating set of cases between same parties for purposes of trial), the considerations of the present case argue against more extensive consolidation and for a subsequent post-discovery stay of Civil Action No. 04-1536. In fact, more extensive consolidation would unnecessarily confuse the case and work against the efficiencies that consolidation is meant to achieve – particularly because the later-filed Civil Action No. 04-1536 is dependant upon the first-filed 04-1338 action.

In addition, allowing Civil Action No. 04-1536 to proceed on the same track as Honeywell's main infringement action will produce delay and prejudice not only for Honeywell, but for the accused infringers in the originally-filed suit.  As discussed *supra*, Honeywell's right to have its case as filed proceed without unjustified delay cautions against denial of a stay.  Issues specific to Optrex and Kyocera present tangential controversies unrelated to the issues between Honeywell and the vast majority, if not all, of the accused infringers.  This would likely result in delay while the Court resolved these tangential issues.

Perhaps most importantly, Optrex will not be prejudiced by a post-discovery stay of its later-file action, because that case is dependant upon the resolution of the earlier-filed Civil Action No. 04-1338.  It is the essence of third party practice that the third party action is dependant upon the outcome of the main case.  *See Beights v. W.R. Grace & Co., Inc*., 67 F.R.D. 81, 86 (W.D. Okla.).  Here, Optrex's interest in Civil Action No. 04-1536 is conditioned upon and motivated by Kyocera's liability to Honeywell for infringement.  Allowing Optrex to participate in discovery in Civil Action No. 04-1338 will preserve and protect Optrex's rights to pursue any interest it has in litigation related to the '371 patent and allow it to take advantage of the efficiencies and economies of consolidated discovery.  Should Kyocera not be found liable to Honeywell, however, Optrex's need to indemnify Kyocera and its interest in the present action will dissolve, saving Optrex the cost of pursuing unnecessary litigation.  Should Kyocera be found liable to Honeywell, Optrex will have secured an opportunity to litigate its position and recover from Honeywell any losses it may incur.

CONCLUSION

For all these reasons, the course of action proposed by Honeywell's motion will best serve justice and efficiency, allowing Optrex to preserve its rights to litigation in the most efficient manner possible while also protecting the interests of Honeywell and the alleged infringers in Civil Action No. 04-1338 with similar efficiency and economy. Accordingly, Honeywell respectfully requests that this Court grant both consolidation of Civil Action No. 04-1536 with Civil Action No. 04-1338 and a subsequent stay of Civil Action No. 04-1536 for post-discovery purposes.

MORRIS, NICHOLS, ARSHT & TUNNELL

_____*/s/ Thomas C. Grimm*_____
Thomas C. Grimm (#1098)
Leslie A. Polizoti (#4299)
OF COUNSEL:                           1201 N. Market Street
                                      P.O. Box 1347
Martin R. Lueck                       Wilmington, DE  19899-1347
Matthew L. Woods                      (302) 658-9200
Stacie E. Oberts                          *Attorneys for Honeywell International Inc.*
Denise S. Rahne                           *and Honeywell Intellectual Properties Inc.*
ROBINS, KAPLAN, MILLER
   & CIRESI L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN  55402-2015
(612) 349-8500

Anthony A. Froio
Marc N. Henschke
ROBINS, KAPLAN, MILLER
   & CIRESI L.L.P.
111 Huntington Avenue, Suite 1300
Boston, MA 02199
617-267-2300

March 10, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2005, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will send notification of such filing to the following:

| | |
|---|---|
| Frederick L. Cottrell, III | cottrell@rlf.com |
| William J. Wade | wade@rlf.com |
| Thomas L. Halkowski | halkowski@fr.com |
| John W. Shaw | jshaw@ycst.com |
| Richard L. Horwitz | rhorwitz@potteranderson.com |
| Adam Wyatt Poff | apoff@ycst.com |
| Philip A. Rovner | provner@potteranderson.com |
| Francis DiGiovanni | fd@cblh.com |
| Arthur G. Connolly, III | ac3@cblhlaw.com |
| Amy Evans | aevans@crosslaw.com |
| Donald W. Huntley | huntley@monopolize.com |
| Andre G. Bouchard | abouchard@bmf-law.com |

and Thomas C. Grimm (tgrimm@mnat.com).

I also certify that on March 10, 2005, I caused to be served true and correct copies of the foregoing document on the following in the manner indicated below:

### BY HAND

Frederick L. Cottrell, III
RICHARDS LAYTON
  & FINGER
One Rodney Square
P.O. Box 551
Wilmington, DE 19899-0551
*Attorneys for Eastman Kodak Company*

William J. Wade
RICHARDS LAYTON & FINGER
One Rodney Square
P.O. Box 551
Wilmington, DE 19899-0551
*Attorneys for Matsushita Electrical Industrial Co. and Matsushita Electrical Corporation of America*

Thomas L. Halkowski
FISH & RICHARDSON P.C.
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE  19899-1114
*Attorneys for Apple Computer, Inc., Casio Computer Co., Ltd., and Casio, Inc.*

John W. Shaw
YOUNG CONAWAY STARGATT
   & TAYLOR LLP
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899-0391
*Attorneys for Olympus Corporation, Olympus America, Inc., Sony Corporation and Sony Corporation of America*

Richard L. Horwitz
David E. Moore
POTTER ANDERSON
   & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE  19899
*Attorneys for Concord Cameras, Dell Inc., Fujitsu Limited, Fujitsu America, Inc. and Fujitsu Computer Products of America, Inc., Toshiba Corporation, and Toshiba America, Inc.*

Adam Wyatt Poff
YOUNG CONAWAY STARGATT
   & TAYLOR LLP
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899-0391
*Attorneys for Pentax Corporation and Pentax U.S.A., Inc.*

Philip A. Rovner
POTTER ANDERSON
   & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE  19899
*Attorneys for Fuji Photo Film Co.. Ltd. and Fuji Photo Film U.S.A., Inc.*

Francis DiGiovanni
James M. Olsen
CONNOLLY, BOVE, LODGE
   & HUTZ
The Nemours Building, 8th Floor
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE  19899
*Attorneys for Sony Ericcson Mobile Communications AB and Sony Ericcson Mobile Communications (USA) Inc.*

Arthur G. Connolly, III
CONNOLLY, BOVE, LODGE
   & HUTZ
The Nemours Building, 8th Floor
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE  19899

Amy Evans
CROSS & SIMON
913 N. Market Street, Suite 1001
P.O. Box 1380
Wilmington, DE  19899-1380
*Attorneys for Argus a/k/a Hartford Computer Group, Inc.*

*Attorneys for Navman NZ Limited
and Navman U.S.A. Inc.*

| | |
|---|---|
| Donald W. Huntley | Andre G. Bouchard, Esquire |
| HUNTLEY & ASSOCIATES, LLC. | Karen L. Pascale, Esquire |
| 1105 North Market Street, Suite 800 | BOUCHARD MARGULES |
| P.O. Box 948 | & FRIEDLANDER, P.A. |
| Wilmington, DE  19899-0948 | 222 Delaware Avenue, Suite 1400 |
| *Attorneys for Kyocera Wireless Corp.* | Wilmington, DE  19801 |
| | *Attorneys for Third-Party Defendant Optrex America, Inc.* |

_/s/ Thomas C. Grimm_
Thomas C. Grimm (#1098)

455069