# Morris, Nichols, Arsht & Tunnell

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Thomas C. Grimm
302 575 7273
302 425 4661 Fax
tgrimm@mnat.com

May 11, 2005

**BY ELECTRONIC FILING**

The Honorable Kent A. Jordan
United States District Court
844 North King Street
Wilmington, DE 19801

      Re:    <u>Optrex v. Honeywell</u>, C.A. No. 04-1536-KAJ

Dear Judge Jordan:

      This letter responds to Optrex America, Inc.'s ("Optrex") letter to the Court dated May 10, 2005 (D.I. 23).

      Optrex's letter attempts to supplement its recent motion practice. In particular, Optrex's letter suggests that defendants' assertion of laches renders this case sufficiently complex to justify granting Optrex an early claim construction and trial on validity and infringement. Honeywell respectfully submits that this suggestion is false and notes that this is the first time that any defendant, including Optrex, has argued that laches makes this case unworkable. In Optrex's opposition to Honeywell's motion to stay the trial of Optrex's claims, for example, Optrex never once raised laches as an issue (D.I. 19). Given this history, it is difficult to believe that this issue is as compelling as Optrex asserts.

      As to Optrex's request for an early claim construction and trial on validity and infringement, Honeywell respectfully disagrees. First, Honeywell filed its case several months before Optrex and has a right to pursue its earlier-filed action without undue delay, interference, or subordination to another action (D.I. 15 at 6-11). Second, Optrex's proposal would lead to multiple claim constructions and multiple trials. This is judicially inefficient and would prejudice Honeywell by jeopardizing Honeywell's right to full recovery (D.I. 20 at 11-13).

      Finally, Optrex's repeated suggestions that an early trial would lead to a finding of invalidity or unenforceability are premature and without support. Optrex has presented absolutely no reason for concluding that it can satisfy the clear and convincing evidentiary

The Honorable Kent A. Jordan
May 11, 2005
Page 2

burden that it faces on invalidity and unenforceability. Optrex's conclusory statements to the contrary are a transparent attempt to buttress the idea that this case can be "streamlined" by an early trial; these statements should be rejected.

Honeywell looks forward to discussing these scheduling issues at Monday's hearing.

Respectfully,

/s/ Thomas C. Grimm (#1098)

464878

cc:   Dr. Peter T. Dalleo, Clerk of the Court (by hand)
      Karen L. Pascale, Esq. (by electronic filing and by electronic mail)
      Richard D. Kelly, Esq. (by electronic mail)
      Steven Balick, Esq. (by electronic mail)
      Matthew L. Woods, Esq. (by electronic mail)
      Martin R. Lueck, Esq. (by electronic mail)