# EXHIBIT A

Case 1:04-cv-01536-JJF    Document 29-2    Filed 06/01/2005    Page 1 of 5

# ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
TEL: 612-349-8500 FAX: 612-339-4181
www.rkmc.com

ATTORNEYS AT LAW

MATTHEW L. WOODS
(612) 349-8272

May 18, 2005

<u>**Via E-Mail**</u>

ALL COUNSEL OF RECORD
PER THE ATTACHED LIST

    Re:    Honeywell International Inc., et al. v. Audiovox Communications Corp., et al.
            Court File No. C.A. 04-1337-KAJ
          Honeywell International Inc., et al. v. Apple Computer, Inc., et al.
            Court File No. C.A. No. 04-1338-KAJ
          Optrex America, Inc. v. Honeywell International Inc., et al.
            Civil Action No. 04-1536 (KAJ)
          Our File No. 019896.0229

Dear Counsel:

      As you know, in less than 30 days, the parties must report back to Judge Jordan on a plan for implementing some form of stay with regard to the end-product manufacturers. We heard Judge Jordan to be expecting the parties to find an effective way to substitute the LCD module suppliers for the end-product manufacturers, and to do so in a time frame which gets the case trial ready in less than 24 months.

      We have a number of thoughts regarding these directives, but need the following information to formulate a proper plan. Given Judge Jordan's clear direction on the trial date, all parties would be ill-served if the remaining LCD module suppliers are not promptly brought into this case. To this end, we need to have your answers to the following issues:

1.    Certain Named Defendants have identified their LCD module suppliers; most have not. For those who have provided this information, please confirm that it accurately reflects not only the current situation, but also the situation over the past six (6) years. For those who have not provided this information, please do so to the same extent. This information was requested in Interrogatories Nos. 1-3 that were served upon each defendant in April.

2.    We also need a list of model numbers for the modules used in the accused products. This information was also requested in the recent discovery. Based upon the affidavits that were filed in the recent motion practice, some defendants have already conducted a survey of their activities and compiled this information (*e.g.*, Declaration of Yoshimitsu Enomoto on behalf of Olympus Corporation, ¶ 6). We presume that even those defendants who chose not to identify their suppliers must have already conducted similar

ALL COUNSEL OF RECORD
May 18, 2005
Page 2

      compilations, given the tenor of the motion practice. Please provide such information as soon as possible so we can give it due consideration in our discussions leading up to June 15th.

3.     The stay does not apply to those entities which are "hybrids" (i.e., they manufacture both LCDs and end-products), to the extent of their LCD supplying activities. A number of the movants have pointed to Casio, Sony, Toshiba, Sanyo, Fuji, and Matsushita as such hybrids. Please let us know whether you agree with this list. We also ask Sony to clarify whether it is responsible for the activities of ST-LCD, and Toshiba to clarify whether it is responsible for the activities of TMD Display.

4.     A number of the movants have referenced the existence of certain indemnification agreements between themselves and their suppliers, agreements which could serve as a basis for asserting jurisdiction over the suppliers. Please identify all such indemnification agreements and describe what steps the Named Defendants will undertake to implead their module suppliers. Given the Court's comments, we will stipulate to the filing and service of such third-party complaints, and will seek the Court's expeditious granting of all such motions. Alternatively, LCD module suppliers could simply intervene, as did Seiko Epson. To the extent an LCD module supplier is willing to intervene, we submit that there is no reason to delay such intervention; their presence prior to the deadline will serve to narrow the issues for June 15th. Please identify those of your suppliers that will join Optrex and Seiko Epson in this suit.

      Ultimately, we are concerned that, despite the motion practice, only two LCD module suppliers have voluntarily appeared in this case (Optrex and Seiko Epson). If the remaining LCD module suppliers are not brought into the case, Honeywell faces palpable and immediate prejudice that will render any stay unworkable.

5.     Judge Jordan's Order references separate trials between the LCD manufacturers and the non-manufacturers. In this regard, we expect that the Named Defendants are willing to accept and be bound by any judgment against the LCD module suppliers with respect to infringement, validity and unenforceability. Please confirm this point, as it has a material impact on the scope and structure of any stay.

6.     Finally, we disagree with certain statements made by certain parties which suggested that Honeywell has not identified the bases for its infringement claim. As you know, beginning last year, Honeywell has always informed any inquiring party as to the bases for its infringement charge. At our meet and confer on April 27th in New York, I reiterated Honeywell's offer to do so and a number of parties have availed themselves of that opportunity. I will once again confirm Honeywell's willingness to identify the bases of its infringement to any party who has not so previously requested. In the meantime, once the Named Defendants provide the information discussed in paragraphs 1 and 2 above, Honeywell will "translate" this information so it is meaningful to the LCD module suppliers. The Court recognized Honeywell's right to use discovery to gather

ALL COUNSEL OF RECORD
May 18, 2005
Page 3

information regarding the full scope of infringement, and Honeywell's first round of discovery was tailored for that specific purpose. We will work with the LCD suppliers to provide a comprehensive list of accused products once information is provided regarding the identity and configuration of their LCD modules.

In order to meet the June 15th deadline, I would ask that each of the Named Defendants provide me with its thoughts on these questions by Wednesday, May 25, 2005. Honeywell can then provide a formal proposal to all parties by the following Wednesday, June 1, 2005. The Named Defendants can respond the following Wednesday, June 8th and we can set a teleconference for June 10th to discuss the proposals. This schedule should provide sufficient time for the parties to finalize a document in time for the June 15th deadline.

I look forward to hearing from you.

Very truly yours,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

Matthew L. Woods

MLW/ms

c:   Martin R. Lueck, Esq.
     Thomas G. Grimm, Esq. (via e-mail)
     Steven J. Balick, Esq. (via e-mail)

**From:** Mary Ann Schumacher
**To:** Apple, Optrex Counsel; Audiovox Counsel
**Date:** 5/18/2005 5:16:04 PM
**Subject:** Honeywell v. Apple Computer, et al., Audiovox Corporation, et al. and Optrex v. Honeywell, et al.

Dear Counsel:

Attached is correspondence from Matthew L. Woods regarding the above matters.


Mary Ann Schumacher
Legal Administrative Assistant
to Matthew L. Woods and
Sonya C. Seidl

612-349-8552
fax: 612-339-4181
e-mail: maschumacher@rkmc.com


**CC:** Lueck, Martin R.; sbalick@ashby-geddes.com; tgrimm@mnat.com; Woods, Matthew L.