

# Potter Anderson & Corroon LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

Richard L. Horwitz
Partner
Attorney at Law
rhorwitz@potteranderson.com
302 984-6027 Direct Phone
302 658-1192 Fax

June 6, 2005

**VIA ELECTRONIC MAIL
AND HAND DELIVERY**

The Honorable Kent A. Jordan
United States District Court for the District of Delaware
844 King Street
Wilmington, Delaware 19801

   Re: **Honeywell International Inc., et al. v. Audiovox Communications Corp., et al.**
      C.A. No. 04-1337-KAJ
      **Honeywell International Inc., et al. v. Apple Computer, Inc., et al..**
      C.A. 04-1338-KAJ
      **Optrex America, Inc. v. Honeywell International Inc., et al.**
      C.A. No. 04-1536-KAJ

Dear Judge Jordan:

   I am writing on behalf of defendants in response to Mr. Grimm's June 1, 2005 letter. We were surprised to receive it, since Honeywell's own proposal for a schedule to meet and confer in advance of Your Honor's June 17 deadline contemplated a response from us on May 25 (which we did), a response from them on June 1 (which they did not, instead writing to the Court), and further communications leading to a teleconference among the parties on June 10. See Exhibits A and B to Honeywell June 1 letter to the Court. We believe Honeywell's letter is premature, raises certain issues not raised with the Court in papers or in Court, and appears to be an attempt to reargue certain positions, rather than work with the Court's directives from the hearing transcript and the Court's subsequent order.

   Rather than respond to all of the statements in Honeywell's letter, suffice it to say that we disagree with many of them, and we remain willing and available to meet with Honeywell's counsel on June 10, as Honeywell originally proposed, and thereafter to present a proposal to the Court on June 17, as requested by the Court. An example of the premature (and inaccurate) nature of Honeywell's letter is its misrepresentation of defendants' position with respect to the so-called "hybrid" defendants. Defendants did not state that the case against the hybrid defendants is now stayed – we stated in my May 25 letter that the discovery already served by Honeywell was stayed as to all defendants, and that until Honeywell identifies the products at issue, a defendant will not know which products it sells, if any, are part of the case.

The Honorable Kent A. Jordan
June 6, 2005
Page 2

A defendant must know which products are accused by Honeywell of infringement before that defendant can attempt to identify the source of the LCD modules within those products. That is defendants' position, which we thought was clear and would have been explained to Honeywell if Honeywell's counsel had asked, rather than prematurely writing to the Court.

      We plan to provide our proposal(s) to the Court by the June 17th deadline, as specified in the Court's Order, after further attempts at discussions with Honeywell, unless Your Honor directs us to respond to the Court in another fashion at an earlier time.

      Respectfully,

      Richard L. Horwitz

RLH/685051

cc:    Clerk of the Court (via ECF and hand delivery)
       All Local Counsel of Record (via ECF and hand delivery)