IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HONEYWELL INTERNATIONAL INC., and HONEYWELL INTELLECTUAL PROPERTIES INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 04-1337-KAJ |
| v. | ) ) | |
| AUDIOVOX COMMUNICATIONS CORP., AUDIOVOX ELECTRONICS CORPORATIONS, NIKON CORPORATION, NIKON, INC., NOKIA CORPORATION; NOKIA INC., SANYO ELECTRIC CO., LTD., and SANYO NORTH AMERICA CORPORATION, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |
| HONEYWELL INTERNATIONAL INC., and HONEYWELL INTELLECTUAL PROPERTIES INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 04-1338-KAJ |
| v. | ) ) | |
| APPLE COMPUTER, INC.; ARGUS A/K/A HARTFORD COMPUTER GROUP, INC.; CASIO COMPUTER CO., LTD.; CASIO, INC.; CONCORD CAMERAS; DELL INC.; EASTMAN KODAK COMPANY; FUJI PHOTO FILM CO., LTD.; FUJI PHOTO FILM U.S.A., INC.; FUJITSU LIMITED; FUJITSU AMERICA, INC.; FUJITSU COMPUTER PRODUCTS OF AMERICA, INC.; KYOCERA WIRELESS CORP.; MATSUSHITA ELECTRICAL INDUSTRIAL CO.; MATSUSHITA ELECTRICAL CORPORATION OF AMERICA; NAVMAN NZ LIMITED; NAVMAN U.S.A. INC.; OLYMPUS CORPORATION; OLYMPUS AMERICA, INC.; PENTAX CORPORATION; PENTAX U.S.A., INC.; SONY CORPORATION; SONY CORPORATION OF AMERICA; SONY ERICSSON MOBILE COMMUNICATIONS AB; SONY ERICSSON MOBILE | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |

| | |
|---|---|
| COMMUNICATIONS (USA) INC.; TOSHIBA CORPORATION; AND TOSHIBA AMERICA, INC., | ) ) ) |
| Defendants. | ) ) ) |
| OPTREX AMERICA, INC., | ) ) |
| Plaintiff, | ) |
| v. | ) ) ) |
| HONEYWELL INTERNATIONAL INC., and HONEYWELL INTELLECTUAL PROPERTIES INC., | ) ) ) ) |
| Defendants. | ) ) |

Civil Action No. 04-1536-KAJ

## [PROPOSED] ORDER

On May 18, this Court entered an order granting a stay of the above captioned case in favor of certain customer defendants, but directed the parties to meet over the next thirty days to discuss, and if possible agree to, the exact conditions of the stay to be implemented.

Being informed that the parties have been unable to agree upon the conditions of the stay, it is hereby ORDERED this _____ day of _____, 2005, that:

1.  Within 14 days of this Order, all defendants shall provide the plaintiffs a list of all LCD-containing products of the type identified in the Complaint that they have manufactured and/or sold for the past six years. For each such product, defendants shall identify the LCD module used in such product and the supplier of that module. The confidentiality of such information shall be treated in accordance with Local Rule 26.6 until such time as an appropriate protective order can be entered.

2.  To the extent not already done, each customer defendant shall immediately undertake good faith efforts to bring the identified LCD module suppliers into this action by way

2

of voluntary intervention or third party complaints, service of such Complaints to be commenced within fourteen days of this Order.

      3.      The parties shall report on the status of items 1 and 2 within forty-five (45) days, at which time the Court will assess final implementation of the stay on behalf of customer defendants.

      4.      The stay does not apply to the extent any defendant is manufacturing or assembling LCD modules; in situations where a defendant is both manufacturing and assembling LCD modules and manufacturing/selling end products, the stay covers the latter activities, but not the former activities.

      5.      Defendants are encouraged to provide plaintiffs (at plaintiffs' cost) with genuine samples of LCD modules identified in item 1 above, that are within their possession, custody, or control.

      6.      Within thirty (30) days of receiving any such modules, plaintiffs shall state whether such module is included within its charge of infringement.

      7.      Thirty (30) days after the report referenced in item 3, the parties (plaintiffs, the remaining Named Defendants to the extent the stay does not apply to them and the new LCD module manufacturers/assemblers) shall submit a joint proposed schedule for managing the remainder of the liability phase of the case through trial.  The results of that phase shall be binding upon all parties.

                                                              _____
                                                             United States District Judge

_____, 2005
Wilmington, Delaware

470448