MORRIS, NICHOLS, ARSHT & TUNNELL

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

—————

302 658 9200
302 658 3989 FAX

THOMAS C. GRIMM
302 575 7273
302 425 4661 FAX
TGRIMM@MNAT.COM

September 23, 2005

**BY E-FILING**

The Honorable Kent A. Jordan
U.S. District Court, District of Delaware
844 N. King Street
Lockbox 10
Wilmington, DE 19801

> Re: *Honeywell International Inc., et al. v. Audiovox Communications Corp., et al.*
>   C.A. 04-1337-KAJ
>   *Honeywell International Inc., et al. v. Apple Computer, Inc., et al.*
>   C.A. No. 04-1338-KAJ
>   *Optrex America, Inc. v. Honeywell International Inc., et al.*
>   C.A. No. 04-1536-KAJ

Dear Judge Jordan:

On behalf of Honeywell in the above actions, we write to advise the Court on the status of the parties' discussions since the September 9, 2005 status conference. Regrettably, very little progress has been made because most (but, tellingly, not all) defendants unilaterally have refused to provide the discovery ordered by the Court at the September conference.

To put the dispute in context, as background, Honeywell's charge of infringement is specifically directed to all of the Named Defendants' portable consumer electronic products[1] sold in the United States which employ an LCD module having the structure stated by Mr. Lueck during the September 9 hearing; specifically, an LCD module with a light source and two lens arrays, one of which is misaligned (the "Accused Structure"). Tr. at 31. Honeywell acknowledges that some end products assembled by the Named Defendants do not make use of LCD modules which have the Accused Structure. Honeywell does not seek information as to those products at this time. However, Honeywell needs a list of those end products that do make

---

[1]    Cell phones, PDAs, notebook/laptop computers, digital still cameras, video cameras, portable DVD players, portable televisions, and portable entertainment systems.

The Honorable Kent A. Jordan
September 23, 2005
Page 2

such use, in order to effectively, expeditiously and comprehensively transition the case from one against the Customer Defendants to one against the LCD Module Manufacturers.

In order to ensure that Honeywell's claim is not artificially limited, the list needs to include two pieces of information: 1) identifying the LCD modules employing the Accused Structure and who manufactures them; and 2) which U.S. products of the Customer Defendants employ all such modules. With those two pieces of information, Honeywell is confident that it could place at issue through the Module Manufacturers all of the allegedly infringing products sold or offered for sale in the United States, at least insofar as personal jurisdiction will allow. Without such threshold information, there is a substantial risk of piecemeal litigation and/or delay resulting from jurisdictional disputes – and from a possible need for repeated amendments to the pleadings in order to add newly discovered parties who easily could have been added at the outset if the information had been forthcoming.

At the conclusion of the September 9 hearing, the Court directed the defendants to respond to discovery framed "in a manner that incorporates [Honeywell's] specific allegations of infringement." Tr. at 31. Unfortunately, most of the defendants[2] have refused to answer such discovery on the asserted grounds that Honeywell's discovery should be limited to the specific products analyzed in its presuit analysis, rather than also encompassing all products which incorporate the Accused Structure, as the Court directed at the September 9 conference. Defendants also claim that they themselves do not know whether the modules used in their products use the Accused Structure, and are unwilling to take any action to investigate the situation, such as talking to their suppliers. Finally, the defendants have adopted the general position that they will not discuss any topics related to an orderly transition of the case, absent express language from the Court requiring them to do so. In sum, the defendants appear unwilling or unable to comply with the Court's directive to discuss "a sensible plan . . . on how to bring those folks in." Tr. at 30.

As a result of this impasse, Honeywell respectfully suggests that a different approach should be adopted. Rather than wait for a comprehensive list, Honeywell is prepared to proceed to file suit against the remaining known LCD Module Manufacturers on an individual basis. As detailed below, however, this course of action could have potential negative consequences in the progression of the case unless certain additional measures are put in place, measures which Honeywell respectfully requests the Court to adopt.

We understand that the Module Manufacturers are likely to have the first piece of information noted above. As to the second piece, however, based upon Honeywell's past dealings, we expect that many Module Manufacturers will profess ignorance as to the destination of the modules employing the Accused Structure. That is to say, even though a Module Manufacturer may supply an accused module to a particular customer, the Module Manufacturer

[2]    Defendants Fuji and Nikon have already provided such a discovery list and defendants Nokia, Concord and Olympus have agreed to provide such a discovery list in the near future.

The Honorable Kent A. Jordan
September 23, 2005
Page 3

will likely not know the end product into which the module is incorporated (e.g. cell phone, PDA etc.) nor whether the particular end product was sold in the United States – essential pieces of information from a subject matter jurisdiction standpoint.  Without information from the Customer Defendants linking specific modules to specific end products, we therefore expect that jurisdictional challenges will be raised from the perspective of identification of the modules which have been incorporated into end products sold in the United States.  We have raised this issue with defendants in several prior meetings, but they have offered no substantive proposal for addressing this issue.

Moreover, absent voluntary appearance in this Court, service of these foreign Module Manufacturers will have to be undertaken pursuant to the Hague Convention or other international protocol.  As such, we expect that in the absence of such cooperation, it will not be possible to effect service for approximately four to five months.  Honeywell had hoped to avoid such delay and jurisdictional battles by originally seeking a broader degree of disclosure and assistance from the Customer Defendants in bringing the suppliers into the litigation.  However, it is clear that this original approach and the defendants' response to it are becoming counterproductive to the primary goal of moving the case forward.

Accordingly, in order to avoid delay and jurisdictional battles under the new approach, we ask that the Court enter an Order with the following points:

1.    Honeywell will proceed to file Amended Complaints adding all known Module Manufacturers, including those identified in Honeywell's May 27 letter.  To the extent they know, or have reason to believe, that any of their products sold in the United States use LCD modules incorporating the Accused Structure and not made by one of the entities listed in Honeywell's May 27 letter, each Named Defendant should be required to identify such other LCD Module Manufacturer.

2.    Within two weeks, the Named Defendants should identify the Module Manufacturer for the modules used in all end products listed in Honeywell's May 27 letter, including identifying the Module Manufacturer of "unknown" modules set forth in that letter.

3.    Each of the Customer Defendants should be required to use reasonable, good-faith efforts to request and persuade any of their LCD module suppliers sued by Honeywell to consent to waive formal service under the Hague Convention or other international protocol and accept service of the Amended Complaint directly from Honeywell's attorneys of record.

4.    All Module Manufacturers should be required to provide to Honeywell a comprehensive list of all modules manufactured after October 6, 1998 through the present that meet the structural criteria set forth above.  For those Module Manufacturers currently part of the suit, such list should be provided in 30 days.  For those Module Manufacturers entering the suit pursuant to point 1, such list should be provided 30 days after the Amended Complaint is answered.  All such lists would be treated as "Attorneys' Eyes Only," until the entry of a comprehensive Protective Order.

The Honorable Kent A. Jordan
September 23, 2005
Page 4

5.    Thirty days after each such list is provided, Customer Defendants, to the extent named in that list, should identify which modules, if any, are incorporated into products sold by them or their affiliates in the United States, and identify such products.  All such lists would be treated as "Attorneys' Eyes Only," until the entry of a comprehensive Protective Order.

6.    Upon provision of the lists noted in points 4 and 5 above, the Court could then enter a stay of litigation for the benefit of all Customer Defendants with the exception that, as to "hybrid" defendants (i.e., those that both manufacture LCD modules and end products), the stay would only apply to the extent of their "customer" activities.  The stay would be without prejudice to Honeywell's right to seek the Court's ordering of further discovery from the Customer Defendants regarding commercial success and other secondary indicia of non-obviousness.

7.    Upon provision of the lists noted in points 4 and 5 above, Honeywell and the Module Manufacturers would promptly meet to discuss a schedule for remaining pretrial activities.

I have attached a proposed Order reflecting these points for the Court's consideration.

* * *

After discussion earlier in the week confirmed the impasse, Honeywell communicated this proposal to the defendants on Thursday evening.  The defendants have requested more time to consider it.  Honeywell has no objection to such additional time, but wanted to apprise the Court of the status of the discussions, consistent with Mr. Lueck's statements during the September 9 hearing.  The defendants have agreed to provide a substantive response by next Friday, September 30, 2005, which Your Honor's secretary has advised is acceptable to the Court.  After that, Honeywell stands ready to answer any questions the Court may have regarding this proposed procedure.

Respectfully,

*/s/ Thomas C. Grimm*

Thomas C. Grimm (#1098)

TCG/bav
Attachment
cc:    Dr. Peter T. Dalleo, Clerk of the Court (via hand delivery)
       All Counsel of Record (via e-filing)
       Steven J. Balick, Esq. (via e-mail)
       Martin R. Lueck, Esq. (via e-mail)
       Matthew L. Woods, Esq. (via e-mail)