

Potter
Anderson
& Corroon LLP

Richard L. Horwitz
Partner
Attorney at Law
rhorwitz@potteranderson.com
302 984-6027  Direct Phone
302 658-1192  Fax

1313 North Market Street
P.O. Box 951
Wilmington, DE  19899-0951
302 984-6000

www.potteranderson.com

September 30, 2005

VIA ELECTRONIC MAIL
AND HAND DELIVERY

The Honorable Kent A. Jordan
United States District Court for the District of Delaware
844 King Street
Wilmington, Delaware 19801

> Re:    **Honeywell International Inc., et al. v. Audiovox Communications Corp. et al.**
> **C.A. No. 04-1337-KAJ**
> **Honeywell International Inc., et al. v. Apple Computer, Inc., et al.**
> **C.A. No. 04-1338-KAJ**
> **Optrex America, Inc. v. Honeywell International Inc., et al.**
> **C.A. No. 04-1536-KAJ**

Dear Judge Jordan:

I write on behalf of the defendants in the -1337 and -1338 actions and Optrex America, Inc. in the -1536 action to report on the parties' progress toward transitioning the above-mentioned consolidated cases according to the Court's instructions of September 9, 2005.

Shortly after the September 9 status conference, defendants' counsel met by telephone and prepared a proposal aimed at providing Honeywell *all* of the information ordered by the Court during the September 9 conference.  This proposal was embodied in a letter sent to Honeywell on September 16, a copy of which is attached hereto as Exh. A.[1]

Shortly after sending this letter, counsel for defendants initiated and arranged a telephone conference with Honeywell's counsel to discuss the parties' respective proposals.  During that call, defendants repeated their proposal and additionally offered to provide the product and supplier information to Honeywell on a "without prejudice" basis to enable Honeywell to seek further information if it later deemed this necessary.  Honeywell simply refused to accept defendants' proposal.

These facts completely belie Honeywell's assertion that the defendants have refused to cooperate in transition activities or to provide the required information.

---

[1]  Because the Nikon Defendants and Honeywell had already resolved all transition matters with respect to Nikon, Nikon did not join the September 16 letter.

The Honorable Kent A. Jordan
September 30, 2005
Page 2

Clearly Honeywell was disappointed with the Court's May 18 ruling on the motions for a stay. And on numerous occasions since then, Honeywell has tried to position itself to seek reconsideration of the Court's May 18 ruling by inaccurately portraying defendants' offers of cooperation in accordance with the Court's directives.[2]

Honeywell's attempt to revisit the Court's rulings was reflected in the proposal included in its September 13 letter, which sought identification of "all other products" containing the same or "similar" modules as those in specifically-identified products. This contradicted the Court's ruling during the September 9 conference that Honeywell's identification of a small number of products does not permit it to seek discovery of broad categories of products, or even all other products within the same category. Rather, the Court ordered that Honeywell must limit its request to earlier and later generations of the specific product or products that Honeywell has analyzed and identified as infringing.

Similarly, Honeywell's September 13 proposal requested that "the end product manufacturers and LCD module manufacturers work together to identify the modules that contain the elements of Honeywell's charge of infringement" so as to "identify the universe of infringement" for Honeywell. This also contradicted the Court's direction that Honeywell must bear the burden of identifying products alleged to infringe, and cannot use discovery to shift this burden to the defendants. Specifically, Your Honor noted that it is up to Honeywell to obtain additional products and tear them down so that it can identify for the defendants the specific products it accuses of infringement.

Defendants' counsel have, in addition, pointed out that Honeywell has known for at least five months the identity of key LCD-module manufacturers, but has not taken any steps whatsoever to bring them into the case. In response, Honeywell finally presents a plan having at its core what the Court directed five months ago – *i.e.*, Honeywell itself must take steps to bring the module manufacturers into the litigation. (Coincidentally, while Honeywell now complains about the four- or five-month time period it may take to obtain formal service on the foreign module manufacturers, Honeywell admits it knew the identities of key manufacturers no later than May. Thus, if Honeywell had diligently taken steps to serve foreign module manufacturers in May, the case could already have been proceeding against the principal LCD module makers consistent with the Court's guidance during the May conference.)

---

[2] Defendants disagree with Honeywell's position that the Court "directed defendants to response to discovery framed 'in a manner that incorporates [Honeywell's] specific allegations of infringement.' Tr. at 31." *See* Honeywell's September 23 report at page 2. When the Court's statements at the September 9 conference are taken as a whole, defendants believe it clear that the Court directed the parties to work together to frame a plan for transitioning the case – not to alter the terms of the conditional stay entered in May.

The Honorable Kent A. Jordan
September 30, 2005
Page 3

## 1.    The Defendants' Proposal for Information Exchange

Before addressing Honeywell's new "comprehensive" proposal, the Customer
Defendants repeat their offer from the September 16 letter to provide the following detailed
information prior to the entry of a stay of Honeywell's claims against them, which the Customer
Defendants believe fully complies with the Court's directions (*see* September 9 Tr. at pp. 27-29):

1.    An identification of the supplier and LCD-module model number for the
products specifically identified as allegedly infringing by Honeywell, to
the extent known to the individual defendants;

2.    An identification of other versions (*i.e.*, earlier or later generations) of the
specifically identified product(s) that – to the extent known to the
individual defendants – utilize the same LCD module or other versions of
such LCD modules (*i.e.*, earlier or later generations of such modules) as in
the specifically identified products, if any; and

3.    An identification of other versions of the identified products that – to the
extent known to the individual defendants – include other LCD modules
with substantially the same structure as the LCD module(s) contained in
the specifically identified product(s), if any.

The defendants remain willing to promptly provide this information (to the extent
not already provided).  Once Honeywell accepts this information, defendants believe it is then up
to Honeywell to take steps to affect the transition.  At that point, the claims against the Customer
Defendants should be stayed.

## 2.    Defendants' Responses to Honeywell's New Proposal

### Customer Defendants

The defendants are anxious to transition the case to the proper parties.[3]  Thus, the
defendants propose that the Customer Defendants provide the information detailed in Section 1
above within 21 days of entry of an Order governing transition activities.  The defendants also
are willing to jointly send a copy of such amended or new complaint(s) to the LCD-module
manufacturer(s) sued by Honeywell, along with contact information for Honeywell's attorneys of
record in the event the manufacturer desires to contact Honeywell's representatives.  However,

---

[3]  As Honeywell acknowledges, the Nikon Defendants, Concord Cameras, the Fuji Defendants,
and the Nokia Defendants have resolved differences with Honeywell concerning their
obligations during the transition phase – such parties believe they need not provide anything
further during the transition phase of this litigation.  And such parties (indeed all Customer
Defendants) await conversion of the conditional stay to a non-conditional one with respect to
"pure customer" activities.

The Honorable Kent A. Jordan
September 30, 2005
Page 4

the Customer Defendants shall be under no obligation to implead or otherwise institute any
action or take any steps to secure cooperation from their vendors. After meeting these two
requirements (*i.e.*, providing information and contacting suppliers), it is believed that the
conditional stay as to the Customer Defendants should become non-conditional.

**Module Manufacturers**

For the first time, Honeywell's most recent proposal now also seeks unilateral
discovery from the "Module Manufacturers" in connection with transition of the case – *prior to
the entry of a stay against the Customer Defendants* – on the basis that it requires such discovery
before it can identify the accused products.

As an initial matter, such discovery is obviously not necessary to accomplish the
threshold task ordered by the Court – identification of the proper parties to defend the LCD
modules that Honeywell has already accused of infringement. While the defendants that
manufacture LCD modules accused of infringement by Honeywell (e.g., Optrex and Seiko
Epson) are prepared to proceed with scheduling and *bilateral* discovery activities at the
appropriate time, there are several fundamental problems with Honeywell's current proposal:

- Under Honeywell's proposal, Honeywell would be allowed to conduct
  *unilateral* discovery against the Module Manufacturers. Defendants should
  not be required to provide Honeywell with information regarding the structure
  of all of their LCD modules, while being denied any ability to conduct
  discovery from Honeywell regarding, e.g., its claim construction and
  infringement contentions and invalidity issues. As in any other patent case,
  discovery should be concurrent and bilateral.

- Honeywell's proposal would allow Honeywell to conduct sweeping discovery
  of the Module Manufacturers by Court Order, without providing the
  manufacturers with any opportunity to object to the scope of that discovery.
  For example, Honeywell's definition of an "Accused Structure" is far broader
  than what can fairly be accused of infringement under the patent. The Module
  Manufacturers should be afforded the usual opportunity to negotiate or litigate
  the appropriate scope of discovery.

- Honeywell's proposal, as currently framed, would required Module
  Manufacturers to analyze ***ALL*** of their LCD modules in order to determine
  which modules satisfy Honeywell's broad definition of the "Accused
  Structure." For many manufacturers, this will encompass thousands of
  different models of products. In this way, Honeywell is attempting to shift to
  the Module Manufacturers the burden of identifying the accused products, just
  as it attempted to do with the Customer Defendants. The Court has already
  rejected such an approach. As the plaintiff in this action, it is Honeywell – not
  defendants (whether customers or manufacturers) – that bears the burden of

The Honorable Kent A. Jordan
September 30, 2005
Page 5

identifying the accused products, and discovery should then proceed as to those products.

- Honeywell seeks a Court Order requiring impermissibly broad, unilateral discovery against manufacturers that are not even current parties to the litigation, who therefore would have no opportunity to respond to Honeywell's proposal prior to a discovery order being entered against them.

The Module Manufacturers believe that the most efficient and equitable way to proceed is in accordance with the plan outlined by the Court in its May 18 ruling: Honeywell should (1) complete the transitional discovery against the Customer Defendants regarding accused end products sold in the United States, sufficient to identify the manufacturers of the LCD modules that have been accused of infringement; (2) bring those Module Manufacturers into the litigation; and (3) proceed with bilateral discovery with the Module Manufacturers. Discovery against the Module Manufacturers should proceed in a consolidated manner, once all manufacturers are parties in the litigation; should proceed in accordance with the usual discovery procedures, rather than by Court Order; and should proceed in a concurrent, bilateral manner, such that the Module Manufacturers can conduct discovery regarding Honeywell's contentions at the same time as Honeywell conducts discovery regarding the accused products.

## 3.    Defendants' Proposed Comprehensive Plan

The defendants believe that their proposal contained in Section 1 above meets the obligations imposed to date by the Court, recognizing that the Court has not yet addressed all of the issues raised in the parties' correspondence of June 17. But in the event the Court is inclined to adopt a more comprehensive plan at the present time, the defendants are prepared to join in the following proposal (a proposed Order is being filed contemporaneously herewith):

1.    To the extent not already provided, each Customer Defendant, who has not already resolved the transitioning matters with Honeywell, shall identify, within 21 days of an Order governing transition activities, the information identified above in Section 1. Additionally, if Honeywell identifies the products in which the "unknown" modules set forth in Honeywell's May 27 letter occur, the Customer Defendant(s) that manufacture those products also shall provide the information identified above under Section 1 at a reasonable time thereafter.

2.    Within 30 days of entry of the Order, Honeywell shall file amended or new complaints adding to the consolidated cases, in accordance with applicable rules on pre-filing investigation obligations, any LCD-module manufacturer Honeywell desires to bring into the litigation.

3.    Within 14 days after receipt of a service copy of an amended or new complaint as referenced above, the defendants shall jointly forward a copy of such amended or new complaint(s) to the LCD-module manufacturer(s)

The Honorable Kent A. Jordan
September 30, 2005
Page 6

sued by Honeywell but not previously named in Honeywell's present Complaint, along with contact information for Honeywell's attorneys of record. The Customer Defendants shall be under no obligation to implead or otherwise institute any action or take any steps to secure cooperation from their vendors. For any LCD-module manufacturer who waives formal service and accepts it directly from Honeywell's attorneys of record, an additional 90 days shall be provided for the manufacturer to answer, move, or otherwise plead.

4.      Upon compliance with points 1-3 above, the suits against the Customer Defendants will be stayed. The stay shall be without prejudice to Honeywell's right to seek the Court's ordering of further discovery from the Customer Defendants upon formal application to the Court, subject to any agreement(s) Honeywell may have with any defendant concerning discovery.

5.      Upon appearance of all LCD-module manufacturers named in the amended or new complaints, Honeywell and all LCD-module manufacturers joined in the consolidated cases shall promptly meet to discuss a schedule for remaining pretrial activities and shall proceed with discovery in accordance with that schedule.

Respectfully,

/s/ Richard L. Horwitz

Richard L. Horwitz

Enclosures
701675

cc:     Clerk of the Court (via ECF and hand delivery)
        All Local Counsel of Record (via ECF and hand delivery)