# EXHIBIT A



Potter
Anderson
& Corroon LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

David E. Moore
Associate
Attorney at Law
dmoore@potteranderson.com
302 984-6147 Direct Phone
302 658-1192 Fax

September 16, 2005

**VIA FACSIMILE – (612) 339-4181**

Matthew L. Woods, Esquire
Robins, Kaplan, Miller & Ciresi, LLP
800 LaSalle Avenue
2800 LaSalle Plaza
Minneapolis, MN 55402-2015

Re: **Honeywell International Inc., et al. v. Audiovox Communications Corp., et al.
C.A. No. 04-1337-KAJ
Honeywell International Inc., et al. v. Apple Computer, Inc., et al.
C.A. 04-1338-KAJ
Optrex America, Inc. v. Honeywell International Inc., et al.
C.A. No. 04-1536-KAJ**

Dear Matt:

This letter responds to your September 13, 2005 letter to all counsel, and is sent on behalf of the parties that have not reached separate agreement with Honeywell as to the scope of the limited discovery to be provided in connection with the transition of the case to an action against LCD module suppliers, or otherwise responded to your letter. Specifically, all defendants except Nikon, Concord Camera, Audiovox Electronics, and Audiovox Communications join in this letter, as well as Optrex and Seiko Epson.[1] In addition, you may receive additional responses from individual defendants.

---

[1] While Fuji believes it has resolved the issue between it and Honeywell, it otherwise supports the positions in this letter.

Matthew L. Woods, Esquire
September 16, 2005
Page 2

      We do not believe that your requests comport with the guidance provided by Judge Jordan during the Sept. 9 teleconference, and in fact seem to backtrack to a position rejected by the Court.

      First, you request that defendants identify "all other products" that contain an LCD module that is "similar" to the LCD module in a product specifically identified as allegedly infringing, and define "similar" as simply "any module employing a light source, two lens arrays, one of which is misaligned or rotated, and an LCD display." However, Judge Jordan did not agree that Honeywell could seek broad discovery of "similar" LCD modules, but stated that Honeywell must "frame [its] discovery in a manner that incorporates [its] specific allegations of infringement." Transcript at 31. Your request concerning "similar" modules found in "all other products" does not follow this direction. Indeed, your request far exceeds any reasonable allegations of infringement given that the patent in suit clearly does not cover "any module employing a light source, two lens arrays, one of which is misaligned or rotated, and an LCD display."

      Similarly, your requests for identification of "all other products" containing the same or "similar" modules as those in specifically-identified products contradicts Judge Jordan's instructions. In particular, Judge Jordan made it clear that Honeywell's identification of a small number of products does not permit Honeywell to seek discovery of broad categories of products, or even all other products within the same category. Transcript at 27-29. Rather, Honeywell must limit its discovery to earlier and later generations of the specific product or products that Honeywell has analyzed and identified as infringing. Id. Your request ignores this aspect of Judge Jordan's ruling, and fails to restrict the discovery sought based on Honeywell's specific allegations of infringement.

      Third, your request that "the end product manufacturers and LCD module manufacturers work together to identify the modules that contain the elements of Honeywell's charge of infringement" so as to "identify the universe of infringement" for Honeywell also contradicts Judge Jordan's direction that Honeywell must bear the burden of identifying products alleged to infringe, and cannot use discovery to shift this burden to the defendants. As Judge Jordan indicated, it is up to Honeywell to obtain additional products and tear them down so that it can identify for the defendants the specific products at issue. Id. The defendants are willing to allow Honeywell additional time to do so, and would consider any reasonable proposal from Honeywell as to the duration of such time period. In addition, the procedure you suggest will no doubt result in additional delay in transitioning the case.

      Finally, your request that defendants seek information from their LCD suppliers in order to identify the LCD modules accused of infringement by Honeywell is also inconsistent with Judge Jordan's direction. Judge Jordan made clear that defendants are not obligated to investigate the structures of the LCDs incorporated in their products, and cannot be asked to provide information they don't have. Transcript at 32.

Matthew L. Woods, Esquire
September 16, 2005
Page 3

Thus, we cannot agree with your proposal as to how to proceed, but propose the following in connection with the transition of the case, which we believe is consistent with the Judge's direction during the teleconference:

1. The defendants will identify the supplier (to the extent not already provided to Honeywell) and LCD module model number for the products specifically identified as infringing in Honeywell's letter of May 17, 2005. As indicated above, the defendants are willing to allow Honeywell a reasonable additional amount of time to supplement this list.

2. To the extent known, the defendants will identify other versions of the specifically identified products that utilize the same LCD module as in the specifically identified products, or other versions of the same LCD module, if any; and

3. To the extent known, the defendants will identify other versions of the specifically identified products including other LCD modules with substantially the same structure as the LCD module(s) in the specifically identified product(s), if any. To be clear, defendants are not obligated to tear down their products or contact their suppliers to investigate this information.

We have sought to accommodate Honeywell's concerns expressed during the September 9 call, consistent with the guidance provided by Judge Jordan. In order to determine if we can bridge the gap between our positions, we suggest a conference call on Tuesday, September 20 at 4 PM Eastern. Please let us know if you are available at that time.

Your letter also refers to scheduling discussions. We believe it is first necessary to reach closure on the threshold matters of identification of accused products by Honeywell, and which suppliers will be in the case, before we can have intelligent discussions on an overall case schedule. Of course, if Honeywell wishes to now propose a schedule, we will consider it as best we can at this stage.

Concerning your request to "confirm whether [we] will take any steps to involve [our] suppliers in this [scheduling] process," we have no objection to LCD suppliers that are not yet parties participating in scheduling discussions if they are willing to do so. However, it is up to Honeywell to identify which suppliers not currently parties it intends to add to the case, something Honeywell has not yet done. In addition, we obviously cannot bind any non-party suppliers to any schedule agreed to with Honeywell, and do not agree that their failure to participate should result in waiver of any rights. Based on the motion practice and correspondence in this action, and Honeywell's representations to the Court, it is evident that Honeywell has for many months known the identities of numerous suppliers of accused LCDs not yet parties to these actions. To our knowledge, however, Honeywell has taken no steps to add such non-party suppliers to these actions. Again, Judge Jordan made clear that Honeywell

Matthew L. Woods, Esquire
September 16, 2005
Page 4

may not simply rely on the defendants to implead their suppliers. Transcript at 29. There is simply no basis for Honeywell to seek to profit from its own delay by arguing for such a waiver.

                                                Very truly yours,

                                                David E. Moore

DEM/sdl
cc:    All Local Counsel of Record (via hand delivery)

699400