Exhibit A

# ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
TEL: 612-349-8500 FAX: 612-339-4181
www.rkmc.com

ATTORNEYS AT LAW

MATTHEW L. WOODS
(612) 349-8272

December 21, 2005

**<u>Via E-Mail</u>**

TO:  ALL COUNSEL OF NEWLY NAMED DEFENDANTS

Re:    Honeywell International Inc., et al. v. Audiovox Communications Corp., et al.
         Court File No. C.A. 04-1337-KAJ
         Honeywell International Inc., et al. v. Apple Computer, Inc., et al.
         Court File No. C.A. No. 04-1338-KAJ
         Optrex America, Inc. v. Honeywell International Inc., et al.
         Civil Action No. 04-1536 (KAJ)
         Our File No. 019896.0229

Dear Counsel:

As the deadline for the January 9th progress approaches, I want to summarize the issues Honeywell identified during our teleconference last Thursday, December 15th. This summary is intended to assist you in your collective discussions, especially insofar as there was little engagement on these topics during that conference.

The Court's October 7th Order requires us to "report on progress toward a establishing a schedule for bringing to trial claims against manufacturers." October 7 Order, ¶ 6. It is Honeywell's intent to provide the Court with a report that not merely explains the status of which defendants have waived service, but also identifies those issues which need to be addressed in order to develop an effective and orderly schedule. With that charge in mind, Honeywell raised the following issues at the teleconference:

**<u>Impact of 35 U.S.C. § 271</u>:**

At the outset, there is a threshold issue as to whether any of the defendants dispute that Honeywell's claims can be brought to trial against them because of any territorial limitations of 35 U.S.C. § 271. Honeywell believes this threshold issue must be resolved as soon as possible, in order to avoid wasteful or duplicative proceedings. Depending upon the extent that this becomes an issue, it is Honeywell's view that the "customer" defendants may need to become

TO:  ALL COUNSEL OF NEWLY NAMED DEFENDANTS
December 21, 2005
Page 2

more actively involved in this first stage of the case.  While Honeywell offered several concepts for addressing the situation, it clearly reserves all its rights until the defendants have weighed in on this issue, something which they were not prepared to do on the 15th.

**Progress of Discovery:**

        We discussed a number of issues relating to the progress of discovery.  Honeywell's basic position is that, as to any individual defendant, the discovery should not be burdensome. Honeywell's '371 patent is straightforward and, assuming defendants identify all modules using the Accused Structure (and produce documents regarding those modules), depositions could be accomplished under a set hourly approach (e.g., each defendant shall make its witness available for "x" hours of deposition).  We envision that discovery of the defendants could proceed along essentially parallel tracks.

        More fundamental questions concern coordination of discovery and logistics for depositions, given the number of defendants.  For example, and without exclusion, some topics discussed during our teleconference include:

- Whether foreign defendants will make witnesses available in a mutually agreeable geographic location, thereby avoiding the need to resort to U.S. Embassies, which can substantially delay and complicate the taking of depositions?

- Whether defendants will desire to attend depositions of co-defendant competitors, and whether co-defendant competitors will object to such attendance, and the impact this dynamic has on scheduling of depositions?

- Whether the defendants will develop their legal positions and conduct their discovery of Honeywell under the "lead counsel" approach discussed in the Manual for Complex Litigation, so as to avoid duplicative briefing and duplicative discovery demands upon Honeywell?

- Methodology and timing for document production and privilege logs, especially as it may relate to any joint defense privilege asserted by defendants?

- One additional issue not discussed on the 15th is the extent to which parties anticipate needing third party discovery, which could impact the schedule.  Honeywell expects this will largely be driven by the contours of any affirmative defenses raised by defendants.

TO:  ALL COUNSEL OF NEWLY NAMED DEFENDANTS
December 21, 2005
Page 3

**Protective Order:**

      Honeywell is not an active participant in the market for portable consumer electronics. Although Honeywell agrees that a protective order should be in place, the competitive nature of one defendant *vis a vis* the other defendants will likely drive the details of a protective order. Back in April, we had circulated a draft protective order for defendants' consideration.  As we discussed, we have re-circulated that draft for your renewed consideration.

* * *

      If any of the defendants have views on these issues that they wish to communicate prior to January 9th, please forward them as soon as possible.  Given that the defendants have offered no meaningful engagement on these issues at this time, we think it likely that each side will file its own status report with the Court.  Moreover, until there has been a comprehensive exchange of ideas regarding establishing a schedule for bringing Honeywell's claims to trial, Honeywell reserves the right to raise all issues relevant to that subject.

                  Very truly yours,

                  ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

                  Matthew L. Woods

MLW/ms

c:      Thomas G. Grimm, Esq. (via e-mail)
        John G. Day, Esq. (via e-mail)
        Steven J. Balick, Esq. (via e-mail)
        Stacie E. Oberts, Esq. (via e-mail)

# EXHIBIT B



Potter
Anderson
&Corroon LLP

Richard L. Horwitz
Partner
Attorney at Law
rhorwitz@potteranderson.com
302 984-6027  Direct Phone
302 658-1192  Fax

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

December 30, 2005

**VIA FACSIMILE – (612) 339-4181**

Matthew L. Woods, Esquire
Robins, Kaplan, Miller & Ciresi, LLP
800 LaSalle Avenue
2800 LaSalle Plaza
Minneapolis, MN  55402-2015

Re:   **Honeywell International Inc., et al. v. Audiovox Communications Corp., et al.
C.A. No. 04-1337-KAJ;
Honeywell International Inc., et al. v. Apple Computer, Inc., et al.
C.A. 04-1338-KAJ; and
Optrex America, Inc. v. Honeywell International Inc., et al.
Civil Action No. 04-1536-KAJ**

Dear Matt:

I am writing on behalf of a number of defendants/defendant groups[1] in response to your December 21, 2005 letter.  As we have previously discussed in writing and during the December 15 conference call, these views are only preliminary, in view of the fact that many defendants have not yet appeared and participated in discussions either with you or with other defendants.

With respect to the issue you characterize as the "impact of 35 U.S.C. § 271," defendants do not believe this is a significant "threshold" issue that must be addressed now, before all parties have responded to the amended complaint.  Based on our conversation during the conference call, we understand your question to be whether any LCD manufacturer will contend that all or some of its sales activities are not "within the United States" as required by, e.g., section 271(a).  As was discussed during the call, this issue may affect different parties differently, and may vary for different products accused of infringement, so reaching a consensus on this issue is unrealistic, particularly at this early time.

Addressing the other specific issues raised in your December 21 letter, as a general matter foreign defendants will not agree to bring witnesses to the United States for depositions, although they will try to cooperate in setting particular deposition venues where witnesses are

---

[1] AUO, Casio, Citizens Systems America, Fuji, Hitachi, ID Tech, Matsushita, Optrex, Philips, Samsung SDI Co. Ltd. and Samsung SDI America, Inc., Seiko Epson, SEID, Sony Corp.and Wintek.

Matthew L. Woods, Esquire
December 30, 2005
Page 2

located, consistent with legal obligations in those countries. With respect to whether defendants might desire to attend depositions of other defendants, it is too early to tell whether there will be significant interest, but defendants do not think that issue should affect the timing or scheduling of depositions. The primary contact for scheduling depositions should be with counsel for the particular defendant.

Turning to the issue of the "lead counsel" approach, defendants are unwilling to waive any of their individual rights, but as in all multi-defendant cases in this District, defendants are aware that the Court will expect them to coordinate their efforts as appropriate, and to avoid duplicative work where possible.

On document production and privilege logs, defendants are willing to hear your views as to methods and timing of production. However, we do not expect the parties to have to log privileged documents generated after the commencement of this litigation, and we do not believe the resolution of these issues should affect a determination of the overall case schedule.

With respect to third party discovery, defendants are continuing to consider this issue, and note that although it is too early in the case to have a real feel for how much third party discovery may be necessary, defendants do not think third party discovery should be a significant factor is setting an overall case schedule.

Finally, with respect to a protective order, defendants are reviewing the draft protective order that you recently circulated and anticipate providing their comments thereon. Again, however, resolution of an appropriate form of protective order, either by stipulation or order, should not significantly affect the determination of an overall case schedule.

As stated during the December 15 call, we do not share your view that it is unlikely that the parties can submit a joint progress report to the Court on January 9 to "report on progress toward establishing a schedule for bringing to trial claims against manufacturers."[2] To the contrary, since the Court has requested a progress report and not advocacy papers on how the case should ultimately go forward, we hope that you will reconsider your position. After you review this letter, we hope progress can be made to submit a joint report to the Court, in a way that will foster cooperation among the parties in this early phase and subsequent phases of the litigation.

Very truly yours,

Richard L. Horwitz

712650

---

[2] We would be happy to see an overall case schedule, in the form of a proposed Scheduling Order, if you have a specific proposal in mind at this time.