IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HONEYWELL INTERNATIONAL INC., and HONEYWELL INTELLECTUAL PROPERTIES INC., <br><br> Plaintiffs, <br><br> v. <br><br> APPLE COMPUTER, INC.; ALL AROUND CO., LTD.; ARGUS A/K/A HARTFORD COMPUTER GROUP, CIN.; ARIMA DISPLAY, AU OPTRONICS CORP.; AU OPTRONICS CORPORATION AMERICA; BOE TECHNOLOGY GROUP COMPANY, LTD.; BEIJING BOE OPTOELECTRONICS TECHNOLOGY CO., LTD.; BOE-HYDIS TECHNOLOGY CO., LTD.; CASIO COMPUTER CO., LTD.; CASIO, INC.; CITIZEN SYSTEMS EUROPE; CITIZEN SYSTEMS AMERICA CORPORATION; CONCORD CAMERAS; DELL INC.; EASTMAN KODAK COMPANY; FUJI PHOTO FILM CO., LTD.; FUJI PHOTO FILE U.S.A., INC.; FUJITSU CO., LTD.; FUJITSO AMERICA, INC.; FUJITSU COMPUTER PRODUCTS OF AMERICA, INC.; HANNSTAR DISPLAY CORPORATION; HITACHI, LTD.; HITACHI DISPLAYS, LTD.; HITACHI DISPLAY DEVICES, LTD.; HITACHI ELECTRONIC DEVICES (USA), INC.; INNOLUX DISPLAY CORPORATION; INTERNATIONAL DISPLAY TECHNOLOGY; INTERNATIONAL DISPLAY TECHNOLOGY USA, INC.; KONINKLIJKE PHILIPS ELECTRONICS N.V.; PHILIPS CONSUMER ELECTRONICS NORTH AMERICA; PHILIPS ELECTRONICS NORTH AMERICA CORPORATION; KYOCERA WIRELESS CORP.; MATSUSHITA ELECTRICAL INDUSTRIAL CO.; MATSUSHITA ELECTRICAL CORPORATION OF AMERICA; NAVMAN NZ LIMITED; NAVMAN U.S.A. INC.; OLYMPUS CORPORATION; OLYMPUS AMERICA, INC.; PENTAX CORPORATION; PENTAX U.S.A., INC.; PICVUE ELECTRONICS LTD.; QUANTA DISPLAY INC.; SAMSUNG SDI CO., LTD.; SAMSUNG SDI AMERICA, INC.; SONY CORPORATION; SONY CORPORATION OF AMERICA; SONY ERICSSON | Civil Action No. 04-1338-KAJ |

| | |
|---|---|
| MOBILE COMMUNICATIONS AB; SONY ERICSSON MOBILE COMMUNICATIONS (USA) INC.; ST LIQUID CRYSTAL DISPLAY CORP.; TOPPOLY OPTOELECTRONICS CORP.; TOSHIBA CORPORATION; TOSHIBA AMERICA, INC.; WINTEK CORP.; WINTEK ELECTRO-OPTICS CORPORATION; WISTRON CORPORATION; and M-DISPLAY OPTRONICS CORP., <br><br>     Defendants. | |
| HONEYWELL INTERNATIONAL INC. And HONEYWELL INTERNATIONAL PROPERTIES, INC., <br><br>     Plaintiffs, <br><br>  v. | Civil Action No. 04-1337-KAJ |
| AUDIOVOX COMMUNICATIONS CORP.; AUDIOVOX ELECTRONICS CORPORATION; NIKON CORPORATION; NIKON INC.; NOKIA CORPORATION; NOKIA INC.; SANYO ELECTRONIC CO., LTD.; SANYO NORTH AMERICA CORPORATION; and SANYO EPSON IMAGING DEVICES CORPORATION, <br><br>     Defendants. | |
| OPTREX AMERICA, INC., <br><br>     Plaintiff, <br><br>  v. | Civil Action No. 04-1536-KAJ |
| HONEYWELL INTERNATIONAL, INC. and HONEYWELL INTELLECTUAL PROPERTIES INC., <br><br>     Defendants. | |

## PROPOSED FINAL PRETRIAL ORDER

This matter comes before the Court at a final pretrial conference held pursuant to Rule 16, Federal Rules of Civil Procedure.

**Plaintiff(s) Counsel:**


**Defendant(s) Counsel:**


### I.   Nature of the Case

The parties should prepare a brief statement of the nature of the case including the claims of the parties (personal injury, federal tort claim, breach of contracts, etc.). The principal purpose of this statement is to assist the Court in explaining the case to prospective jurors upon selection of a jury.

### II.   Jurisdiction

A.   This is an action for:

(State the remedy sought, such as damages, injunctive or declaratory relief.)

B.   The jurisdiction of the Court is not disputed (or, if the issue has not previously been raised, the basis on which jurisdiction is contested).

1.   If not disputed, state the statutory, constitutional or other basis of jurisdiction.

### III.   Uncontroverted Facts

The following facts are not disputed or have been agreed to or stipulated to by the parties:

(This section should contain a comprehensive statement of the facts which will become a part of the evidentiary record in the case and which, in jury trials, may be read to the jury.)

IV. **Agreed to Issues of Law**

The parties agree that the following are the issues to be decided by the Court:

V. **Witnesses (Please note those who will testify by deposition.)**

    A.    List of witnesses the plaintiff expects to call, including experts:

        1.    Expert witnesses.

        2.    Non-expert witnesses.

    B.    List of witnesses defendant expects to call, including experts:

        1.    Expert witnesses.

        2.    Non-expert witnesses.

    C.    If there are any third parties to the action, they should include an identical list of witnesses as that contained in Parts A and B above.

    D.    **Rebuttal Witnesses.** Each of the parties may call such rebuttal witnesses as may be necessary, without prior notice thereof to the other party.

VI. **Exhibits**

As set forth in Local Rule 16.4(d)(6), "A list of pre-marked exhibits, including designations of interrogatories and answers thereto, request for admissions and responses, which each party intends to offer at the trial with a specification of those which will be admitted in evidence without objection, those that will be objected to and the

Federal Rule of Evidence in support of said objection and the Federal Rule of Evidence relied upon by the proponent of the exhibit."

**VII.   Damages**

An itemized statement of all damages, including special damages.

**VIII.  Bifurcated Trial**

Indicate whether the parties desire a bifurcated trial, and, if so, why.

**IX.   Trial Briefs**

Motions *in limine* shall not be separately filed. Any *in limine* requests shall be set forth, with citation to authorities and brief argument, in the proposed pretrial order. Each party shall be limited to five *in limine* requests, unless otherwise permitted by the Court. Briefing shall not be submitted on *in limine* requests, unless otherwise permitted by the Court.

**X.    Limitations, Reservations and Other Matters**

A.   **Length of Trial**. The probable length of trial is _____ days. The case will be listed on the trial calendar to be tried when reached.

> Mark appropriate box:   Jury_____
> Non-jury_____

B.   **Number of Jurors**. There shall be six jurors and _____ alternate jurors.

C.   **Jury Voir Dire**. The Court will conduct voir dire. If voir dire questions are to be tendered, they should be submitted with the final pretrial order.

IT IS ORDERED that this Final Pretrial Order may be modified at the trial of the action, or prior thereto, to prevent manifest injustice or for good cause shown. Such

modification may be made either on application of counsel for the parties or on motion of the Court.

DATED: _____



_____
UNITED STATES DISTRICT JUDGE

APPROVED AS TO FORM AND SUBSTANCE:

_____
ATTORNEY FOR PLAINTIFF(S)

_____
ATTORNEY FOR DEFENDANT(S)

NOTE: Where a third-party defendant is joined pursuant to Rule 14(a) of the Federal Rules of Civil Procedure, the pretrial order may be suitably modified. The initial page may be modified to reflect the joinder. List attorney's name, address, and telephone number.