

**Potter Anderson & Corroon LLP**

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

Richard L. Horwitz
Partner
rhorwitz@potteranderson.com
302  984-6027  Direct Phone
302  658-1192  Fax

July 14, 2006

**PUBLIC VERSION JULY 21, 2006**

<u>**BY E-FILE**</u>

The Honorable Kent A. Jordan
United States District Court
    for the District of Delaware
U.S. Courthouse
844 King Street
Wilmington, Delaware 19801

CONFIDENTIAL
FILED UNDER SEAL PURSUANT
<u>TO D. DEL. LR 26.2</u>

Re:     Honeywell International, Inc., *et al* , v. Apple Computer, Inc., *et al* ,
D. Del., C.A. No. 04-1338-KAJ
Honeywell International Inc. , *et al*. v. Audiovox Communications Corp., *et al.*
D. Del., C.A. No. 04-1337-KAJ
Optrex America, Inc. v. Honeywell International Inc., *et al.*,
<u>D. Del., C.A. No. 04-1536-KAJ</u>

Dear Judge Jordan:

I write on behalf of the Manufacturer Defendants in anticipation of the telephone conference with the Court currently scheduled for July 21, 2006. The Manufacturer Defendants wish to alert the Court to several deficiencies in Plaintiff Honeywell's discovery responses to date, as well as other discovery-related issues, which we will be prepared to discuss in more detail during the teleconference.[1]

---

[1] Most, but not all, Manufacturer Defendants have served discovery on Honeywell and have received inadequate responses, as outlined herein. Not all Manufacturer Defendants have had the opportunity to meet and confer with Honeywell as of this date; however, it is presumed that Honeywell will take consistent positions with each Manufacturer Defendant. The issues outlined are therefore expected to be common to all Manufacturer Defendants. Honeywell's position is that, with respect to its own discovery deficiencies, the parties have yet to exhaust the meet and confer process and that it is premature for any Manufacturer Defendant to raise those issues with the Court. For the reasons stated herein, the Manufacturer Defendants strongly disagree.

The Honorable Kent A. Jordan
July 14, 2006
Page 2

(1)     Honeywell has refused to provide a meaningful response to Defendants'
interrogatories and document requests seeking information regarding Honeywell's claim
construction. Instead, Honeywell has objected that such discovery is "premature" in light of the
Court's claim construction procedure. See, e.g., Plaintiff's Answer to Interrogatory Nos. 1 and
10 of Defendant Samsung SDI Co., Ltd.'s First Set of Interrogatories (attached hereto as Exhibit
"A"). Similarly, Honeywell refuses to respond meaningfully to discovery regarding the factual
bases underlying its infringement contentions (whether literal or under the doctrine of
equivalents), primarily on the grounds that this discovery is premature prior to the Court's
*Markman* ruling and before receiving discovery from the defendants. See, e.g., Plaintiff's
Answer to Interrogatory No. 3 of Defendant Seiko Epson Corporation's First Set of
Interrogatories to Plaintiff (attached hereto as Exhibit "B").

Neither of Honeywell's objections has merit. As to the first point, this Court clearly
encourages early contention interrogatories (see March 28, 2006 Scheduling Order, Par. 3(c))
such as those seeking Honeywell's claim interpretation. It is therefore readily apparent that
Honeywell should be required to answer interrogatories and document requests directed at the
meaning and scope of the claim at issue. In the same way, to satisfy its obligation to conduct an
adequate pre-filing investigation, Honeywell must have reached factual conclusions regarding
the products that it now accuses of infringement. Defendants are entitled to those factual
conclusions. As a result, Honeywell should be instructed to fully respond to defendants'
discovery regarding claim construction and the factual bases for Honeywell's infringement
positions.

(2)     Honeywell has refused to produce documents to several of the Manufacturer
Defendants unless and until that defendant agrees not to share the documents with any other
defendant and/or until it receives documents from the Manufacturer Defendant. Honeywell has
explained that it does not want to lose "leverage" over a Manufacturer Defendant with which it is
in discovery negotiations by having its document production shared among the defendants. This
is not a legitimate basis for withholding discovery under the Federal Rules of Civil Procedure
and, in fact, constitutes a violation of Fed. R. Civ. Pro. 26(d). The Manufacturer Defendants
have crafted their discovery to Honeywell under the presumption that duplicative discovery was
not necessary, and that the Manufacturer Defendants would be sharing with each other
Honeywell's discovery responses and document production. In fact, some Manufacturer
Defendants have withheld serving discovery on Honeywell entirely, in order to avoid
unnecessary duplication. Moreover, it is inappropriate for Honeywell to withhold document
production in response to document requests it does not dispute, simply because disputed issues
related to Honeywell's own document requests have not yet been resolved. To proceed as
Honeywell demands would violate the Federal Rules and be grossly inefficient.

(3)     Honeywell has refused to provide complete responses to discovery requesting
information regarding those products it has investigated for purposes of assessing infringement.
Honeywell has limited its response to those products it has concluded infringe the '371 patent
but will not provide any information regarding what other products of the Manufacturer
Defendants it has investigated and how it concluded that such products do not infringe.

The Honorable Kent A. Jordan
July 14, 2006
Page 3

████████████████████████████████████████████████████ For many
Manufacturer Defendants, Honeywell has not explained the parameters under which it assessed
the rotation of the lens arrays, what angle its measurements revealed, or how this measurement
compares to Honeywell's interpretation of the "slight misalignment" required by Claim 3 of the
'371 patent. See, e.g., Plaintiff's Answer to Interrogatory Nos. 12 and 14 of Defendant Seiko
Epson Corporation's First Set of Interrogatories to Plaintiff (Exhibit "B") (during the parties'
meet and confer, Honeywell further declined to provide information as to the angle of rotation
measured for the accused modules, nor would it provide any details of its analysis of modules
not accused of infringement).

    (4)     Similarly, Honeywell has refused to provide any discovery on any Honeywell
LCD products, requiring the Manufacturer Defendants to rely on Honeywell's unilateral
determination that the LCD modules in those products are not covered by the '371 patent. ██
████████████████████████████████████ Honeywell has taken this position even with
respect to products from the period between reduction to practice in 1990 and filing in 1992, or
later when a failure to mark with the patent number would be fatal to Honeywell's claim for
damages. Moreover, Honeywell refuses to reveal the criteria for its determination that these
products are not covered by the '371 patent.

    The Manufacturer Defendants appreciate your consideration of these issues and believe
that resolution of these points will materially advance discovery in this case. There may be
additional disputed discovery issues unique to specific defendants, which may or may not be
raised at a future date. In the meantime, however, we wanted to bring to your attention the
universal difficulties the Manufacturer Defendants are experiencing.

                    Respectfully,

                    /s/ Richard L. Horwitz

                    Richard L. Horwitz
                    rhorwitz@potteranderson.com

RLH/msb/742172
Enc.
cc:     All Local Counsel of Record – By hand delivery