# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

HONEYWELL INTERNATIONAL INC.        )
and HONEYWELL INTELLECTUAL          )
PROPERTIES INC.,                    )
                                    )
          Plaintiffs,               )
                                    )    C.A. No. 04-1338-***
     v.                             )    (Consolidated)
                                    )
APPLE COMPUTER, INC., et al.,       )
                                    )
          Defendants.               )

## HONEYWELL'S RESPONSES TO OPTREX AMERICA, INC.'S SECOND SET OF REQUESTS FOR ADMISSIONS (NOS. 30-191)

Plaintiffs Honeywell International Inc. and Honeywell Intellectual Properties Inc. (collectively, "Honeywell" or "Plaintiff") hereby serve the following Objections and Responses to Defendant Optrex America, Inc.'s ("Optrex") Second Set of Requests for Admissions (Nos. 30-191).

## GENERAL OBJECTIONS

1.     Honeywell objects to each definition in Optrex's Second Set of Requests for Admissions (Nos. 30-191) to the extent that it is inconsistent with or imposes an obligation beyond that required by the Federal Rules of Civil Procedure or any local rule for this Court.

2.     Honeywell objects to each Request to the extent that it is inconsistent with or imposes an obligation beyond that required by the Federal Rules of Civil Procedure or any local rule for this Court.

3.     Honeywell objects to each Request to the extent that it is unlimited in time or scope, overly broad, unduly burdensome, or not reasonably calculated to lead to discovery of admissible evidence.

4.    Honeywell objects to each Request to the extent that it seeks discovery of information or production of documents or things protected by the attorney-client privilege, work product immunity, or any other privilege or immunity.

5.    Honeywell objects to each Request to the extent that it seeks admissions based on terms from the claims of the '371 patent since the Court has not yet construed the claims of the '371 patent.

6.    The following Responses are based upon information currently available to Honeywell. The Objections and Responses presented herein are made without prejudice to Honeywell's right to change, supplement, or otherwise amend its responses in any way. No incidental or implied admissions are intended by any Responses contained herein.

## RESPONSES

### REQUEST FOR ADMISSION NO. 30

Admit that Optrex LCD module no. F-55130GNCJ-LW-AEN, having the structure shown in engineering drawing No. LGP55130B, found at Bates number OAI 0126546, does not infringe any claim in the '371 Patent.

### RESPONSE:

Honeywell objects to this request on the grounds that it seeks an admission of information protected by the attorney-client and/or work product privileges and that it is irrelevant based upon Optrex's ongoing assertion in this matter that the only modules that are relevant to this litigation are those modules that Honeywell has specifically accused of infringing the '371 patent. Furthermore, Honeywell objects to this request on the ground that Honeywell cannot fully respond until and unless Optrex provides complete discovery regarding this module.

Subject to the foregoing objection as well as Honeywell's General Objections above, Honeywell can neither admit nor deny this request. As Optrex is aware, Optrex's own witness, Satoshi Kobayashi has testified that Optrex allows for a rotation tolerance of plus /

minus 1° or less in its modules.  Furthermore, and as previously set forth in Honeywell's

Responses to Optrex's First Set of Requests for Admission, which were served on May 22, 2006,

Honeywell can neither admit to nor deny this request because Optrex, itself, previously produced

module samples bearing the same product number wherein one module had no rotation of its

BEF films while the other module contained rotated BEF films.

**REQUEST FOR ADMISSION NO. 31**

Admit that in 1994, engineers, product designers, and/or management from
Honeywell received copies of SID's monthly periodical, "Information Display."

**RESPONSE:**

Honeywell objects to this request on the grounds that it is vague, overly broad,

and too burdensome to ask all of Honeywell's engineers, product designers, and/or management

for information relating to this request.  As such, Honeywell can neither admit nor deny this

request.

**REQUEST FOR ADMISSION NO. 32**

Admit that as a matter of general practice in 1994, engineers, product designers,
and/or management from Honeywell would review SID's monthly periodical "Information
Display," within 1 month after receiving the periodical from SID.

**RESPONSE:**

Honeywell objects to this request on the grounds that it is vague, overly broad,

and too burdensome to ask all of Honeywell's engineers, product designers, and/or management

for information relating to this request. As such, Honeywell can neither admit nor deny this

request.

**REQUEST FOR ADMISSION NO. 33**

Admit that engineers, product designers, and/or management from Honeywell
attended the 1994 SID Convention.

**RESPONSE:**

Honeywell objects to this request to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to this objection as well as Honeywell's General Objections above, Honeywell admits that between 1994-2003, certain of Honeywell's engineers, product designers, and/or management attended at least some SID conventions. Honeywell has no comprehensive attendance records of SID convention attendance of its employees. Honeywell reserves the right to supplement or otherwise amend this response after learning of new facts or receipt and review of discovery from other parties in this litigation.

**REQUEST FOR ADMISSION NO. 34**

Admit that engineers, product designers, and/or management from Honeywell visited the Optrex Exhibit Booth at the 1994 SID Convention.

**RESPONSE:**

Honeywell objects to this request on the grounds that it is vague, overly broad, and too burdensome to ask all of Honeywell's engineers, product designers, and/or management for information relating to this request. As such, Honeywell can neither admit nor deny this request.

**REQUEST FOR ADMISSION NO. 35**

Admit that engineers, product designers, and/or management from Honeywell viewed the products displayed at the Optrex Exhibit Booth at the 1994 SID Convention.

**RESPONSE:**

Honeywell objects to this request on the grounds that it is vague, overly broad, and too burdensome to ask all of Honeywell's engineers, product designers, and/or management for information relating to this request. As such, Honeywell can neither admit nor deny this request.

**REQUEST FOR ADMISSION NO. 36**

Admit that engineers, product designers, and/or management from Honeywell spoke with Optrex employees at the Optrex Exhibit Booth at the 1994 SID Convention.

**RESPONSE:**

Honeywell objects to this request on the grounds that it is vague, overly broad, and too burdensome to ask all of Honeywell's engineers, product designers, and/or management for information relating to this request. As such, Honeywell can neither admit nor deny this request.

**REQUEST FOR ADMISSION NO. 37**

Admit that engineers, product designers, and/or management from Honeywell visited a 3M Exhibit Booth at the 1994 SID Convention.

**RESPONSE:**

Honeywell objects to this request on the grounds that it is vague, overly broad, and too burdensome to ask all of Honeywell's engineers, product designers, and/or management for information relating to this request. As such, Honeywell can neither admit nor deny this request.

**REQUEST FOR ADMISSION NO. 38**

Admit that engineers, product designers, and/or management from Honeywell viewed products displayed at a 3M Exhibit Booth at the 1994 SID Convention.

**RESPONSE:**

Honeywell objects to this request on the grounds that it is vague, overly broad, and too burdensome to ask all of Honeywell's engineers, product designers, and/or management for information relating to this request. As such, Honeywell can neither admit nor deny this request.

**REQUEST FOR ADMISSION NO. 39**

Admit that engineers, product designers, and/or management from Honeywell spoke with 3M employees at a 3M Exhibit Booth at the 1994 SID Convention.

**RESPONSE:**

Honeywell objects to this request on the grounds that it is vague, overly broad, and too burdensome to ask all of Honeywell's engineers, product designers, and/or management for information relating to this request. As such, Honeywell can neither admit nor deny this request.

**REQUEST FOR ADMISSION NO. 40**

Admit that in 1995, SID listed Honeywell, Inc. as a "sustaining member" of SID.

**RESPONSE:**

Subject to the foregoing General Objections, Honeywell admits that it was listed as a sustaining member of SID for at least some of the years between 1994-2003. Honeywell reserves the right to supplement or otherwise amend this response after learning of new facts or receipt and review of discovery from other parties in this litigation.

**REQUEST FOR ADMISSION NO. 41**

Admit that in 1995, engineers, product designers, and/or management from Honeywell received copies of SID's monthly periodical, "Information Display."

**RESPONSE:**

Honeywell objects to this request on the grounds that it is vague, overly broad, and too burdensome to ask all of Honeywell's engineers, product designers, and/or management for information relating to this request. As such, Honeywell can neither admit nor deny this request.

**REQUEST FOR ADMISSION NO. 42**

Admit that as a matter of general practice in 1995, engineers, product designers, and/or management from Honeywell would review SID's monthly periodical "Information Display," within 1 month after receiving the periodical from SID.

**RESPONSE:**

Honeywell objects to this request on the grounds that it is vague, overly broad, and too burdensome to ask all of Honeywell's engineers, product designers, and/or management for information relating to this request. As such, Honeywell can neither admit nor deny this request.

**REQUEST FOR ADMISSION NO. 43**

Admit that engineers, product designers, and/or management from Honeywell attended the 1995 SID Convention.

**RESPONSE:**

Honeywell objects to this request to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to this objection as well as Honeywell's General Objections above, Honeywell admits that between 1994-2003, certain of Honeywell's engineers, product designers, and/or management attended at least some SID conventions. Honeywell has no comprehensive attendance records of SID convention attendance of its employees. Honeywell reserves the right to supplement or otherwise amend this response after learning of new facts or receipt and review of discovery from other parties in this litigation.

**REQUEST FOR ADMISSION NO. 44**

Admit that engineers, product designers, and/or management from Honeywell visited the Optrex Exhibit Booth at the 1995 SID Convention.

**RESPONSE:**

Honeywell objects to this request on the grounds that it is vague, overly broad, and too burdensome to ask all of Honeywell's engineers, product designers, and/or management

for information relating to this request.  As such, Honeywell can neither admit nor deny this request.

**REQUEST FOR ADMISSION NO. 45**

Admit that engineers, product designers, and/or management from Honeywell viewed the products displayed at the Optrex Exhibit Booth at the 1995 SID Convention.

**RESPONSE:**

Honeywell objects to this request on the grounds that it is vague, overly broad, and too burdensome to ask all of Honeywell's engineers, product designers, and/or management for information relating to this request.  As such, Honeywell can neither admit nor deny this request.

**REQUEST FOR ADMISSION NO. 46**

Admit that engineers, product designers, and/or management from Honeywell spoke with Optrex employees at the Optrex Exhibit Booth at the 1995 SID Convention.

**RESPONSE:**

Honeywell objects to this request on the grounds that it is vague, overly broad, and too burdensome to ask all of Honeywell's engineers, product designers, and/or management for information relating to this request.  As such, Honeywell can neither admit nor deny this request.

**REQUEST FOR ADMISSION NO. 47**

Admit that engineers, product designers, and/or management from Honeywell visited a 3M Exhibit Booth at the 1995 SID Convention.

**RESPONSE:**

Honeywell objects to this request on the grounds that it is vague, overly broad, and too burdensome to ask all of Honeywell's engineers, product designers, and/or management for information relating to this request.  As such, Honeywell can neither admit nor deny this request.

**REQUEST FOR ADMISSION NO. 48**

Admit that engineers, product designers, and/or management from Honeywell viewed products displayed at a 3M Exhibit Booth at the 1995 SID Convention.

**RESPONSE:**

Honeywell objects to this request on the grounds that it is vague, overly broad, and too burdensome to ask all of Honeywell's engineers, product designers, and/or management for information relating to this request. As such, Honeywell can neither admit nor deny this request.

**REQUEST FOR ADMISSION NO. 49**

Admit that engineers, product designers, and/or management from Honeywell spoke with 3M employees at a 3M Exhibit Booth at the 1995 SID Convention.

**RESPONSE:**

Honeywell objects to this request on the grounds that it is vague, overly broad, and too burdensome to ask all of Honeywell's engineers, product designers, and/or management for information relating to this request. As such, Honeywell can neither admit nor deny this request.

**REQUEST FOR ADMISSION NO. 50**

Admit that in 1996, SID listed Honeywell, Inc. as a "sustaining member" of SID.

**RESPONSE:**

Subject to the foregoing General Objections, Honeywell admits that it was listed as a sustaining member of SID for at least some of the years between 1994-2003. Honeywell reserves the right to supplement or otherwise amend this response after learning of new facts or receipt and review of discovery from other parties in this litigation.

**REQUEST FOR ADMISSION NO. 51**

Admit that in 1996, engineers, product designers, and/or management from Honeywell received copies of SID's monthly periodical, "Information Display."

**RESPONSE:**

Honeywell objects to this request on the grounds that it is vague, overly broad, and too burdensome to ask all of Honeywell's engineers, product designers, and/or management for information relating to this request. As such, Honeywell can neither admit nor deny this request.

**REQUEST FOR ADMISSION NO. 52**

Admit that as a matter of general practice in 1996, engineers, product designers, and/or management from Honeywell would review SID's monthly periodical "Information Display," within 1 month after receiving the periodical from SID.

**RESPONSE:**

Honeywell objects to this request on the grounds that it is vague, overly broad, and too burdensome to ask all of Honeywell's engineers, product designers, and/or management for information relating to this request. As such, Honeywell can neither admit nor deny this request.

**REQUEST FOR ADMISSION NO. 53**

Admit that engineers, product designers, and/or management from Honeywell attended the 1996 SID Convention.

**RESPONSE:**

Honeywell objects to this request to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to this objection as well as Honeywell's General Objections above, Honeywell admits that between 1994-2003, certain of Honeywell's engineers, product designers, and/or management attended at least some SID conventions. Honeywell has no comprehensive attendance records of SID convention attendance of its employees. Honeywell reserves the right to supplement or otherwise amend this response after learning of new facts or receipt and review of discovery from other parties in this litigation.

**REQUEST FOR ADMISSION NO. 54**

Admit that engineers, product designers, and/or management from Honeywell visited the Optrex Exhibit Booth at the 1996 SID Convention.

**RESPONSE:**

Honeywell objects to this request on the grounds that it is vague, overly broad, and too burdensome to ask all of Honeywell's engineers, product designers, and/or management for information relating to this request. As such, Honeywell can neither admit nor deny this request.

**REQUEST FOR ADMISSION NO. 55**

Admit that engineers, product designers, and/or management from Honeywell viewed the products displayed at the Optrex Exhibit Booth at the 1996 SID Convention.

**RESPONSE:**

Honeywell objects to this request on the grounds that it is vague, overly broad, and too burdensome to ask all of Honeywell's engineers, product designers, and/or management for information relating to this request. As such, Honeywell can neither admit nor deny this request.

**REQUEST FOR ADMISSION NO. 56**

Admit that engineers, product designers, and/or management from Honeywell spoke with Optrex employees at the Optrex Exhibit Booth at the 1996 SID Convention.

**RESPONSE:**

Honeywell objects to this request on the grounds that it is vague, overly broad, and too burdensome to ask all of Honeywell's engineers, product designers, and/or management for information relating to this request. As such, Honeywell can neither admit nor deny this request.

**REQUEST FOR ADMISSION NO. 57**

Admit that engineers, product designers, and/or management from Honeywell visited the 3M Exhibit Booth at the 1996 SID Convention.

**RESPONSE:**

Honeywell objects to this request on the grounds that it is vague, overly broad, and too burdensome to ask all of Honeywell's engineers, product designers, and/or management for information relating to this request. As such, Honeywell can neither admit nor deny this request.

**REQUEST FOR ADMISSION NO. 58**

Admit that engineers, product designers, and/or management from Honeywell viewed products displayed at the 3M Exhibit Booth at the 1996 SID Convention.

**RESPONSE:**

Honeywell objects to this request on the grounds that it is vague, overly broad, and too burdensome to ask all of Honeywell's engineers, product designers, and/or management for information relating to this request. As such, Honeywell can neither admit nor deny this request.

**REQUEST FOR ADMISSION NO. 59**

Admit that engineers, product designers, and/or management from Honeywell spoke with 3M employees at the 3M Exhibit Booth at the 1996 SID Convention.

**RESPONSE:**

Honeywell objects to this request on the grounds that it is vague, overly broad, and too burdensome to ask all of Honeywell's engineers, product designers, and/or management for information relating to this request. As such, Honeywell can neither admit nor deny this request.

**REQUEST FOR ADMISSION NO. 60**

Admit that in 1997, SID listed Honeywell, Inc. as a "sustaining member" of SID.

**RESPONSE:**

Subject to the foregoing General Objections, Honeywell admits that it was listed as a sustaining member of SID for at least some of the years between 1994-2003. Honeywell reserves the right to supplement or otherwise amend this response after learning of new facts or receipt and review of discovery from other parties in this litigation.

**REQUEST FOR ADMISSION NO. 61**

Admit that in 1997, engineers, product designers, and/or management from Honeywell received copies of SID's monthly periodical, "Information Display."

**RESPONSE:**

Honeywell objects to this request on the grounds that it is vague, overly broad, and too burdensome to ask all of Honeywell's engineers, product designers, and/or management for information relating to this request. As such, Honeywell can neither admit nor deny this request.

**REQUEST FOR ADMISSION NO. 62**

Admit that as a matter of general practice in 1997, engineers, product designers, and/or management from Honeywell would review SID's monthly periodical "Information Display," within 1 month after receiving the periodical from SID.

**RESPONSE:**

Honeywell objects to this request on the grounds that it is vague, overly broad, and too burdensome to ask all of Honeywell's engineers, product designers, and/or management for information relating to this request. As such, Honeywell can neither admit nor deny this request.

**REQUEST FOR ADMISSION NO. 63**

Admit that engineers, product designers, and/or management from Honeywell attended the 1997 SID Convention.

**RESPONSE:**

Honeywell objects to this request to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to this objection as well as Honeywell's General Objections above, Honeywell admits that between 1994-2003, certain of Honeywell's engineers, product designers, and/or management attended at least some SID conventions. Honeywell has no comprehensive attendance records of SID convention attendance of its employees. Honeywell reserves the right to supplement or otherwise amend this response after learning of new facts or receipt and review of discovery from other parties in this litigation.

**REQUEST FOR ADMISSION NO. 64**

Admit that engineers, product designers, and/or management from Honeywell visited the Optrex Exhibit Booth at the 1997 SID Convention.

**RESPONSE:**

Honeywell objects to this request on the grounds that it is vague, overly broad, and too burdensome to ask all of Honeywell's engineers, product designers, and/or management for information relating to this request. As such, Honeywell can neither admit nor deny this request.

**REQUEST FOR ADMISSION NO. 65**

Admit that engineers, product designers, and/or management from Honeywell viewed the products displayed at the Optrex Exhibit Booth at the 1997 SID Convention.

**RESPONSE:**

Honeywell objects to this request on the grounds that it is vague, overly broad, and too burdensome to ask all of Honeywell's engineers, product designers, and/or management for information relating to this request. As such, Honeywell can neither admit nor deny this request.

**REQUEST FOR ADMISSION NO. 66**

Admit that engineers, product designers, and/or management from Honeywell spoke with Optrex employees at the Optrex Exhibit Booth at the 1997 SID Convention.

**RESPONSE:**

Honeywell objects to this request on the grounds that it is vague, overly broad, and too burdensome to ask all of Honeywell's engineers, product designers, and/or management for information relating to this request. As such, Honeywell can neither admit nor deny this request.

**REQUEST FOR ADMISSION NO. 67**

Admit that engineers, product designers, and/or management from Honeywell visited the 3M Exhibit Booth at the 1997 SID Convention.

**RESPONSE:**

Honeywell objects to this request on the grounds that it is vague, overly broad, and too burdensome to ask all of Honeywell's engineers, product designers, and/or management for information relating to this request. As such, Honeywell can neither admit nor deny this request.

**REQUEST FOR ADMISSION NO. 68**

Admit that engineers, product designers, and/or management from Honeywell viewed products displayed at the 3M Exhibit Booth at the 1997 SID Convention.

**RESPONSE:**

Honeywell objects to this request on the grounds that it is vague, overly broad, and too burdensome to ask all of Honeywell's engineers, product designers, and/or management for information relating to this request. As such, Honeywell can neither admit nor deny this request.

**REQUEST FOR ADMISSION NO. 69**

Admit that engineers, product designers, and/or management from Honeywell spoke with 3M employees at the 3M Exhibit Booth at the 1997 SID Convention.

**RESPONSE:**

Honeywell objects to this request on the grounds that it is vague, overly broad, and too burdensome to ask all of Honeywell's engineers, product designers, and/or management for information relating to this request. As such, Honeywell can neither admit nor deny this request.

**REQUEST FOR ADMISSION NO. 70**

Admit that in 1998, SID listed Honeywell, Inc. as a "sustaining member" of SID.

**RESPONSE:**

Subject to the foregoing General Objections, Honeywell admits that it was listed as a sustaining member of SID for at least some of the years between 1994-2003. Honeywell reserves the right to supplement or otherwise amend this response after learning of new facts or receipt and review of discovery from other parties in this litigation.

**REQUEST FOR ADMISSION NO. 71**

Admit that in 1998, engineers, product designers, and/or management from Honeywell received copies of SID's monthly periodical, "Information Display."

**RESPONSE:**

Honeywell objects to this request on the grounds that it is vague, overly broad, and too burdensome to ask all of Honeywell's engineers, product designers, and/or management for information relating to this request. As such, Honeywell can neither admit nor deny this request.

**REQUEST FOR ADMISSION NO. 72**

Admit that as a matter of general practice in 1998, engineers, product designers, and/or management from Honeywell would review SID's monthly periodical "Information Display," within 1 month after receiving the periodical from SID.

**RESPONSE:**

Honeywell objects to this request on the grounds that it is vague, overly broad, and too burdensome to ask all of Honeywell's engineers, product designers, and/or management for information relating to this request.  As such, Honeywell can neither admit nor deny this request.

**REQUEST FOR ADMISSION NO. 73**

Admit that engineers, product designers, and/or management from Honeywell attended the 1998 SID Convention.

**RESPONSE:**

Honeywell objects to this request to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence.  Subject to this objection as well as Honeywell's General Objections above, Honeywell admits that between 1994-2003, certain of Honeywell's engineers, product designers, and/or management attended at least some SID conventions. Honeywell has no comprehensive attendance records of SID convention attendance of its employees.  Honeywell reserves the right to supplement or otherwise amend this response after learning of new facts or receipt and review of discovery from other parties in this litigation.

**REQUEST FOR ADMISSION NO. 74**

Admit that engineers, product designers, and/or management from Honeywell visited the Optrex Exhibit Booth at the 1998 SID Convention.

**RESPONSE:**

Honeywell objects to this request on the grounds that it is vague, overly broad, and too burdensome to ask all of Honeywell's engineers, product designers, and/or management

17

for information relating to this request.  As such, Honeywell can neither admit nor deny this request.

## REQUEST FOR ADMISSION NO. 75

Admit that engineers, product designers, and/or management from Honeywell viewed the products displayed at the Optrex Exhibit Booth at the 1998 SID Convention.

## RESPONSE:

Honeywell objects to this request on the grounds that it is vague, overly broad, and too burdensome to ask all of Honeywell's engineers, product designers, and/or management for information relating to this request.  As such, Honeywell can neither admit nor deny this request.

## REQUEST FOR ADMISSION NO. 76

Admit that engineers, product designers, and/or management from Honeywell spoke with Optrex employees at the Optrex Exhibit Booth at the 1998 SID Convention.

## RESPONSE:

Honeywell objects to this request on the grounds that it is vague, overly broad, and too burdensome to ask all of Honeywell's engineers, product designers, and/or management for information relating to this request.  As such, Honeywell can neither admit nor deny this request.

## REQUEST FOR ADMISSION NO. 77

Admit that engineers, product designers, and/or management horn Honeywell visited the 3M Exhibit Booth at the 1998 SID Convention.

## RESPONSE:

Honeywell objects to this request on the grounds that it is vague, overly broad, and too burdensome to ask all of Honeywell's engineers, product designers, and/or management for information relating to this request.  As such, Honeywell can neither admit nor deny this request.

**REQUEST FOR ADMISSION NO. 78**

Admit that engineers, product designers, and/or management from Honeywell viewed products displayed at the 3M Exhibit Booth at the 1998 SID Convention.

**RESPONSE:**

Honeywell objects to this request on the grounds that it is vague, overly broad, and too burdensome to ask all of Honeywell's engineers, product designers, and/or management for information relating to this request. As such, Honeywell can neither admit nor deny this request.

**REQUEST FOR ADMISSION NO. 79**

Admit that engineers, product designers, and/or management from Honeywell spoke with 3M employees at the 3M Exhibit Booth at the 1998 SID Convention.

**RESPONSE:**

Honeywell objects to this request on the grounds that it is vague, overly broad, and too burdensome to ask all of Honeywell's engineers, product designers, and/or management for information relating to this request. As such, Honeywell can neither admit nor deny this request.

**REQUEST FOR ADMISSION NO. 80**

Admit that in 1999, SID listed Honeywell, Inc, as a "sustaining member" of SID.

**RESPONSE:**

Subject to the foregoing General Objections, Honeywell admits that it was listed as a sustaining member of SID for at least some of the years between 1994-2003. Honeywell reserves the right to supplement or otherwise amend this response after learning of new facts or receipt and review of discovery from other parties in this litigation.

**REQUEST FOR ADMISSION NO. 81**

Admit that in 1999, engineers, product designers, and/or management from Honeywell received copies of SID's monthly periodical, "Information Display."

**RESPONSE:**

Honeywell objects to this request on the grounds that it is vague, overly broad, and too burdensome to ask all of Honeywell's engineers, product designers, and/or management for information relating to this request. As such, Honeywell can neither admit nor deny this request.

**REQUEST FOR ADMISSION NO. 82**

Admit that as a matter of general practice in 1999, engineers, product designers, and/or management from Honeywell would review SID's monthly periodical "Information Display," within 1 month after receiving the periodical from SID.

**RESPONSE:**

Honeywell objects to this request on the grounds that it is vague, overly broad, and too burdensome to ask all of Honeywell's engineers, product designers, and/or management for information relating to this request. As such, Honeywell can neither admit nor deny this request.

**REQUEST FOR ADMISSION NO. 83**

Admit that engineers, product designers, and/or management from Honeywell attended the 1999 SID Convention.

**RESPONSE:**

Honeywell objects to this request to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to this objection as well as Honeywell's General Objections above, Honeywell admits that between 1994-2003, certain of Honeywell's engineers, product designers, and/or management attended at least some SID conventions. Honeywell has no comprehensive attendance records of SID convention attendance of its employees. Honeywell reserves the right to supplement or otherwise amend this response after learning of new facts or receipt and review of discovery from other parties in this litigation.

**REQUEST FOR ADMISSION NO. 84**

Admit that engineers, product designers, and/or management from Honeywell visited the Optrex Exhibit Booth at the 1999 SID Convention.

**RESPONSE:**

Honeywell objects to this request on the grounds that it is vague, overly broad, and too burdensome to ask all of Honeywell's engineers, product designers, and/or management for information relating to this request. As such, Honeywell can neither admit nor deny this request.

**REQUEST FOR ADMISSION NO. 85**

Admit that engineers, product designers, and/or management from Honeywell viewed the products displayed at the Optrex Exhibit Booth at the 1999 SID Convention.

**RESPONSE:**

Honeywell objects to this request on the grounds that it is vague, overly broad, and too burdensome to ask all of Honeywell's engineers, product designers, and/or management for information relating to this request. As such, Honeywell can neither admit nor deny this request.

**REQUEST FOR ADMISSION NO. 86**

Admit that engineers, product designers, and/or management from Honeywell spoke with Optrex employees at the Optrex Exhibit Booth at the 1999 SID Convention.

**RESPONSE:**

Honeywell objects to this request on the grounds that it is vague, overly broad, and too burdensome to ask all of Honeywell's engineers, product designers, and/or management for information relating to this request. As such, Honeywell can neither admit nor deny this request.

**REQUEST FOR ADMISSION NO. 87**

Admit that engineers, product designers, and/or management from Honeywell visited the 3M Exhibit Booth at the 1999 SID Convention.

**RESPONSE:**

Honeywell objects to this request on the grounds that it is vague, overly broad, and too burdensome to ask all of Honeywell's engineers, product designers, and/or management for information relating to this request.  As such, Honeywell can neither admit nor deny this request.

**REQUEST FOR ADMISSION NO. 88**

Admit that engineers, product designers, and/or management from Honeywell viewed products displayed at the 3M Exhibit Booth at the 1999 SID Convention.

**RESPONSE:**

Honeywell objects to this request on the grounds that it is vague, overly broad, and too burdensome to ask all of Honeywell's engineers, product designers, and/or management for information relating to this request.  As such, Honeywell can neither admit nor deny this request.

**REQUEST FOR ADMISSION NO. 89**

Admit that engineers, product designers, and/or management from Honeywell spoke with 3M employees at the 3M Exhibit Booth at the 1999 SID Convention.

**RESPONSE:**

Honeywell objects to this request on the grounds that it is vague, overly broad, and too burdensome to ask all of Honeywell's engineers, product designers, and/or management for information relating to this request.  As such, Honeywell can neither admit nor deny this request.

**REQUEST FOR ADMISSION NO. 90**

Admit that in 2000, SID listed Honeywell, Inc, as a "sustaining member" of SID.

**RESPONSE:**

Subject to the foregoing General Objections, Honeywell admits that it was listed as a sustaining member of SID for at least some of the years between 1994-2003. Honeywell reserves the right to supplement or otherwise amend this response after learning of new facts or receipt and review of discovery from other parties in this litigation.

**REQUEST FOR ADMISSION NO. 91**

Admit that in 2000, engineers, product designers, and/or management from Honeywell received copies of SID's monthly periodical, "Information Display."

**RESPONSE:**

Honeywell objects to this request on the grounds that it is vague, overly broad, and too burdensome to ask all of Honeywell's engineers, product designers, and/or management for information relating to this request. As such, Honeywell can neither admit nor deny this request.

**REQUEST FOR ADMISSION NO. 92**

Admit that as a matter of general practice in 2000, engineers, product designers, and/or management from Honeywell would review SID's monthly periodical "Information Display," within 1 month after receiving the periodical from SID.

**RESPONSE:**

Honeywell objects to this request on the grounds that it is vague, overly broad, and too burdensome to ask all of Honeywell's engineers, product designers, and/or management for information relating to this request. As such, Honeywell can neither admit nor deny this request.

**REQUEST FOR ADMISSION NO. 93**

Admit that engineers, product designers, and/or management from Honeywell attended the 2000 SID Convention.

**RESPONSE:**

Honeywell objects to this request to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to this objection as well as Honeywell's General Objections above, Honeywell admits that between 1994-2003, certain of Honeywell's engineers, product designers, and/or management attended at least some SID conventions. Honeywell has no comprehensive attendance records of SID convention attendance of its employees. Honeywell reserves the right to supplement or otherwise amend this response after learning of new facts or receipt and review of discovery from other parties in this litigation.

**REQUEST FOR ADMISSION NO. 94**

Admit that engineers, product designers, and/or management from Honeywell visited the Optrex Exhibit Booth at the 2000 SID Convention.

**RESPONSE:**

Honeywell objects to this request on the grounds that it is vague, overly broad, and too burdensome to ask all of Honeywell's engineers, product designers, and/or management for information relating to this request. As such, Honeywell can neither admit nor deny this request.

**REQUEST FOR ADMISSION NO. 95**

Admit that engineers, product designers, and/or management from Honeywell viewed the products displayed at the Optrex Exhibit Booth at the 2000 SID Convention.

**RESPONSE:**

Honeywell objects to this request on the grounds that it is vague, overly broad, and too burdensome to ask all of Honeywell's engineers, product designers, and/or management for information relating to this request. As such, Honeywell can neither admit nor deny this request.

**REQUEST FOR ADMISSION NO. 96**

       Admit that engineers, product designers, and/or management from Honeywell spoke with Optrex employees at the Optrex Exhibit Booth at the 2000 SID Convention.

**RESPONSE:**

       Honeywell objects to this request on the grounds that it is vague, overly broad, and too burdensome to ask all of Honeywell's engineers, product designers, and/or management for information relating to this request.  As such, Honeywell can neither admit nor deny this request.

**REQUEST FOR ADMISSION NO. 97**

       Admit that engineers, product designers, and/or management from Honeywell visited the 3M Exhibit Booth at the 2000 SID Convention.

**RESPONSE:**

       Honeywell objects to this request on the grounds that it is vague, overly broad, and too burdensome to ask all of Honeywell's engineers, product designers, and/or management for information relating to this request.  As such, Honeywell can neither admit nor deny this request.

**REQUEST FOR ADMISSION NO. 98**

       Admit that engineers, product designers, and/or management from Honeywell viewed products displayed at the 3M Exhibit Booth at the 2000 SID Convention.

**RESPONSE:**

       Honeywell objects to this request on the grounds that it is vague, overly broad, and too burdensome to ask all of Honeywell's engineers, product designers, and/or management for information relating to this request.  As such, Honeywell can neither admit nor deny this request.

**REQUEST FOR ADMISSION NO. 99**

Admit that engineers, product designers, and/or management from Honeywell spoke with 3M employees at the 3M Exhibit Booth at the 2000 SID Convention.

**RESPONSE:**

Honeywell objects to this request on the grounds that it is vague, overly broad, and too burdensome to ask all of Honeywell's engineers, product designers, and/or management for information relating to this request. As such, Honeywell can neither admit nor deny this request.

**REQUEST FOR ADMISSION NO. 100**

Admit that in 2001, SID listed Honeywell, Inc. as a "sustaining member" of SID.

**RESPONSE:**

Subject to the foregoing General Objections, Honeywell admits that it was listed as a sustaining member of SID for at least some of the years between 1994-2003. Honeywell reserves the right to supplement or otherwise amend this response after learning of new facts or receipt and review of discovery from other parties in this litigation.

**REQUEST FOR ADMISSION NO. 101**

Admit that in 2001, engineers, product designers, and/or management from Honeywell received copies of SID's monthly periodical, "Information Display."

**RESPONSE:**

Honeywell objects to this request on the grounds that it is vague, overly broad, and too burdensome to ask all of Honeywell's engineers, product designers, and/or management for information relating to this request. As such, Honeywell can neither admit nor deny this request.

**REQUEST FOR ADMISSION NO. 102**

Admit that as a matter of general practice in 2001, engineers, product designers, and/or management from Honeywell would review SID's monthly periodical "Information Display," within 1 month after receiving the periodical from SID.

**RESPONSE:**

Honeywell objects to this request on the grounds that it is vague, overly broad, and too burdensome to ask all of Honeywell's engineers, product designers, and/or management for information relating to this request. As such, Honeywell can neither admit nor deny this request.

**REQUEST FOR ADMISSION NO. 103**

Admit that engineers, product designers, and/or management from Honeywell attended the 2001 SID Convention.

**RESPONSE:**

Honeywell objects to this request to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to this objection as well as Honeywell's General Objections above, Honeywell admits that between 1994-2003, certain of Honeywell's engineers, product designers, and/or management attended at least some SID conventions. Honeywell has no comprehensive attendance records of SID convention attendance of its employees. Honeywell reserves the right to supplement or otherwise amend this response after learning of new facts or receipt and review of discovery from other parties in this litigation.

**REQUEST FOR ADMISSION NO. 104**

Admit that engineers, product designers, and/or management from Honeywell visited the Optrex Exhibit Booth at the 2001 SID Convention.

**RESPONSE:**

Honeywell objects to this request on the grounds that it is vague, overly broad, and too burdensome to ask all of Honeywell's engineers, product designers, and/or management

for information relating to this request.  As such, Honeywell can neither admit nor deny this request.

## REQUEST FOR ADMISSION NO. 105

Admit that engineers, product designers, and/or management from Honeywell viewed the products displayed at the Optrex Exhibit Booth at the 2001 SID Convention.

## RESPONSE:

Honeywell objects to this request on the grounds that it is vague, overly broad, and too burdensome to ask all of Honeywell's engineers, product designers, and/or management for information relating to this request.  As such, Honeywell can neither admit nor deny this request.

## REQUEST FOR ADMISSION NO. 106

Admit that engineers, product designers, and/or management from Honeywell spoke with Optrex employees at the Optrex Exhibit Booth at the 2001 SID Convention.

## RESPONSE:

Honeywell objects to this request on the grounds that it is vague, overly broad, and too burdensome to ask all of Honeywell's engineers, product designers, and/or management for information relating to this request.  As such, Honeywell can neither admit nor deny this request.

## REQUEST FOR ADMISSION NO. 107

Admit that engineers, product designers, and/or management from Honeywell visited the 3M Exhibit Booth at the 2001 SID Convention.

## RESPONSE:

Honeywell objects to this request on the grounds that it is vague, overly broad, and too burdensome to ask all of Honeywell's engineers, product designers, and/or management for information relating to this request.  As such, Honeywell can neither admit nor deny this request.

**REQUEST FOR ADMISSION NO. 108**

Admit that engineers, product designers, and/or management from Honeywell viewed products displayed at the 3M Exhibit Booth at the 2001 SID Convention.

**RESPONSE:**

Honeywell objects to this request on the grounds that it is vague, overly broad, and too burdensome to ask all of Honeywell's engineers, product designers, and/or management for information relating to this request. As such, Honeywell can neither admit nor deny this request.

**REQUEST FOR ADMISSION NO. 109**

Admit that engineers, product designers, and/or management from Honeywell spoke with 3M employees at the 3M Exhibit Booth at the 2001 SID Convention.

**RESPONSE:**

Honeywell objects to this request on the grounds that it is vague, overly broad, and too burdensome to ask all of Honeywell's engineers, product designers, and/or management for information relating to this request. As such, Honeywell can neither admit nor deny this request.

**REQUEST FOR ADMISSION NO. 110**

Admit that in 2002, SID listed Honeywell, Inc. as a "sustaining member" of SID.

**RESPONSE:**

Subject to the foregoing General Objections, Honeywell admits that it was listed as a sustaining member of SID for at least some of the years between 1994-2003. Honeywell reserves the right to supplement or otherwise amend this response after learning of new facts or receipt and review of discovery from other parties in this litigation.

**REQUEST FOR ADMISSION NO. 111**

Admit that in 2002, engineers, product designers, and/or management from Honeywell received copies of SID's monthly periodical, "Information Display."

**RESPONSE:**

   Honeywell objects to this request on the grounds that it is vague, overly broad, and too burdensome to ask all of Honeywell's engineers, product designers, and/or management for information relating to this request. As such, Honeywell can neither admit nor deny this request.

**REQUEST FOR ADMISSION NO. 112**

   Admit that as a matter of general practice in 2002, engineers, product designers, and/or management from Honeywell would review SID's monthly periodical "Information Display," within 1 month after receiving the periodical from SID.

**RESPONSE:**

   Honeywell objects to this request on the grounds that it is vague, overly broad, and too burdensome to ask all of Honeywell's engineers, product designers, and/or management for information relating to this request. As such, Honeywell can neither admit nor deny this request.

**REQUEST FOR ADMISSION NO. 113**

   Admit that engineers, product designers, and/or management from Honeywell attended the 2002 SID Convention.

**RESPONSE:**

   Honeywell objects to this request to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to this objection as well as Honeywell's General Objections above, Honeywell admits that between 1994-2003, certain of Honeywell's engineers, product designers, and/or management attended at least some SID conventions. Honeywell has no comprehensive attendance records of SID convention attendance of its employees. Honeywell reserves the right to supplement or otherwise amend this response after learning of new facts or receipt and review of discovery from other parties in this litigation.

**REQUEST FOR ADMISSION NO. 114**

Admit that engineers, product designers, and/or management from Honeywell visited the Optrex Exhibit Booth at the 2002 SID Convention.

**RESPONSE:**

Honeywell objects to this request on the grounds that it is vague, overly broad, and too burdensome to ask all of Honeywell's engineers, product designers, and/or management for information relating to this request. As such, Honeywell can neither admit nor deny this request.

**REQUEST FOR ADMISSION NO. 115**

Admit that engineers, product designers, and/or management from Honeywell viewed the products displayed at the Optrex Exhibit Booth at the 2002 SD Convention.

**RESPONSE:**

Honeywell objects to this request on the grounds that it is vague, overly broad, and too burdensome to ask all of Honeywell's engineers, product designers, and/or management for information relating to this request. As such, Honeywell can neither admit nor deny this request.

**REQUEST FOR ADMISSION NO. 116**

Admit that engineers, product designers, and/or management from Honeywell spoke with Optrex employees at the Optrex Exhibit Booth at the 2002 SID Convention.

**RESPONSE:**

Honeywell objects to this request on the grounds that it is vague, overly broad, and too burdensome to ask all of Honeywell's engineers, product designers, and/or management for information relating to this request. As such, Honeywell can neither admit nor deny this request.

**REQUEST FOR ADMISSION NO. 117**

Admit that engineers, product designers, and/or management from Honeywell visited the 3M Exhibit Booth at the 2002 SID Convention.

**RESPONSE:**

Honeywell objects to this request on the grounds that it is vague, overly broad, and too burdensome to ask all of Honeywell's engineers, product designers, and/or management for information relating to this request. As such, Honeywell can neither admit nor deny this request.

**REQUEST FOR ADMISSION NO. 118**

Admit that engineers, product designers, and/or management £rom Honeywell viewed products displayed at the 3M Exhibit Booth at the 2002 SID Convention.

**RESPONSE:**

Honeywell objects to this request on the grounds that it is vague, overly broad, and too burdensome to ask all of Honeywell's engineers, product designers, and/or management for information relating to this request. As such, Honeywell can neither admit nor deny this request.

**REQUEST FOR ADMISSION NO. 119**

Admit that engineers, product designers, and/or management from Honeywell spoke with 3M employees at the 3M Exhibit Booth at the 2002 SID Convention.

**RESPONSE:**

Honeywell objects to this request on the grounds that it is vague, overly broad, and too burdensome to ask all of Honeywell's engineers, product designers, and/or management for information relating to this request. As such, Honeywell can neither admit nor deny this request.

**REQUEST FOR ADMISSION NO. 120**

Admit that in 2003, SID listed Honeywell, Inc. as a "sustaining member" of SID.

**RESPONSE:**

Subject to the foregoing General Objections, Honeywell admits that it was listed as a sustaining member of SID for at least some of the years between 1994-2003. Honeywell reserves the right to supplement or otherwise amend this response after learning of new facts or receipt and review of discovery from other parties in this litigation.

**REQUEST FOR ADMISSION NO. 121**

Admit that in 2003, engineers, product designers, and/or management from Honeywell received copies of SID's monthly periodical, "Information Display."

**RESPONSE:**

Honeywell objects to this request on the grounds that it is vague, overly broad, and too burdensome to ask all of Honeywell's engineers, product designers, and/or management for information relating to this request. As such, Honeywell can neither admit nor deny this request.

**REQUEST FOR ADMISSION NO. 122**

Admit that as a matter of general practice in 2003, engineers, product designers, and/or management from Honeywell would review SID's monthly periodical "Information Display," within 1 month after receiving the periodical from SID.

**RESPONSE:**

Honeywell objects to this request on the grounds that it is vague, overly broad, and too burdensome to ask all of Honeywell's engineers, product designers, and/or management for information relating to this request. As such, Honeywell can neither admit nor deny this request.

**REQUEST FOR ADMISSION NO. 123**

Admit that engineers, product designers, and/or management from Honeywell attended the 2003 SID Convention.

**RESPONSE:**

Honeywell objects to this request to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to this objection as well as Honeywell's General Objections above, Honeywell admits that between 1994-2003, certain of Honeywell's engineers, product designers, and/or management attended at least some SID conventions. Honeywell has no comprehensive attendance records of SID convention attendance of its employees. Honeywell reserves the right to supplement or otherwise amend this response after learning of new facts or receipt and review of discovery from other parties in this litigation.

**REQUEST FOR ADMISSION NO. 124**

Admit that engineers, product designers, and/or management from Honeywell visited the Optrex Exhibit Booth at the 2003 SID Convention.

**RESPONSE:**

Honeywell objects to this request on the grounds that it is vague, overly broad, and too burdensome to ask all of Honeywell's engineers, product designers, and/or management for information relating to this request. As such, Honeywell can neither admit nor deny this request.

**REQUEST FOR ADMISSION NO. 125**

Admit that engineers, product designers, and/or management from Honeywell viewed the products displayed at the Optrex Exhibit Booth at the 2003 SID Convention.

**RESPONSE:**

Honeywell objects to this request on the grounds that it is vague, overly broad, and too burdensome to ask all of Honeywell's engineers, product designers, and/or management for information relating to this request. As such, Honeywell can neither admit nor deny this request.

**REQUEST FOR ADMISSION NO. 126**

Admit that engineers, product designers, and/or management from Honeywell spoke with Optrex employees at the Optrex Exhibit Booth at the 2003 SID Convention.

**RESPONSE:**

Honeywell objects to this request on the grounds that it is vague, overly broad, and too burdensome to ask all of Honeywell's engineers, product designers, and/or management for information relating to this request. As such, Honeywell can neither admit nor deny this request.

**REQUEST FOR ADMISSION NO. 127**

Admit that engineers, product designers, and/or management from Honeywell visited the 3M Exhibit Booth at the 2003 SID Convention.

**RESPONSE:**

Honeywell objects to this request on the grounds that it is vague, overly broad, and too burdensome to ask all of Honeywell's engineers, product designers, and/or management for information relating to this request. As such, Honeywell can neither admit nor deny this request.

**REQUEST FOR ADMISSION NO. 128**

Admit that engineers, product designers, and/or management from Honeywell viewed products displayed at the 3M Exhibit Booth at the 2003SID Convention.

**RESPONSE:**

Honeywell objects to this request on the grounds that it is vague, overly broad, and too burdensome to ask all of Honeywell's engineers, product designers, and/or management for information relating to this request. As such, Honeywell can neither admit nor deny this request.

**REQUEST FOR ADMISSION NO. 129**

Admit that engineers, product designers, and/or management from Honeywell spoke with 3M employees at the 3M Exhibit Booth at the 2003 SID Convention.

**RESPONSE:**

Honeywell objects to this request on the grounds that it is vague, overly broad, and too burdensome to ask all of Honeywell's engineers, product designers, and/or management for information relating to this request. As such, Honeywell can neither admit nor deny this request.

**REQUEST FOR ADMISSION NO. 130**

Admit that Optrex LCD module no. DMF-50414NCU-FW **AA,** having the structure shown in engineering drawing No. UE 10141B, found at Bates number OAI 0126552, does not infringe claim 3 of the '371 Patent.

**RESPONSE:**

Honeywell objects to this request on the grounds that it seeks an admission of information protected by the attorney-client and/or work product privileges and that it is irrelevant based upon Optrex's ongoing assertion in this matter that the only modules that are relevant to this litigation are those modules that Honeywell has specifically accused of infringing the '371 patent. Furthermore, Honeywell objects to this request on the ground that Honeywell cannot fully respond until and unless Optrex provides complete discovery regarding this module.

Subject to the foregoing objection as well as Honeywell's General Objections above, Honeywell can neither admit nor deny this request. As Optrex is aware, Optrex's own witness, Satoshi Kobayashi has testified that Optrex allows for a rotation tolerance of plus / minus 1° or less in its modules. Furthermore, and as previously set forth in Honeywell's Responses to Optrex's First Set of Requests for Admission, which were served on May 22, 2006, Honeywell can neither admit to nor deny this request because Optrex, itself, previously produced

module samples bearing the same product number wherein one module had no rotation of its BEF films while the other module contained rotated BEF films.

## REQUEST FOR ADMISSION NO. 131

Admit that Optrex LCD module no. DMF-50414NCU-FW **AA,** having the structure shown in engineering drawing No. UE 10141B, found at Bates number OAI 0126552, does not infringe any claim in the '371 Patent.

## RESPONSE:

Honeywell objects to this request on the grounds that it seeks an admission of information protected by the attorney-client and/or work product privileges and that it is irrelevant based upon Optrex's ongoing assertion in this matter that the only modules that are relevant to this litigation are those modules that Honeywell has specifically accused of infringing the '371 patent. Furthermore, Honeywell objects to this request on the ground that Honeywell cannot fully respond until and unless Optrex provides complete discovery regarding this module.

Subject to the foregoing objection as well as Honeywell's General Objections above, Honeywell can neither admit nor deny this request. As Optrex is aware, Optrex's own witness, Satoshi Kobayashi has testified that Optrex allows for a rotation tolerance of plus / minus 1° or less in its modules. Furthermore, and as previously set forth in Honeywell's Responses to Optrex's First Set of Requests for Admission, which were served on May 22, 2006, Honeywell can neither admit to nor deny this request because Optrex, itself, previously produced module samples bearing the same product number wherein one module had no rotation of its BEF films while the other module contained rotated BEF films.

## REQUEST FOR ADMISSION NO. 132

Admit that Optrex LCD module no. DMF-50414NCU-FW-3 AD, having the structure shown in engineering drawing No. UE 10150B, found at Bates number OAI 0126554, does not infringe claim 3 of the '371 Patent.

**RESPONSE:**

Honeywell objects to this request on the grounds that it seeks an admission of information protected by the attorney-client and/or work product privileges and that it is irrelevant based upon Optrex's ongoing assertion in this matter that the only modules that are relevant to this litigation are those modules that Honeywell has specifically accused of infringing the '371 patent. Furthermore, Honeywell objects to this request on the ground that Honeywell cannot fully respond until and unless Optrex provides complete discovery regarding this module.

Subject to the foregoing objection as well as Honeywell's General Objections above, Honeywell can neither admit nor deny this request. As Optrex is aware, Optrex's own witness, Satoshi Kobayashi has testified that Optrex allows for a rotation tolerance of plus / minus 1° or less in its modules. Furthermore, and as previously set forth in Honeywell's Responses to Optrex's First Set of Requests for Admission, which were served on May 22, 2006, Honeywell can neither admit to nor deny this request because Optrex, itself, previously produced module samples bearing the same product number wherein one module had no rotation of its BEF films while the other module contained rotated BEF films.

**REQUEST FOR ADMISSION NO. 133**

Admit that Optrex LCD module no. DMF-50414NCU-FW-3 AD, having the structure shown in engineering drawing No. UE 10150B, found at Bates number OAI 0126554, does not infringe any claim in the '371 Patent.

**RESPONSE:**

Honeywell objects to this request on the grounds that it seeks an admission of information protected by the attorney-client and/or work product privileges and that it is irrelevant based upon Optrex's ongoing assertion in this matter that the only modules that are relevant to this litigation are those modules that Honeywell has specifically accused of infringing

the '371 patent. Furthermore, Honeywell objects to this request on the ground that Honeywell

cannot fully respond until and unless Optrex provides complete discovery regarding this module.

Subject to the foregoing objection as well as Honeywell's General Objections

above, Honeywell can neither admit nor deny this request. As Optrex is aware, Optrex's own

witness, Satoshi Kobayashi has testified that Optrex allows for a rotation tolerance of plus /

minus 1° or less in its modules. Furthermore, and as previously set forth in Honeywell's

Responses to Optrex's First Set of Requests for Admission, which were served on May 22, 2006,

Honeywell can neither admit to nor deny this request because Optrex, itself, previously produced

module samples bearing the same product number wherein one module had no rotation of its

BEF films while the other module contained rotated BEF films.

## REQUEST FOR ADMISSION NO. 134

Admit that Optrex LCD module no. DMF-50414NCU-FW-5 *AF*, having the
structure shown in engineering drawing No. UE 10141B, found at Bates number OAI 0126556,
does not infringe claim 3 of the '371 Patent.

## RESPONSE:

Honeywell objects to this request on the grounds that it seeks an admission of

information protected by the attorney-client and/or work product privileges and that it is

irrelevant based upon Optrex's ongoing assertion in this matter that the only modules that are

relevant to this litigation are those modules that Honeywell has specifically accused of infringing

the '371 patent. Furthermore, Honeywell objects to this request on the ground that Honeywell

cannot fully respond until and unless Optrex provides complete discovery regarding this module.

Subject to the foregoing objection as well as Honeywell's General Objections

above, Honeywell can neither admit nor deny this request. As Optrex is aware, Optrex's own

witness, Satoshi Kobayashi has testified that Optrex allows for a rotation tolerance of plus /

minus 1° or less in its modules. Furthermore, and as previously set forth in Honeywell's

Responses to Optrex's First Set of Requests for Admission, which were served on May 22, 2006,

Honeywell can neither admit to nor deny this request because Optrex, itself, previously produced

module samples bearing the same product number wherein one module had no rotation of its

BEF films while the other module contained rotated BEF films.

**REQUEST FOR ADMISSION NO. 135**

        Admit that Optrex LCD module no. DMF-50414NCU-FW-5 AF, having the
structure shown in engineering drawing No. UE 10141B, found at Bates number OAI 0126556,
does not infringe any claim in the '371 Patent.

**RESPONSE:**

        Honeywell objects to this request on the grounds that it seeks an admission of

information protected by the attorney-client and/or work product privileges and that it is

irrelevant based upon Optrex's ongoing assertion in this matter that the only modules that are

relevant to this litigation are those modules that Honeywell has specifically accused of infringing

the '371 patent. Furthermore, Honeywell objects to this request on the ground that Honeywell

cannot fully respond until and unless Optrex provides complete discovery regarding this module.

        Subject to the foregoing objection as well as Honeywell's General Objections

above, Honeywell can neither admit nor deny this request. As Optrex is aware, Optrex's own

witness, Satoshi Kobayashi has testified that Optrex allows for a rotation tolerance of plus /

minus 1° or less in its modules. Furthermore, and as previously set forth in Honeywell's

Responses to Optrex's First Set of Requests for Admission, which were served on May 22, 2006,

Honeywell can neither admit to nor deny this request because Optrex, itself, previously produced

module samples bearing the same product number wherein one module had no rotation of its

BEF films while the other module contained rotated BEF films.

## REQUEST FOR ADMISSION NO. 136

Admit that Optrex LCD module no. DMF-50414NCU-FW-13 AP, having the structure shown in engineering drawing No. UE 10231, found at Bates number OAI 0126558, does not infringe claim 3 of the '371 Patent.

## RESPONSE:

Honeywell objects to this request on the grounds that it seeks an admission of information protected by the attorney-client and/or work product privileges and that it is irrelevant based upon Optrex's ongoing assertion in this matter that the only modules that are relevant to this litigation are those modules that Honeywell has specifically accused of infringing the '371 patent. Furthermore, Honeywell objects to this request on the ground that Honeywell cannot fully respond until and unless Optrex provides complete discovery regarding this module.

Subject to the foregoing objection as well as Honeywell's General Objections above, Honeywell can neither admit nor deny this request. As Optrex is aware, Optrex's own witness, Satoshi Kobayashi has testified that Optrex allows for a rotation tolerance of plus / minus 1° or less in its modules. Furthermore, and as previously set forth in Honeywell's Responses to Optrex's First Set of Requests for Admission, which were served on May 22, 2006, Honeywell can neither admit to nor deny this request because Optrex, itself, previously produced module samples bearing the same product number wherein one module had no rotation of its BEF films while the other module contained rotated BEF films.

## REQUEST FOR ADMISSION NO. 137

Admit that Optrex LCD module no. DMF-50414NCU-FW-13 AP, having the structure shown in engineering drawing No. UE 10231, found at Bates number OAI 0126558, does not infringe any claim in the '371 Patent.

## RESPONSE:

Honeywell objects to this request on the grounds that it seeks an admission of information protected by the attorney-client and/or work product privileges and that it is

irrelevant based upon Optrex's ongoing assertion in this matter that the only modules that are relevant to this litigation are those modules that Honeywell has specifically accused of infringing the '371 patent. Furthermore, Honeywell objects to this request on the ground that Honeywell cannot fully respond until and unless Optrex provides complete discovery regarding this module.

Subject to the foregoing objection as well as Honeywell's General Objections above, Honeywell can neither admit nor deny this request. As Optrex is aware, Optrex's own witness, Satoshi Kobayashi has testified that Optrex allows for a rotation tolerance of plus / minus 1° or less in its modules. Furthermore, and as previously set forth in Honeywell's Responses to Optrex's First Set of Requests for Admission, which were served on May 22, 2006, Honeywell can neither admit to nor deny this request because Optrex, itself, previously produced module samples bearing the same product number wherein one module had no rotation of its BEF films while the other module contained rotated BEF films.

**REQUEST FOR ADMISSION NO. 138**

Admit that Optrex LCD module no. F-51161NCU-FW-AA, having the structure shown in engineering drawing No. UE 200306C, found at Bates number OAI 0126560, does not infringe claim 3 of the '371 Patent.

**RESPONSE:**

Honeywell objects to this request on the grounds that it seeks an admission of information protected by the attorney-client and/or work product privileges and that it is irrelevant based upon Optrex's ongoing assertion in this matter that the only modules that are relevant to this litigation are those modules that Honeywell has specifically accused of infringing the '371 patent. Furthermore, Honeywell objects to this request on the ground that Honeywell cannot fully respond until and unless Optrex provides complete discovery regarding this module.

Subject to the foregoing objection as well as Honeywell's General Objections above, Honeywell can neither admit nor deny this request. As Optrex is aware, Optrex's own

witness, Satoshi Kobayashi has testified that Optrex allows for a rotation tolerance of plus /

minus 1° or less in its modules.  Furthermore, and as previously set forth in Honeywell's

Responses to Optrex's First Set of Requests for Admission, which were served on May 22, 2006,

Honeywell can neither admit to nor deny this request because Optrex, itself, previously produced

module samples bearing the same product number wherein one module had no rotation of its

BEF films while the other module contained rotated BEF films.

**REQUEST FOR ADMISSION NO. 139**

      Admit that Optrex LCD module no. F-5 1 161NCU-FW-AA, having the structure
shown in engineering drawing No. UE 200306C, found at Bates number OAI 0126560, does not
infringe any claim in the '371 Patent.

**RESPONSE:**

      Honeywell objects to this request on the grounds that it seeks an admission of

information protected by the attorney-client and/or work product privileges and that it is

irrelevant based upon Optrex's ongoing assertion in this matter that the only modules that are

relevant to this litigation are those modules that Honeywell has specifically accused of infringing

the '371 patent.  Furthermore, Honeywell objects to this request on the ground that Honeywell

cannot fully respond until and unless Optrex provides complete discovery regarding this module.

      Subject to the foregoing objection as well as Honeywell's General Objections

above, Honeywell can neither admit nor deny this request.  As Optrex is aware, Optrex's own

witness, Satoshi Kobayashi has testified that Optrex allows for a rotation tolerance of plus /

minus 1° or less in its modules.  Furthermore, and as previously set forth in Honeywell's

Responses to Optrex's First Set of Requests for Admission, which were served on May 22, 2006,

Honeywell can neither admit to nor deny this request because Optrex, itself, previously produced

module samples bearing the same product number wherein one module had no rotation of its

BEF films while the other module contained rotated BEF films.

**REQUEST FOR ADMISSION NO. 140**

Admit that Optrex LCD module no. F-51719GNCJ-MLW-AD, having the structure shown in engineering drawing No. LGP51719F, found at Bates number OAI 0054065, does not infringe claim 3 of the '371 Patent.

**RESPONSE:**

Honeywell objects to this request on the grounds that it seeks an admission of information protected by the attorney-client and/or work product privileges and that it is irrelevant based upon Optrex's ongoing assertion in this matter that the only modules that are relevant to this litigation are those modules that Honeywell has specifically accused of infringing the '371 patent. Furthermore, Honeywell objects to this request on the ground that Honeywell cannot fully respond until and unless Optrex provides complete discovery regarding this module.

Subject to the foregoing objection as well as Honeywell's General Objections above, Honeywell can neither admit nor deny this request. As Optrex is aware, Optrex's own witness, Satoshi Kobayashi has testified that Optrex allows for a rotation tolerance of plus / minus 1° or less in its modules. Furthermore, and as previously set forth in Honeywell's Responses to Optrex's First Set of Requests for Admission, which were served on May 22, 2006, Honeywell can neither admit to nor deny this request because Optrex, itself, previously produced module samples bearing the same product number wherein one module had no rotation of its BEF films while the other module contained rotated BEF films.

**REQUEST FOR ADMISSION NO. 141**

Admit that Optrex LCD module no. F-51719GNCJ-MLW-AD, having the structure shown in engineering drawing No. LGP51719F, found at Bates number 0.41 0054065, does not infringe any claim in the '371 Patent.

**RESPONSE:**

Honeywell objects to this request on the grounds that it seeks an admission of information protected by the attorney-client and/or work product privileges and that it is

irrelevant based upon Optrex's ongoing assertion in this matter that the only modules that are

relevant to this litigation are those modules that Honeywell has specifically accused of infringing

the '371 patent. Furthermore, Honeywell objects to this request on the ground that Honeywell

cannot fully respond until and unless Optrex provides complete discovery regarding this module.

Subject to the foregoing objection as well as Honeywell's General Objections

above, Honeywell can neither admit nor deny this request. As Optrex is aware, Optrex's own

witness, Satoshi Kobayashi has testified that Optrex allows for a rotation tolerance of plus /

minus 1° or less in its modules. Furthermore, and as previously set forth in Honeywell's

Responses to Optrex's First Set of Requests for Admission, which were served on May 22, 2006,

Honeywell can neither admit to nor deny this request because Optrex, itself, previously produced

module samples bearing the same product number wherein one module had no rotation of its

BEF films while the other module contained rotated BEF films.

**REQUEST FOR ADMISSION NO. 142**

Admit that Optrex LCD module no. F-51719GNCJ-MLW-AE, having the
structure shown in engineering drawing No. LGP51719F, found at Bates number OAI 0054071,
does not infringe claim 3 of the '371 Patent.

**RESPONSE:**

Honeywell objects to this request on the grounds that it seeks an admission of

information protected by the attorney-client and/or work product privileges and that it is

irrelevant based upon Optrex's ongoing assertion in this matter that the only modules that are

relevant to this litigation are those modules that Honeywell has specifically accused of infringing

the '371 patent. Furthermore, Honeywell objects to this request on the ground that Honeywell

cannot fully respond until and unless Optrex provides complete discovery regarding this module.

Subject to the foregoing objection as well as Honeywell's General Objections

above, Honeywell can neither admit nor deny this request. As Optrex is aware, Optrex's own

45

witness, Satoshi Kobayashi has testified that Optrex allows for a rotation tolerance of plus /
minus 1° or less in its modules. Furthermore, and as previously set forth in Honeywell's
Responses to Optrex's First Set of Requests for Admission, which were served on May 22, 2006,
Honeywell can neither admit to nor deny this request because Optrex, itself, previously produced
module samples bearing the same product number wherein one module had no rotation of its
BEF films while the other module contained rotated BEF films.

## REQUEST FOR ADMISSION NO. 143

Admit that Optrex LCD module no. F-51719GNCJ-MLW-AE, having the
structure shown in engineering drawing No. LGP51719F, found at Bates number OAI 0054071,
does not infringe any claim in the '371 Patent.

## RESPONSE:

Honeywell objects to this request on the grounds that it seeks an admission of
information protected by the attorney-client and/or work product privileges and that it is
irrelevant based upon Optrex's ongoing assertion in this matter that the only modules that are
relevant to this litigation are those modules that Honeywell has specifically accused of infringing
the '371 patent. Furthermore, Honeywell objects to this request on the ground that Honeywell
cannot fully respond until and unless Optrex provides complete discovery regarding this module.

Subject to the foregoing objection as well as Honeywell's General Objections
above, Honeywell can neither admit nor deny this request. As Optrex is aware, Optrex's own
witness, Satoshi Kobayashi has testified that Optrex allows for a rotation tolerance of plus /
minus 1° or less in its modules. Furthermore, and as previously set forth in Honeywell's
Responses to Optrex's First Set of Requests for Admission, which were served on May 22, 2006,
Honeywell can neither admit to nor deny this request because Optrex, itself, previously produced
module samples bearing the same product number wherein one module had no rotation of its
BEF films while the other module contained rotated BEF films.

**REQUEST FOR ADMISSION NO. 144**

Admit that Optrex LCD module no. F-51875GNCJ-MLW-ABN, having the structure shown in engineering drawing No. LEDBL51875C-W, with revision 2 dated August 5, 2005, found at Bates number OAI 0126536, does not infringe claim 3 of the '371 Patent.

**RESPONSE:**

Honeywell objects to this request on the grounds that it seeks an admission of information protected by the attorney-client and/or work product privileges and that it is irrelevant based upon Optrex's ongoing assertion in this matter that the only modules that are relevant to this litigation are those modules that Honeywell has specifically accused of infringing the '371 patent. Furthermore, Honeywell objects to this request on the ground that Honeywell cannot fully respond until and unless Optrex provides complete discovery regarding this module.

Subject to the foregoing objection as well as Honeywell's General Objections above, Honeywell can neither admit nor deny this request. As Optrex is aware, Optrex's own witness, Satoshi Kobayashi has testified that Optrex allows for a rotation tolerance of plus / minus 1° or less in its modules. Furthermore, and as previously set forth in Honeywell's Responses to Optrex's First Set of Requests for Admission, which were served on May 22, 2006, Honeywell can neither admit to nor deny this request because Optrex, itself, previously produced module samples bearing the same product number wherein one module had no rotation of its BEF films while the other module contained rotated BEF films.

**REQUEST FOR ADMISSION NO. 145**

Admit that Optrex LCD module no. F-51875GNCJ-MLW-ABN, having the structure shown in engineering drawing No. LEDBL51875C-W, with revision 2 dated August 5, 2005, found at Bates number OAI 0126536, does not infringe any claim in the '371 Patent.

**RESPONSE:**

Honeywell objects to this request on the grounds that it seeks an admission of information protected by the attorney-client and/or work product privileges and that it is

irrelevant based upon Optrex's ongoing assertion in this matter that the only modules that are relevant to this litigation are those modules that Honeywell has specifically accused of infringing the '371 patent. Furthermore, Honeywell objects to this request on the ground that Honeywell cannot fully respond until and unless Optrex provides complete discovery regarding this module.

Subject to the foregoing objection as well as Honeywell's General Objections above, Honeywell can neither admit nor deny this request. As Optrex is aware, Optrex's own witness, Satoshi Kobayashi has testified that Optrex allows for a rotation tolerance of plus / minus 1° or less in its modules. Furthermore, and as previously set forth in Honeywell's Responses to Optrex's First Set of Requests for Admission, which were served on May 22, 2006, Honeywell can neither admit to nor deny this request because Optrex, itself, previously produced module samples bearing the same product number wherein one module had no rotation of its BEF films while the other module contained rotated BEF films.

**REQUEST FOR ADMISSION NO. 146**

Admit that Optrex LCD module no. T-51779GDO17J-MLW-AA, having the structure shown in engineering drawing No. UE-312589, with revision 1 dated May 30, 2006, found at Bates number OAI 0121759, does not infringe claim 3 of the '371 Patent.

**RESPONSE:**

Honeywell objects to this request on the grounds that it seeks an admission of information protected by the attorney-client and/or work product privileges and that it is irrelevant based upon Optrex's ongoing assertion in this matter that the only modules that are relevant to this litigation are those modules that Honeywell has specifically accused of infringing the '371 patent. Furthermore, Honeywell objects to this request on the ground that Honeywell cannot fully respond until and unless Optrex provides complete discovery regarding this module.

Subject to the foregoing objection as well as Honeywell's General Objections above, Honeywell can neither admit nor deny this request. As Optrex is aware, Optrex's own

witness, Satoshi Kobayashi has testified that Optrex allows for a rotation tolerance of plus /

minus 1° or less in its modules. Furthermore, and as previously set forth in Honeywell's

Responses to Optrex's First Set of Requests for Admission, which were served on May 22, 2006,

Honeywell can neither admit to nor deny this request because Optrex, itself, previously produced

module samples bearing the same product number wherein one module had no rotation of its

BEF films while the other module contained rotated BEF films.

**REQUEST FOR ADMISSION NO. 147**

        Admit that Optrex LCD module no. T-51779GD017J-MLW-AA, having the structure shown in engineering drawing No. UE-312589, with revision 1 dated May 30, 2006, found at Bates number OAI 0121759, does not infringe any claim in the '371 Patent.

**RESPONSE:**

        Honeywell objects to this request on the grounds that it seeks an admission of

information protected by the attorney-client and/or work product privileges and that it is

irrelevant based upon Optrex's ongoing assertion in this matter that the only modules that are

relevant to this litigation are those modules that Honeywell has specifically accused of infringing

the '371 patent. Furthermore, Honeywell objects to this request on the ground that Honeywell

cannot fully respond until and unless Optrex provides complete discovery regarding this module.

        Subject to the foregoing objection as well as Honeywell's General Objections

above, Honeywell can neither admit nor deny this request. As Optrex is aware, Optrex's own

witness, Satoshi Kobayashi has testified that Optrex allows for a rotation tolerance of plus /

minus 1° or less in its modules. Furthermore, and as previously set forth in Honeywell's

Responses to Optrex's First Set of Requests for Admission, which were served on May 22, 2006,

Honeywell can neither admit to nor deny this request because Optrex, itself, previously produced

module samples bearing the same product number wherein one module had no rotation of its

BEF films while the other module contained rotated BEF films.

**REQUEST FOR ADMISSION NO. 148**

Admit that Optrex LCD module no. T-51779GDO17J-MLW-AC, having the structure shown in engineering drawing No. UE-312589, with revision 1 dated May 30, 2006, found at Bates number OAI 0121759, does not infringe claim 3 of the '371 Patent.

**RESPONSE:**

Honeywell objects to this request on the grounds that it seeks an admission of information protected by the attorney-client and/or work product privileges and that it is irrelevant based upon Optrex's ongoing assertion in this matter that the only modules that are relevant to this litigation are those modules that Honeywell has specifically accused of infringing the '371 patent. Furthermore, Honeywell objects to this request on the ground that Honeywell cannot fully respond until and unless Optrex provides complete discovery regarding this module.

Subject to the foregoing objection as well as Honeywell's General Objections above, Honeywell can neither admit nor deny this request. As Optrex is aware, Optrex's own witness, Satoshi Kobayashi has testified that Optrex allows for a rotation tolerance of plus / minus 1° or less in its modules. Furthermore, and as previously set forth in Honeywell's Responses to Optrex's First Set of Requests for Admission, which were served on May 22, 2006, Honeywell can neither admit to nor deny this request because Optrex, itself, previously produced module samples bearing the same product number wherein one module had no rotation of its BEF films while the other module contained rotated BEF films.

**REQUEST FOR ADMISSION NO. 149**

Admit that Optrex LCD module no. T-51779GD017J-MLW-AC, having the structure shown in engineering drawing No. UE-312589, with revision 1 dated May 30, 2006, found at Bates number OAI 0121759, does not infringe any claim in the '371 Patent.

**RESPONSE:**

Honeywell objects to this request on the grounds that it seeks an admission of information protected by the attorney-client and/or work product privileges and that it is

irrelevant based upon Optrex's ongoing assertion in this matter that the only modules that are

relevant to this litigation are those modules that Honeywell has specifically accused of infringing

the '371 patent.  Furthermore, Honeywell objects to this request on the ground that Honeywell

cannot fully respond until and unless Optrex provides complete discovery regarding this module.

Subject to the foregoing objection as well as Honeywell's General Objections

above, Honeywell can neither admit nor deny this request.  As Optrex is aware, Optrex's own

witness, Satoshi Kobayashi has testified that Optrex allows for a rotation tolerance of plus /

minus 1° or less in its modules.  Furthermore, and as previously set forth in Honeywell's

Responses to Optrex's First Set of Requests for Admission, which were served on May 22, 2006,

Honeywell can neither admit to nor deny this request because Optrex, itself, previously produced

module samples bearing the same product number wherein one module had no rotation of its

BEF films while the other module contained rotated BEF films.

**REQUEST FOR ADMISSION NO. 150**

Admit that Optrex LCD module no. T-51779GDO17J-MLW-AD, having the
structure shown in engineering drawing No. UE-312589, with revision 1 dated May 30, 2006,
found at Bates number OAI 0121750, does not infringe claim 3 of the '371 Patent.

**RESPONSE:**

Honeywell objects to this request on the grounds that it seeks an admission of

information protected by the attorney-client and/or work product privileges and that it is

irrelevant based upon Optrex's ongoing assertion in this matter that the only modules that are

relevant to this litigation are those modules that Honeywell has specifically accused of infringing

the '371 patent.  Furthermore, Honeywell objects to this request on the ground that Honeywell

cannot fully respond until and unless Optrex provides complete discovery regarding this module.

Subject to the foregoing objection as well as Honeywell's General Objections

above, Honeywell can neither admit nor deny this request.  As Optrex is aware, Optrex's own

witness, Satoshi Kobayashi has testified that Optrex allows for a rotation tolerance of plus /
minus 1° or less in its modules.  Furthermore, and as previously set forth in Honeywell's
Responses to Optrex's First Set of Requests for Admission, which were served on May 22, 2006,
Honeywell can neither admit to nor deny this request because Optrex, itself, previously produced
module samples bearing the same product number wherein one module had no rotation of its
BEF films while the other module contained rotated BEF films.

**REQUEST FOR ADMISSION NO. 151**

   Admit that Optrex LCD module no. T-51779GD017J-MLW-AD, having the
structure shown in engineering drawing No. UE-312589, with revision 1 dated May 30, 2006,
found at Bates number OAI 0121750, does not infringe any claim in the '371 Patent.

**RESPONSE:**

   Honeywell objects to this request on the grounds that it seeks an admission of
information protected by the attorney-client and/or work product privileges and that it is
irrelevant based upon Optrex's ongoing assertion in this matter that the only modules that are
relevant to this litigation are those modules that Honeywell has specifically accused of infringing
the '371 patent.  Furthermore, Honeywell objects to this request on the ground that Honeywell
cannot fully respond until and unless Optrex provides complete discovery regarding this module.

   Subject to the foregoing objection as well as Honeywell's General Objections
above, Honeywell can neither admit nor deny this request.  As Optrex is aware, Optrex's own
witness, Satoshi Kobayashi has testified that Optrex allows for a rotation tolerance of plus /
minus 1° or less in its modules.  Furthermore, and as previously set forth in Honeywell's
Responses to Optrex's First Set of Requests for Admission, which were served on May 22, 2006,
Honeywell can neither admit to nor deny this request because Optrex, itself, previously produced
module samples bearing the same product number wherein one module had no rotation of its
BEF films while the other module contained rotated BEF films.

**REQUEST FOR ADMISSION NO. 152**

       Admit that Optrex LCD module no. T-51826GD017J-MLW-ACN, having the structure shown in engineering drawing No. LEDBL51826A-W-3, with revision 1 dated April 19, 2006, found at Bates number OAI 0121730, does not infringe claim 3 of the '371 Patent.

**RESPONSE:**

       Honeywell objects to this request on the grounds that it seeks an admission of information protected by the attorney-client and/or work product privileges and that it is irrelevant based upon Optrex's ongoing assertion in this matter that the only modules that are relevant to this litigation are those modules that Honeywell has specifically accused of infringing the '371 patent. Furthermore, Honeywell objects to this request on the ground that Honeywell cannot fully respond until and unless Optrex provides complete discovery regarding this module.

       Subject to the foregoing objection as well as Honeywell's General Objections above, Honeywell can neither admit nor deny this request. As Optrex is aware, Optrex's own witness, Satoshi Kobayashi has testified that Optrex allows for a rotation tolerance of plus / minus 1° or less in its modules. Furthermore, and as previously set forth in Honeywell's Responses to Optrex's First Set of Requests for Admission, which were served on May 22, 2006, Honeywell can neither admit to nor deny this request because Optrex, itself, previously produced module samples bearing the same product number wherein one module had no rotation of its BEF films while the other module contained rotated BEF films.

**REQUEST FOR ADMISSION NO. 153**

       Admit that Optrex LCD module no. T-51826GD017J-MLW-ACN, having the structure shown in engineering drawing No. LEDBL51826A-W-3, with revision 1 dated April 19, 2006, found at Bates number OAI 0121730, does not infringe any claim in the '371 Patent.

**RESPONSE:**

       Honeywell objects to this request on the grounds that it seeks an admission of information protected by the attorney-client and/or work product privileges and that it is

irrelevant based upon Optrex's ongoing assertion in this matter that the only modules that are relevant to this litigation are those modules that Honeywell has specifically accused of infringing the '371 patent. Furthermore, Honeywell objects to this request on the ground that Honeywell cannot fully respond until and unless Optrex provides complete discovery regarding this module.

Subject to the foregoing objection as well as Honeywell's General Objections above, Honeywell can neither admit nor deny this request. As Optrex is aware, Optrex's own witness, Satoshi Kobayashi has testified that Optrex allows for a rotation tolerance of plus / minus 1° or less in its modules. Furthermore, and as previously set forth in Honeywell's Responses to Optrex's First Set of Requests for Admission, which were served on May 22, 2006, Honeywell can neither admit to nor deny this request because Optrex, itself, previously produced module samples bearing the same product number wherein one module had no rotation of its BEF films while the other module contained rotated BEF films.

**REQUEST FOR ADMISSION NO. 154**

Admit that Optrex LCD module no. T-51911GD017J-MLW-AA, having the structure shown in engineering drawing No. UE-312606, with revision 1 dated May 29, 2006, found at Bates number OAI 0121566, does not infringe claim 3 of the '371 Patent.

**RESPONSE:**

Honeywell objects to this request on the grounds that it seeks an admission of information protected by the attorney-client and/or work product privileges and that it is irrelevant based upon Optrex's ongoing assertion in this matter that the only modules that are relevant to this litigation are those modules that Honeywell has specifically accused of infringing the '371 patent. Furthermore, Honeywell objects to this request on the ground that Honeywell cannot fully respond until and unless Optrex provides complete discovery regarding this module.

Subject to the foregoing objection as well as Honeywell's General Objections above, Honeywell can neither admit nor deny this request. As Optrex is aware, Optrex's own

54

witness, Satoshi Kobayashi has testified that Optrex allows for a rotation tolerance of plus / minus 1° or less in its modules. Furthermore, and as previously set forth in Honeywell's Responses to Optrex's First Set of Requests for Admission, which were served on May 22, 2006, Honeywell can neither admit to nor deny this request because Optrex, itself, previously produced module samples bearing the same product number wherein one module had no rotation of its BEF films while the other module contained rotated BEF films.

**REQUEST FOR ADMISSION NO. 155**

Admit that Optrex LCD module no. T-5 191 1GD017J-MLW-AA, having the structure shown in engineering drawing No. UE-312606, with revision 1 dated May 29, 2006, found at Bates number OAI 0121566, does not infringe any claim in the '371 Patent.

**RESPONSE:**

Honeywell objects to this request on the grounds that it seeks an admission of information protected by the attorney-client and/or work product privileges and that it is irrelevant based upon Optrex's ongoing assertion in this matter that the only modules that are relevant to this litigation are those modules that Honeywell has specifically accused of infringing the '371 patent. Furthermore, Honeywell objects to this request on the ground that Honeywell cannot fully respond until and unless Optrex provides complete discovery regarding this module.

Subject to the foregoing objection as well as Honeywell's General Objections above, Honeywell can neither admit nor deny this request. As Optrex is aware, Optrex's own witness, Satoshi Kobayashi has testified that Optrex allows for a rotation tolerance of plus / minus 1° or less in its modules. Furthermore, and as previously set forth in Honeywell's Responses to Optrex's First Set of Requests for Admission, which were served on May 22, 2006, Honeywell can neither admit to nor deny this request because Optrex, itself, previously produced module samples bearing the same product number wherein one module had no rotation of its BEF films while the other module contained rotated BEF films.

**REQUEST FOR ADMISSION NO. 156**

Admit that Optrex LCD module no. T-5 191 1GD017J-MLW-AB, having the structure shown in engineering drawing No. UE-312606, with revision 1 dated May 29, 2006, found at Bates number OAI 0121573, does not infringe claim 3 of the '371 Patent.

**RESPONSE:**

Honeywell objects to this request on the grounds that it seeks an admission of information protected by the attorney-client and/or work product privileges and that it is irrelevant based upon Optrex's ongoing assertion in this matter that the only modules that are relevant to this litigation are those modules that Honeywell has specifically accused of infringing the '371 patent. Furthermore, Honeywell objects to this request on the ground that Honeywell cannot fully respond until and unless Optrex provides complete discovery regarding this module.

Subject to the foregoing objection as well as Honeywell's General Objections above, Honeywell can neither admit nor deny this request. As Optrex is aware, Optrex's own witness, Satoshi Kobayashi has testified that Optrex allows for a rotation tolerance of plus / minus 1° or less in its modules. Furthermore, and as previously set forth in Honeywell's Responses to Optrex's First Set of Requests for Admission, which were served on May 22, 2006, Honeywell can neither admit to nor deny this request because Optrex, itself, previously produced module samples bearing the same product number wherein one module had no rotation of its BEF films while the other module contained rotated BEF films.

**REQUEST FOR ADMISSION NO. 157**

Admit that Optrex LCD module no. T-51911GD017J-MLW-AB, having the structure shown in engineering drawing No. UE-3 12606, with revision 1 dated May 29, 2006, found at Bates number OAI 0121573, does not infringe any claim in the '371 Patent.

**RESPONSE:**

Honeywell objects to this request on the grounds that it seeks an admission of information protected by the attorney-client and/or work product privileges and that it is

irrelevant based upon Optrex's ongoing assertion in this matter that the only modules that are relevant to this litigation are those modules that Honeywell has specifically accused of infringing the '371 patent. Furthermore, Honeywell objects to this request on the ground that Honeywell cannot fully respond until and unless Optrex provides complete discovery regarding this module.

Subject to the foregoing objection as well as Honeywell's General Objections above, Honeywell can neither admit nor deny this request. As Optrex is aware, Optrex's own witness, Satoshi Kobayashi has testified that Optrex allows for a rotation tolerance of plus / minus 1° or less in its modules. Furthermore, and as previously set forth in Honeywell's Responses to Optrex's First Set of Requests for Admission, which were served on May 22, 2006, Honeywell can neither admit to nor deny this request because Optrex, itself, previously produced module samples bearing the same product number wherein one module had no rotation of its BEF films while the other module contained rotated BEF films.

## REQUEST FOR ADMISSION NO. 158

Admit that Optrex LCD module no. T-5 191 1GD017J-MLW-AC, having the structure shown in engineering drawing No. UE-312606, with revision 1 dated May 29, 2006, found at Bates number OAI 0121573, does not infringe claim 3 of the '371 Patent.

## RESPONSE:

Honeywell objects to this request on the grounds that it seeks an admission of information protected by the attorney-client and/or work product privileges and that it is irrelevant based upon Optrex's ongoing assertion in this matter that the only modules that are relevant to this litigation are those modules that Honeywell has specifically accused of infringing the '371 patent. Furthermore, Honeywell objects to this request on the ground that Honeywell cannot fully respond until and unless Optrex provides complete discovery regarding this module.

Subject to the foregoing objection as well as Honeywell's General Objections above, Honeywell can neither admit nor deny this request. As Optrex is aware, Optrex's own

witness, Satoshi Kobayashi has testified that Optrex allows for a rotation tolerance of plus /
minus 1° or less in its modules. Furthermore, and as previously set forth in Honeywell's
Responses to Optrex's First Set of Requests for Admission, which were served on May 22, 2006,
Honeywell can neither admit to nor deny this request because Optrex, itself, previously produced
module samples bearing the same product number wherein one module had no rotation of its
BEF films while the other module contained rotated BEF films.

### REQUEST FOR ADMISSION NO. 159

Admit that Optrex LCD module no. T-5 191 1GD017J-MLW-AC, having the
structure shown in engineering drawing No. UE-3 12606, with revision 1 dated May 29, 2006,
found at Bates number OAI 0121573, does not infringe any claim in the '371 Patent.

### RESPONSE:

Honeywell objects to this request on the grounds that it seeks an admission of
information protected by the attorney-client and/or work product privileges and that it is
irrelevant based upon Optrex's ongoing assertion in this matter that the only modules that are
relevant to this litigation are those modules that Honeywell has specifically accused of infringing
the '371 patent. Furthermore, Honeywell objects to this request on the ground that Honeywell
cannot fully respond until and unless Optrex provides complete discovery regarding this module.

Subject to the foregoing objection as well as Honeywell's General Objections
above, Honeywell can neither admit nor deny this request. As Optrex is aware, Optrex's own
witness, Satoshi Kobayashi has testified that Optrex allows for a rotation tolerance of plus /
minus 1° or less in its modules. Furthermore, and as previously set forth in Honeywell's
Responses to Optrex's First Set of Requests for Admission, which were served on May 22, 2006,
Honeywell can neither admit to nor deny this request because Optrex, itself, previously produced
module samples bearing the same product number wherein one module had no rotation of its
BEF films while the other module contained rotated BEF films.

## REQUEST FOR ADMISSION NO. 160

Admit that Optrex LCD module no. T-51911GD0 17J-MLW-AD, having the structure shown in engineering drawing No. LEDBL51911-W-1, found at Bates number OAI 0121590, does not infringe claim 3 of the '371 Patent.

## RESPONSE:

Honeywell objects to this request on the grounds that it seeks an admission of information protected by the attorney-client and/or work product privileges and that it is irrelevant based upon Optrex's ongoing assertion in this matter that the only modules that are relevant to this litigation are those modules that Honeywell has specifically accused of infringing the '371 patent. Furthermore, Honeywell objects to this request on the ground that Honeywell cannot fully respond until and unless Optrex provides complete discovery regarding this module.

Subject to the foregoing objection as well as Honeywell's General Objections above, Honeywell can neither admit nor deny this request. As Optrex is aware, Optrex's own witness, Satoshi Kobayashi has testified that Optrex allows for a rotation tolerance of plus / minus 1° or less in its modules. Furthermore, and as previously set forth in Honeywell's Responses to Optrex's First Set of Requests for Admission, which were served on May 22, 2006, Honeywell can neither admit to nor deny this request because Optrex, itself, previously produced module samples bearing the same product number wherein one module had no rotation of its BEF films while the other module contained rotated BEF films.

## REQUEST FOR ADMISSION NO. 161

Admit that Optrex LCD module no. T-51911GD017J-MLW-AD, having the structure shown in engineering drawing No. LEDBL51911-W-1, found at Bates number OAI 0121590, does not infringe any claim in the '371 Patent.

## RESPONSE:

Honeywell objects to this request on the grounds that it seeks an admission of information protected by the attorney-client and/or work product privileges and that it is

irrelevant based upon Optrex's ongoing assertion in this matter that the only modules that are

relevant to this litigation are those modules that Honeywell has specifically accused of infringing

the '371 patent. Furthermore, Honeywell objects to this request on the ground that Honeywell

cannot fully respond until and unless Optrex provides complete discovery regarding this module.

Subject to the foregoing objection as well as Honeywell's General Objections

above, Honeywell can neither admit nor deny this request. As Optrex is aware, Optrex's own

witness, Satoshi Kobayashi has testified that Optrex allows for a rotation tolerance of plus /

minus 1° or less in its modules. Furthermore, and as previously set forth in Honeywell's

Responses to Optrex's First Set of Requests for Admission, which were served on May 22, 2006,

Honeywell can neither admit to nor deny this request because Optrex, itself, previously produced

module samples bearing the same product number wherein one module had no rotation of its

BEF films while the other module contained rotated BEF films.

**REQUEST FOR ADMISSION NO. 162**

Admit that Optrex LCD module no. T-51911GD0 17J-MLW-AEN, having the
structure shown in engineering drawing No. LEDBL51911-W-1, found at Bates number OAI
0121 582, does not infringe claim 3 of the '371 Patent.

**RESPONSE:**

Honeywell objects to this request on the grounds that it seeks an admission of

information protected by the attorney-client and/or work product privileges and that it is

irrelevant based upon Optrex's ongoing assertion in this matter that the only modules that are

relevant to this litigation are those modules that Honeywell has specifically accused of infringing

the '371 patent. Furthermore, Honeywell objects to this request on the ground that Honeywell

cannot fully respond until and unless Optrex provides complete discovery regarding this module.

Subject to the foregoing objection as well as Honeywell's General Objections

above, Honeywell can neither admit nor deny this request. As Optrex is aware, Optrex's own

witness, Satoshi Kobayashi has testified that Optrex allows for a rotation tolerance of plus / minus 1° or less in its modules. Furthermore, and as previously set forth in Honeywell's Responses to Optrex's First Set of Requests for Admission, which were served on May 22, 2006, Honeywell can neither admit to nor deny this request because Optrex, itself, previously produced module samples bearing the same product number wherein one module had no rotation of its BEF films while the other module contained rotated BEF films.

**REQUEST FOR ADMISSION NO. 163**

Admit that Optrex LCD module no. T-51911GD017J-MLW-AEN, having the structure shown in engineering drawing No. LEDBL51911-W-1, found at Bates number OAI 0121582, does not infringe any claim in the '371 Patent.

**RESPONSE:**

Honeywell objects to this request on the grounds that it seeks an admission of information protected by the attorney-client and/or work product privileges and that it is irrelevant based upon Optrex's ongoing assertion in this matter that the only modules that are relevant to this litigation are those modules that Honeywell has specifically accused of infringing the '371 patent. Furthermore, Honeywell objects to this request on the ground that Honeywell cannot fully respond until and unless Optrex provides complete discovery regarding this module.

Subject to the foregoing objection as well as Honeywell's General Objections above, Honeywell can neither admit nor deny this request. As Optrex is aware, Optrex's own witness, Satoshi Kobayashi has testified that Optrex allows for a rotation tolerance of plus / minus 1° or less in its modules. Furthermore, and as previously set forth in Honeywell's Responses to Optrex's First Set of Requests for Admission, which were served on May 22, 2006, Honeywell can neither admit to nor deny this request because Optrex, itself, previously produced module samples bearing the same product number wherein one module had no rotation of its BEF films while the other module contained rotated BEF films.

## REQUEST FOR ADMISSION NO. 164

Admit that Optrex LCD module no. T-5 191 1 GD017J-MLW-AFN, having the structure shown in engineering drawing No. LEDBL51911-W-1, found at Bates number OAI 0121596, does not infringe claim 3 of the '371 Patent.

## RESPONSE:

Honeywell objects to this request on the grounds that it seeks an admission of information protected by the attorney-client and/or work product privileges and that it is irrelevant based upon Optrex's ongoing assertion in this matter that the only modules that are relevant to this litigation are those modules that Honeywell has specifically accused of infringing the '371 patent. Furthermore, Honeywell objects to this request on the ground that Honeywell cannot fully respond until and unless Optrex provides complete discovery regarding this module.

Subject to the foregoing objection as well as Honeywell's General Objections above, Honeywell can neither admit nor deny this request. As Optrex is aware, Optrex's own witness, Satoshi Kobayashi has testified that Optrex allows for a rotation tolerance of plus / minus 1° or less in its modules. Furthermore, and as previously set forth in Honeywell's Responses to Optrex's First Set of Requests for Admission, which were served on May 22, 2006, Honeywell can neither admit to nor deny this request because Optrex, itself, previously produced module samples bearing the same product number wherein one module had no rotation of its BEF films while the other module contained rotated BEF films.

## REQUEST FOR ADMISSION NO. 165

Admit that Optrex LCD module no. T-5191 1GD017J-MLW-AFN, having the structure shown in engineering drawing No. LEDBL51911-W-I, found at Bates number OAI 0121596, does not infringe any claim in the '371 Patent.

## RESPONSE:

Honeywell objects to this request on the grounds that it seeks an admission of information protected by the attorney-client and/or work product privileges and that it is

irrelevant based upon Optrex's ongoing assertion in this matter that the only modules that are

relevant to this litigation are those modules that Honeywell has specifically accused of infringing

the '371 patent. Furthermore, Honeywell objects to this request on the ground that Honeywell

cannot fully respond until and unless Optrex provides complete discovery regarding this module.

Subject to the foregoing objection as well as Honeywell's General Objections

above, Honeywell can neither admit nor deny this request. As Optrex is aware, Optrex's own

witness, Satoshi Kobayashi has testified that Optrex allows for a rotation tolerance of plus /

minus 1° or less in its modules. Furthermore, and as previously set forth in Honeywell's

Responses to Optrex's First Set of Requests for Admission, which were served on May 22, 2006,

Honeywell can neither admit to nor deny this request because Optrex, itself, previously produced

module samples bearing the same product number wherein one module had no rotation of its

BEF films while the other module contained rotated BEF films.

## REQUEST FOR ADMISSION NO. 166

Admit that Optrex LCD module no. T-5 191 1GD017J-MLW-AGN, having the
structure shown in engineering drawing No. LEDBL51911-W-2, found at Bates number OAI
0121603, does not infringe claim 3 of the '371 Patent.

## RESPONSE:

Honeywell objects to this request on the grounds that it seeks an admission of

information protected by the attorney-client and/or work product privileges and that it is

irrelevant based upon Optrex's ongoing assertion in this matter that the only modules that are

relevant to this litigation are those modules that Honeywell has specifically accused of infringing

the '371 patent. Furthermore, Honeywell objects to this request on the ground that Honeywell

cannot fully respond until and unless Optrex provides complete discovery regarding this module.

Subject to the foregoing objection as well as Honeywell's General Objections

above, Honeywell can neither admit nor deny this request. As Optrex is aware, Optrex's own

witness, Satoshi Kobayashi has testified that Optrex allows for a rotation tolerance of plus /
minus 1° or less in its modules. Furthermore, and as previously set forth in Honeywell's
Responses to Optrex's First Set of Requests for Admission, which were served on May 22, 2006,
Honeywell can neither admit to nor deny this request because Optrex, itself, previously produced
module samples bearing the same product number wherein one module had no rotation of its
BEF films while the other module contained rotated BEF films.

## REQUEST FOR ADMISSION NO. 167

Admit that Optrex LCD module no. T-5 191 1 GD0 17J-MLW-AGN, having the
structure shown in engineering drawing No. LEDBL51911-W-2, found at Bates number OAI
0121603, does not infringe any claim in the '371 Patent.

## RESPONSE:

Honeywell objects to this request on the grounds that it seeks an admission of
information protected by the attorney-client and/or work product privileges and that it is
irrelevant based upon Optrex's ongoing assertion in this matter that the only modules that are
relevant to this litigation are those modules that Honeywell has specifically accused of infringing
the '371 patent. Furthermore, Honeywell objects to this request on the ground that Honeywell
cannot fully respond until and unless Optrex provides complete discovery regarding this module.

Subject to the foregoing objection as well as Honeywell's General Objections
above, Honeywell can neither admit nor deny this request. As Optrex is aware, Optrex's own
witness, Satoshi Kobayashi has testified that Optrex allows for a rotation tolerance of plus /
minus 1° or less in its modules. Furthermore, and as previously set forth in Honeywell's
Responses to Optrex's First Set of Requests for Admission, which were served on May 22, 2006,
Honeywell can neither admit to nor deny this request because Optrex, itself, previously produced
module samples bearing the same product number wherein one module had no rotation of its
BEF films while the other module contained rotated BEF films.

## REQUEST FOR ADMISSION NO. 168

Admit that Optrex LCD module no. T-51912GD017J-MLW-AA, having the structure shown in engineering drawing No. UE-312589 with revision 1 dated May 30, 2006, found at Bates number OAI 0121740, does not infringe claim 3 of the '371 Patent.

## RESPONSE:

Honeywell objects to this request on the grounds that it seeks an admission of information protected by the attorney-client and/or work product privileges and that it is irrelevant based upon Optrex's ongoing assertion in this matter that the only modules that are relevant to this litigation are those modules that Honeywell has specifically accused of infringing the '371 patent. Furthermore, Honeywell objects to this request on the ground that Honeywell cannot fully respond until and unless Optrex provides complete discovery regarding this module.

Subject to the foregoing objection as well as Honeywell's General Objections above, Honeywell can neither admit nor deny this request. As Optrex is aware, Optrex's own witness, Satoshi Kobayashi has testified that Optrex allows for a rotation tolerance of plus / minus 1° or less in its modules. Furthermore, and as previously set forth in Honeywell's Responses to Optrex's First Set of Requests for Admission, which were served on May 22, 2006, Honeywell can neither admit to nor deny this request because Optrex, itself, previously produced module samples bearing the same product number wherein one module had no rotation of its BEF films while the other module contained rotated BEF films.

## REQUEST FOR ADMISSION NO. 169

Admit that Optrex LCD module no. T-51912GD017J-MLW-AA, having the structure shown in engineering drawing No. UE-312589 with revision 1 dated May 30, 2006, found at Bates number OAI 0121740, does not infringe any claim in the '371 Patent.

## RESPONSE:

Honeywell objects to this request on the grounds that it seeks an admission of information protected by the attorney-client and/or work product privileges and that it is

irrelevant based upon Optrex's ongoing assertion in this matter that the only modules that are relevant to this litigation are those modules that Honeywell has specifically accused of infringing the '371 patent. Furthermore, Honeywell objects to this request on the ground that Honeywell cannot fully respond until and unless Optrex provides complete discovery regarding this module.

Subject to the foregoing objection as well as Honeywell's General Objections above, Honeywell can neither admit nor deny this request. As Optrex is aware, Optrex's own witness, Satoshi Kobayashi has testified that Optrex allows for a rotation tolerance of plus / minus 1° or less in its modules. Furthermore, and as previously set forth in Honeywell's Responses to Optrex's First Set of Requests for Admission, which were served on May 22, 2006, Honeywell can neither admit to nor deny this request because Optrex, itself, previously produced module samples bearing the same product number wherein one module had no rotation of its BEF films while the other module contained rotated BEF films.

## REQUEST FOR ADMISSION NO. 170

Admit that Optrex LCD module no. T-51912GD017J-MLW-AB, having the structure shown in engineering drawing No. UE-312589 with revision 1 dated May 30, 2006, found at Bates number OAI 0121740, does not infringe claim 3 of the '371 Patent.

## RESPONSE:

Honeywell objects to this request on the grounds that it seeks an admission of information protected by the attorney-client and/or work product privileges and that it is irrelevant based upon Optrex's ongoing assertion in this matter that the only modules that are relevant to this litigation are those modules that Honeywell has specifically accused of infringing the '371 patent. Furthermore, Honeywell objects to this request on the ground that Honeywell cannot fully respond until and unless Optrex provides complete discovery regarding this module.

Subject to the foregoing objection as well as Honeywell's General Objections above, Honeywell can neither admit nor deny this request. As Optrex is aware, Optrex's own

witness, Satoshi Kobayashi has testified that Optrex allows for a rotation tolerance of plus / minus 1° or less in its modules. Furthermore, and as previously set forth in Honeywell's Responses to Optrex's First Set of Requests for Admission, which were served on May 22, 2006, Honeywell can neither admit to nor deny this request because Optrex, itself, previously produced module samples bearing the same product number wherein one module had no rotation of its BEF films while the other module contained rotated BEF films.

## REQUEST FOR ADMISSION NO. 171

Admit that Optrex LCD module no. T-5 1912GD017J-MLW-AB, having the structure shown in engineering drawing No. UE-312589 with revision 1 dated May 30, 2006, found at Bates number OAI 0121740, does not infringe any claim in the '371 Patent.

## RESPONSE:

Honeywell objects to this request on the grounds that it seeks an admission of information protected by the attorney-client and/or work product privileges and that it is irrelevant based upon Optrex's ongoing assertion in this matter that the only modules that are relevant to this litigation are those modules that Honeywell has specifically accused of infringing the '371 patent. Furthermore, Honeywell objects to this request on the ground that Honeywell cannot fully respond until and unless Optrex provides complete discovery regarding this module.

Subject to the foregoing objection as well as Honeywell's General Objections above, Honeywell can neither admit nor deny this request. As Optrex is aware, Optrex's own witness, Satoshi Kobayashi has testified that Optrex allows for a rotation tolerance of plus / minus 1° or less in its modules. Furthermore, and as previously set forth in Honeywell's Responses to Optrex's First Set of Requests for Admission, which were served on May 22, 2006, Honeywell can neither admit to nor deny this request because Optrex, itself, previously produced module samples bearing the same product number wherein one module had no rotation of its BEF films while the other module contained rotated BEF films.

**REQUEST FOR ADMISSION NO. 172**

Admit that Optrex LCD module no. T-51912GD017J-MLW-ABN, having the structure shown in engineering drawing No. UE-312589 with revision 1 dated May 30, 2006, found at Bates number OAI 0121740, does not infringe claim 3 of the '371 Patent.

**RESPONSE:**

Honeywell objects to this request on the grounds that it seeks an admission of information protected by the attorney-client and/or work product privileges and that it is irrelevant based upon Optrex's ongoing assertion in this matter that the only modules that are relevant to this litigation are those modules that Honeywell has specifically accused of infringing the '371 patent. Furthermore, Honeywell objects to this request on the ground that Honeywell cannot fully respond until and unless Optrex provides complete discovery regarding this module.

Subject to the foregoing objection as well as Honeywell's General Objections above, Honeywell can neither admit nor deny this request. As Optrex is aware, Optrex's own witness, Satoshi Kobayashi has testified that Optrex allows for a rotation tolerance of plus / minus $1°$ or less in its modules. Furthermore, and as previously set forth in Honeywell's Responses to Optrex's First Set of Requests for Admission, which were served on May 22, 2006, Honeywell can neither admit to nor deny this request because Optrex, itself, previously produced module samples bearing the same product number wherein one module had no rotation of its BEF films while the other module contained rotated BEF films.

**REQUEST FOR ADMISSION NO. 173**

Admit that Optrex LCD module no. T-5 1912GD017J-MLW-ABN, having the structure shown in engineering drawing No. UE-312589 with revision 1 dated May 30, 2006, found at Bates number OAI 0121740, does not infringe any claim in the '371 Patent.

**RESPONSE:**

Honeywell objects to this request on the grounds that it seeks an admission of information protected by the attorney-client and/or work product privileges and that it is

irrelevant based upon Optrex's ongoing assertion in this matter that the only modules that are

relevant to this litigation are those modules that Honeywell has specifically accused of infringing

the '371 patent. Furthermore, Honeywell objects to this request on the ground that Honeywell

cannot fully respond until and unless Optrex provides complete discovery regarding this module.

Subject to the foregoing objection as well as Honeywell's General Objections

above, Honeywell can neither admit nor deny this request. As Optrex is aware, Optrex's own

witness, Satoshi Kobayashi has testified that Optrex allows for a rotation tolerance of plus /

minus 1° or less in its modules. Furthermore, and as previously set forth in Honeywell's

Responses to Optrex's First Set of Requests for Admission, which were served on May 22, 2006,

Honeywell can neither admit to nor deny this request because Optrex, itself, previously produced

module samples bearing the same product number wherein one module had no rotation of its

BEF films while the other module contained rotated BEF films.

## REQUEST FOR ADMISSION NO. 174

Admit that Optrex LCD module no. T-51912GD017J-MLW-AC, having the
structure shown in engineering drawing No. UE-312589 with revision 1 dated May 30, 2006,
found at Bates number OAI 0121740, does not infringe claim 3 of the '371 Patent.

## RESPONSE:

Honeywell objects to this request on the grounds that it seeks an admission of

information protected by the attorney-client and/or work product privileges and that it is

irrelevant based upon Optrex's ongoing assertion in this matter that the only modules that are

relevant to this litigation are those modules that Honeywell has specifically accused of infringing

the '371 patent. Furthermore, Honeywell objects to this request on the ground that Honeywell

cannot fully respond until and unless Optrex provides complete discovery regarding this module.

Subject to the foregoing objection as well as Honeywell's General Objections

above, Honeywell can neither admit nor deny this request. As Optrex is aware, Optrex's own

witness, Satoshi Kobayashi has testified that Optrex allows for a rotation tolerance of plus /
minus 1° or less in its modules.   Furthermore, and as previously set forth in Honeywell's
Responses to Optrex's First Set of Requests for Admission, which were served on May 22, 2006,
Honeywell can neither admit to nor deny this request because Optrex, itself, previously produced
module samples bearing the same product number wherein one module had no rotation of its
BEF films while the other module contained rotated BEF films.

**REQUEST FOR ADMISSION NO. 175**

        Admit that Optrex LCD module no. T-5 19 12GD0 17J-MLW-AC, having the
structure shown in engineering drawing No. UE-312589 with revision 1 dated May 30, 2006,
found at Bates number OAI 0121740, does not infringe any claim in the '371 Patent.

**RESPONSE:**

        Honeywell objects to this request on the grounds that it seeks an admission of
information protected by the attorney-client and/or work product privileges and that it is
irrelevant based upon Optrex's ongoing assertion in this matter that the only modules that are
relevant to this litigation are those modules that Honeywell has specifically accused of infringing
the '371 patent.   Furthermore, Honeywell objects to this request on the ground that Honeywell
cannot fully respond until and unless Optrex provides complete discovery regarding this module.

        Subject to the foregoing objection as well as Honeywell's General Objections
above, Honeywell can neither admit nor deny this request.   As Optrex is aware, Optrex's own
witness, Satoshi Kobayashi has testified that Optrex allows for a rotation tolerance of plus /
minus 1° or less in its modules.   Furthermore, and as previously set forth in Honeywell's
Responses to Optrex's First Set of Requests for Admission, which were served on May 22, 2006,
Honeywell can neither admit to nor deny this request because Optrex, itself, previously produced
module samples bearing the same product number wherein one module had no rotation of its
BEF films while the other module contained rotated BEF films.

## REQUEST FOR ADMISSION NO. 176

Admit that Optrex LCD module no. T-51963GD035J-MLW-AFN, having the structure shown in engineering drawing No. LEDBL51963B-W-1, found at Bates number OAI 0126531, does not infringe claim 3 of the '371 Patent.

## RESPONSE:

Honeywell objects to this request on the grounds that it seeks an admission of information protected by the attorney-client and/or work product privileges and that it is irrelevant based upon Optrex's ongoing assertion in this matter that the only modules that are relevant to this litigation are those modules that Honeywell has specifically accused of infringing the '371 patent. Furthermore, Honeywell objects to this request on the ground that Honeywell cannot fully respond until and unless Optrex provides complete discovery regarding this module.

Subject to the foregoing objection as well as Honeywell's General Objections above, Honeywell can neither admit nor deny this request. As Optrex is aware, Optrex's own witness, Satoshi Kobayashi has testified that Optrex allows for a rotation tolerance of plus / minus 1° or less in its modules. Furthermore, and as previously set forth in Honeywell's Responses to Optrex's First Set of Requests for Admission, which were served on May 22, 2006, Honeywell can neither admit to nor deny this request because Optrex, itself, previously produced module samples bearing the same product number wherein one module had no rotation of its BEF films while the other module contained rotated BEF films.

## REQUEST FOR ADMISSION NO. 177

Admit that Optrex LCD module no. T-51963GD035J-MLW-AFN, having the structure shown in engineering drawing No. LEDBL51963B-W-1, found at Bates number OAI 0126531, does not infringe any claim in the '371 Patent.

## RESPONSE:

Honeywell objects to this request on the grounds that it seeks an admission of information protected by the attorney-client and/or work product privileges and that it is

irrelevant based upon Optrex's ongoing assertion in this matter that the only modules that are relevant to this litigation are those modules that Honeywell has specifically accused of infringing the '371 patent. Furthermore, Honeywell objects to this request on the ground that Honeywell cannot fully respond until and unless Optrex provides complete discovery regarding this module.

Subject to the foregoing objection as well as Honeywell's General Objections above, Honeywell can neither admit nor deny this request. As Optrex is aware, Optrex's own witness, Satoshi Kobayashi has testified that Optrex allows for a rotation tolerance of plus / minus 1° or less in its modules. Furthermore, and as previously set forth in Honeywell's Responses to Optrex's First Set of Requests for Admission, which were served on May 22, 2006, Honeywell can neither admit to nor deny this request because Optrex, itself, previously produced module samples bearing the same product number wherein one module had no rotation of its BEF films while the other module contained rotated BEF films.

## REQUEST FOR ADMISSION NO. 178

Admit that Optrex LCD module no. T-51963GD035J-MLW-AGN, having the structure shown in engineering drawing No. LEDBL51963B-W-1, found at Bates number OAI 012653 1, does not infringe claim 3 of the '371 Patent.

## RESPONSE:

Honeywell objects to this request on the grounds that it seeks an admission of information protected by the attorney-client and/or work product privileges and that it is irrelevant based upon Optrex's ongoing assertion in this matter that the only modules that are relevant to this litigation are those modules that Honeywell has specifically accused of infringing the '371 patent. Furthermore, Honeywell objects to this request on the ground that Honeywell cannot fully respond until and unless Optrex provides complete discovery regarding this module.

Subject to the foregoing objection as well as Honeywell's General Objections above, Honeywell can neither admit nor deny this request. As Optrex is aware, Optrex's own

witness, Satoshi Kobayashi has testified that Optrex allows for a rotation tolerance of plus / minus 1° or less in its modules. Furthermore, and as previously set forth in Honeywell's Responses to Optrex's First Set of Requests for Admission, which were served on May 22, 2006, Honeywell can neither admit to nor deny this request because Optrex, itself, previously produced module samples bearing the same product number wherein one module had no rotation of its BEF films while the other module contained rotated BEF films.

**REQUEST FOR ADMISSION NO. 179**

Admit that Optrex LCD module no. T-51963GD035J-MLW-AGN, having the structure shown in engineering drawing No. LEDBL51963B-W-1, found at Bates number OAI 0126531, does not infringe any claim in the '371 Patent.

**RESPONSE:**

Honeywell objects to this request on the grounds that it seeks an admission of information protected by the attorney-client and/or work product privileges and that it is irrelevant based upon Optrex's ongoing assertion in this matter that the only modules that are relevant to this litigation are those modules that Honeywell has specifically accused of infringing the '371 patent. Furthermore, Honeywell objects to this request on the ground that Honeywell cannot fully respond until and unless Optrex provides complete discovery regarding this module.

Subject to the foregoing objection as well as Honeywell's General Objections above, Honeywell can neither admit nor deny this request. As Optrex is aware, Optrex's own witness, Satoshi Kobayashi has testified that Optrex allows for a rotation tolerance of plus / minus 1° or less in its modules. Furthermore, and as previously set forth in Honeywell's Responses to Optrex's First Set of Requests for Admission, which were served on May 22, 2006, Honeywell can neither admit to nor deny this request because Optrex, itself, previously produced module samples bearing the same product number wherein one module had no rotation of its BEF films while the other module contained rotated BEF films.

**REQUEST FOR ADMISSION NO. 180**

Admit that Optrex LCD module no. T-51963GD035J-MLW-AHN, having the structure shown in engineering drawing No. LEDBL51963B-W-1, found at Bates number OAI 0126531, does not infringe claim 3 of the '371 Patent.

**RESPONSE:**

Honeywell objects to this request on the grounds that it seeks an admission of information protected by the attorney-client and/or work product privileges and that it is irrelevant based upon Optrex's ongoing assertion in this matter that the only modules that are relevant to this litigation are those modules that Honeywell has specifically accused of infringing the '371 patent. Furthermore, Honeywell objects to this request on the ground that Honeywell cannot fully respond until and unless Optrex provides complete discovery regarding this module.

Subject to the foregoing objection as well as Honeywell's General Objections above, Honeywell can neither admit nor deny this request. As Optrex is aware, Optrex's own witness, Satoshi Kobayashi has testified that Optrex allows for a rotation tolerance of plus / minus 1° or less in its modules. Furthermore, and as previously set forth in Honeywell's Responses to Optrex's First Set of Requests for Admission, which were served on May 22, 2006, Honeywell can neither admit to nor deny this request because Optrex, itself, previously produced module samples bearing the same product number wherein one module had no rotation of its BEF films while the other module contained rotated BEF films.

**REQUEST FOR ADMISSION NO. 181**

Admit that Optrex LCD module no. T-51963GD035J-MLW-AHN, having the structure shown in engineering drawing No. LEDBL51963B-W-1, found at Bates number OAI 012653 1, does not infringe any claim in the '371 Patent.

**RESPONSE:**

Honeywell objects to this request on the grounds that it seeks an admission of information protected by the attorney-client and/or work product privileges and that it is

74

irrelevant based upon Optrex's ongoing assertion in this matter that the only modules that are relevant to this litigation are those modules that Honeywell has specifically accused of infringing the '371 patent. Furthermore, Honeywell objects to this request on the ground that Honeywell cannot fully respond until and unless Optrex provides complete discovery regarding this module.

Subject to the foregoing objection as well as Honeywell's General Objections above, Honeywell can neither admit nor deny this request. As Optrex is aware, Optrex's own witness, Satoshi Kobayashi has testified that Optrex allows for a rotation tolerance of plus / minus 1° or less in its modules. Furthermore, and as previously set forth in Honeywell's Responses to Optrex's First Set of Requests for Admission, which were served on May 22, 2006, Honeywell can neither admit to nor deny this request because Optrex, itself, previously produced module samples bearing the same product number wherein one module had no rotation of its BEF films while the other module contained rotated BEF films.

**REQUEST FOR ADMISSION NO. 182**

Admit that Optrex LCD module no. T-51963GD035J-MLW-AIN, having the structure shown in engineering drawing No. LEDBL51963B-W-1, found at Bates number OAI 0126531, does not infringe claim 3 of the '371 Patent.

**RESPONSE:**

Honeywell objects to this request on the grounds that it seeks an admission of information protected by the attorney-client and/or work product privileges and that it is irrelevant based upon Optrex's ongoing assertion in this matter that the only modules that are relevant to this litigation are those modules that Honeywell has specifically accused of infringing the '371 patent. Furthermore, Honeywell objects to this request on the ground that Honeywell cannot fully respond until and unless Optrex provides complete discovery regarding this module.

Subject to the foregoing objection as well as Honeywell's General Objections above, Honeywell can neither admit nor deny this request. As Optrex is aware, Optrex's own

witness, Satoshi Kobayashi has testified that Optrex allows for a rotation tolerance of plus / minus 1° or less in its modules. Furthermore, and as previously set forth in Honeywell's Responses to Optrex's First Set of Requests for Admission, which were served on May 22, 2006, Honeywell can neither admit to nor deny this request because Optrex, itself, previously produced module samples bearing the same product number wherein one module had no rotation of its BEF films while the other module contained rotated BEF films.

## REQUEST FOR ADMISSION NO. 183

Admit that Optrex LCD module no. T-51963GD035J-MLW-AIN, having the structure shown in engineering drawing No. LEDBL51963B-W-1, found at Bates number OAI 0126531, does not infringe any claim in the '371 Patent.

## RESPONSE:

Honeywell objects to this request on the grounds that it seeks an admission of information protected by the attorney-client and/or work product privileges and that it is irrelevant based upon Optrex's ongoing assertion in this matter that the only modules that are relevant to this litigation are those modules that Honeywell has specifically accused of infringing the '371 patent. Furthermore, Honeywell objects to this request on the ground that Honeywell cannot fully respond until and unless Optrex provides complete discovery regarding this module.

Subject to the foregoing objection as well as Honeywell's General Objections above, Honeywell can neither admit nor deny this request. As Optrex is aware, Optrex's own witness, Satoshi Kobayashi has testified that Optrex allows for a rotation tolerance of plus / minus 1° or less in its modules. Furthermore, and as previously set forth in Honeywell's Responses to Optrex's First Set of Requests for Admission, which were served on May 22, 2006, Honeywell can neither admit to nor deny this request because Optrex, itself, previously produced module samples bearing the same product number wherein one module had no rotation of its BEF films while the other module contained rotated BEF films.

**REQUEST FOR ADMISSION NO. 184**

Admit that Optrex LCD module no. F-52016GNCJ-LW-ACN, containing the structures shown in engineering/part drawing Nos. SB3 102B11 and SB3102B21 found at Bates numbers OAI 0126539 and OAI 0126540, does not infringe claim 3 of the '371 Patent.

**RESPONSE:**

Honeywell objects to this request on the grounds that it seeks an admission of information protected by the attorney-client and/or work product privileges and that it is irrelevant based upon Optrex's ongoing assertion in this matter that the only modules that are relevant to this litigation are those modules that Honeywell has specifically accused of infringing the '371 patent. Furthermore, Honeywell objects to this request on the ground that Honeywell cannot fully respond until and unless Optrex provides complete discovery regarding this module.

Subject to the foregoing objection as well as Honeywell's General Objections above, Honeywell can neither admit nor deny this request. As Optrex is aware, Optrex's own witness, Satoshi Kobayashi has testified that Optrex allows for a rotation tolerance of plus / minus 1° or less in its modules. Furthermore, and as previously set forth in Honeywell's Responses to Optrex's First Set of Requests for Admission, which were served on May 22, 2006, Honeywell can neither admit to nor deny this request because Optrex, itself, previously produced module samples bearing the same product number wherein one module had no rotation of its BEF films while the other module contained rotated BEF films.

**REQUEST FOR ADMISSION NO. 185**

Admit that Optrex LCD module no. F-52016GNCJ-LW-ACN, containing the structures shown in engineering/part drawing Nos. SB3102B11 and SB3 102B21 found at Bates numbers OAI 0126539 and OAI 0126540, does not infringe any claim in the '371 Patent.

**RESPONSE:**

Honeywell objects to this request on the grounds that it seeks an admission of information protected by the attorney-client and/or work product privileges and that it is

irrelevant based upon Optrex's ongoing assertion in this matter that the only modules that are

relevant to this litigation are those modules that Honeywell has specifically accused of infringing

the '371 patent. Furthermore, Honeywell objects to this request on the ground that Honeywell

cannot fully respond until and unless Optrex provides complete discovery regarding this module.

Subject to the foregoing objection as well as Honeywell's General Objections

above, Honeywell can neither admit nor deny this request. As Optrex is aware, Optrex's own

witness, Satoshi Kobayashi has testified that Optrex allows for a rotation tolerance of plus /

minus 1° or less in its modules. Furthermore, and as previously set forth in Honeywell's

Responses to Optrex's First Set of Requests for Admission, which were served on May 22, 2006,

Honeywell can neither admit to nor deny this request because Optrex, itself, previously produced

module samples bearing the same product number wherein one module had no rotation of its

BEF films while the other module contained rotated BEF films.

## REQUEST FOR ADMISSION NO. 186

Admit that Optrex LCD module no. F-55014GNFJ-SLM-ACN, having the
structure shown in engineering drawing No. LEDBL55014C-M, found at Bates number OAI
0126542, does not infringe claim 3 of the '371 Patent.

## RESPONSE:

Honeywell objects to this request on the grounds that it seeks an admission of

information protected by the attorney-client and/or work product privileges and that it is

irrelevant based upon Optrex's ongoing assertion in this matter that the only modules that are

relevant to this litigation are those modules that Honeywell has specifically accused of infringing

the '371 patent. Furthermore, Honeywell objects to this request on the ground that Honeywell

cannot fully respond until and unless Optrex provides complete discovery regarding this module.

Subject to the foregoing objection as well as Honeywell's General Objections

above, Honeywell can neither admit nor deny this request. As Optrex is aware, Optrex's own

witness, Satoshi Kobayashi has testified that Optrex allows for a rotation tolerance of plus /

minus 1° or less in its modules.  Furthermore, and as previously set forth in Honeywell's

Responses to Optrex's First Set of Requests for Admission, which were served on May 22, 2006,

Honeywell can neither admit to nor deny this request because Optrex, itself, previously produced

module samples bearing the same product number wherein one module had no rotation of its

BEF films while the other module contained rotated BEF films.

**REQUEST FOR ADMISSION NO. 187**

> Admit that Optrex LCD module no. F-55014GNFJ-SLM-ACN, having the
> structure shown in engineering drawing No. LEDBL55014C-M, found at Bates number OAI
> 0126542, does not infringe any claim in the '371 Patent.

**RESPONSE:**

> Honeywell objects to this request on the grounds that it seeks an admission of

information protected by the attorney-client and/or work product privileges and that it is

irrelevant based upon Optrex's ongoing assertion in this matter that the only modules that are

relevant to this litigation are those modules that Honeywell has specifically accused of infringing

the '371 patent.  Furthermore, Honeywell objects to this request on the ground that Honeywell

cannot fully respond until and unless Optrex provides complete discovery regarding this module.

> Subject to the foregoing objection as well as Honeywell's General Objections

above, Honeywell can neither admit nor deny this request.  As Optrex is aware, Optrex's own

witness, Satoshi Kobayashi has testified that Optrex allows for a rotation tolerance of plus /

minus 1° or less in its modules.  Furthermore, and as previously set forth in Honeywell's

Responses to Optrex's First Set of Requests for Admission, which were served on May 22, 2006,

Honeywell can neither admit to nor deny this request because Optrex, itself, previously produced

module samples bearing the same product number wherein one module had no rotation of its

BEF films while the other module contained rotated BEF films.

**REQUEST FOR ADMISSION NO. 188**

Admit that Optrex LCD module no. F-55020GNCJ-LW-AGN, having the structure shown in engineering drawing No. LEDBL55020A-W-1, found at Bates number OAI 0126544, does not infringe claim 3 of the '371 Patent.

**RESPONSE:**

Honeywell objects to this request on the grounds that it seeks an admission of information protected by the attorney-client and/or work product privileges and that it is irrelevant based upon Optrex's ongoing assertion in this matter that the only modules that are relevant to this litigation are those modules that Honeywell has specifically accused of infringing the '371 patent. Furthermore, Honeywell objects to this request on the ground that Honeywell cannot fully respond until and unless Optrex provides complete discovery regarding this module.

Subject to the foregoing objection as well as Honeywell's General Objections above, Honeywell can neither admit nor deny this request. As Optrex is aware, Optrex's own witness, Satoshi Kobayashi has testified that Optrex allows for a rotation tolerance of plus / minus 1° or less in its modules. Furthermore, and as previously set forth in Honeywell's Responses to Optrex's First Set of Requests for Admission, which were served on May 22, 2006, Honeywell can neither admit to nor deny this request because Optrex, itself, previously produced module samples bearing the same product number wherein one module had no rotation of its BEF films while the other module contained rotated BEF films.

**REQUEST FOR ADMISSION NO. 189**

Admit that Optrex LCD module no. F-55020GNCJ-LW-AGN, having the structure shown in engineering drawing No. LEDBL55020A-W-1, found at Bates number OAI 0126544, does not infringe any claim in the '371 Patent.

**RESPONSE:**

Honeywell objects to this request on the grounds that it seeks an admission of information protected by the attorney-client and/or work product privileges and that it is

irrelevant based upon Optrex's ongoing assertion in this matter that the only modules that are relevant to this litigation are those modules that Honeywell has specifically accused of infringing the '371 patent. Furthermore, Honeywell objects to this request on the ground that Honeywell cannot fully respond until and unless Optrex provides complete discovery regarding this module.

Subject to the foregoing objection as well as Honeywell's General Objections above, Honeywell can neither admit nor deny this request. As Optrex is aware, Optrex's own witness, Satoshi Kobayashi has testified that Optrex allows for a rotation tolerance of plus / minus $1°$ or less in its modules. Furthermore, and as previously set forth in Honeywell's Responses to Optrex's First Set of Requests for Admission, which were served on May 22, 2006, Honeywell can neither admit to nor deny this request because Optrex, itself, previously produced module samples bearing the same product number wherein one module had no rotation of its BEF films while the other module contained rotated BEF films.

**REQUEST FOR ADMISSION NO. 190**

Admit that Optrex LCD module no. F-55130GNCJ-LW-AEN, having the structure shown in engineering drawing No. LGP55130B, found at Bates number OAI 0126546, does not infringe claim 3 of the '371 Patent.

**RESPONSE:**

Honeywell objects to this request on the grounds that it seeks an admission of information protected by the attorney-client and/or work product privileges and that it is irrelevant based upon Optrex's ongoing assertion in this matter that the only modules that are relevant to this litigation are those modules that Honeywell has specifically accused of infringing the '371 patent. Furthermore, Honeywell objects to this request on the ground that Honeywell cannot fully respond until and unless Optrex provides complete discovery regarding this module.

Subject to the foregoing objection as well as Honeywell's General Objections above, Honeywell can neither admit nor deny this request. As Optrex is aware, Optrex's own

witness, Satoshi Kobayashi has testified that Optrex allows for a rotation tolerance of plus /

minus 1° or less in its modules.   Furthermore, and as previously set forth in Honeywell's

Responses to Optrex's First Set of Requests for Admission, which were served on May 22, 2006,

Honeywell can neither admit to nor deny this request because Optrex, itself, previously produced

module samples bearing the same product number wherein one module had no rotation of its

BEF films while the other module contained rotated BEF films.

### REQUEST FOR ADMISSION NO. 191

       Admit that Optrex LCD module no. F-55130GNCJ-LW-AEN, having the
structure shown in engineering drawing No. LGP55130B, found at Bates number OAI 0126546,
does not infringe any claim in the '371 Patent.

### RESPONSE:

       Honeywell objects to this request on the grounds that it seeks an admission of

information protected by the attorney-client and/or work product privileges and that it is

irrelevant based upon Optrex's ongoing assertion in this matter that the only modules that are

relevant to this litigation are those modules that Honeywell has specifically accused of infringing

the '371 patent.  Furthermore, Honeywell objects to this request on the ground that Honeywell

cannot fully respond until and unless Optrex provides complete discovery regarding this module.

       Subject to the foregoing objection as well as Honeywell's General Objections

above, Honeywell can neither admit nor deny this request.  As Optrex is aware, Optrex's own

witness, Satoshi Kobayashi has testified that Optrex allows for a rotation tolerance of plus /

minus 1° or less in its modules.   Furthermore, and as previously set forth in Honeywell's

Responses to Optrex's First Set of Requests for Admission, which were served on May 22, 2006,

Honeywell can neither admit to nor deny this request because Optrex, itself, previously produced

module samples bearing the same product number wherein one module had no rotation of its

BEF films while the other module contained rotated BEF films.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

OF COUNSEL:

Martin R. Lueck
Matthew L. Woods
Stacie E. Oberts
Denise S. Rahne
Peter N. Surdo
Marta M. Chou
ROBINS, KAPLAN, MILLER
 & CIRESI L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN  55402-2015
(612) 349-8500

Anthony A. Froio
Marc N. Henschke
Alan E. McKenna
Michael J. Garko
ROBINS, KAPLAN, MILLER
 & CIRESI L.L.P.
800 Boylston Street, 25th Floor
Boston, MA  02199
(617) 267-2300

July 11, 2007
952214

Thomas C. Grimm (#1098)
Leslie A. Polizoti (#4299)
Maria Granovsky (#4709)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
tgrimm@mnat.com
lpolizoti@mnat.com
mgranovsky@mnat.com
*Attorneys for Honeywell International Inc.*
*and Honeywell Intellectual Properties Inc.*

## CERTIFICATE OF SERVICE

I certify that on July 11, 2007, I caused to be served true and correct copies of the

foregoing on the following in the manner indicated:

**BY HAND & E-MAIL:**

John W. Shaw
Monte T. Squire
YOUNG CONAWAY STARGATT
  & TAYLOR LLP
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899-0391
*Attorneys for Sony Corporation*

Karen L. Pascale
YOUNG CONAWAY STARGATT
  & TAYLOR, LLP
The Brandywine Building, 17th floor
1000 West Street
Wilmington, DE  19801
*Attorneys for Optrex America, Inc.*

Philip A. Rovner
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE  19899
*Attorneys for FUJIFILM Corporation*
*and FUJIFILM U.S.A., Inc.*

David J. Margules
John M. Seaman
BOUCHARD MARGULES
  & FRIEDLANDER, P.A.
222 Delaware Ave., Suite 1400
Wilmington DE 19801
*Attorneys for Citizen Watch Co., Ltd.*
*and Citizen Displays Co., Ltd.*

Daniel V. Folt
Matt Neiderman
DUANE MORRIS LLP
1100 North Market Street, 12th Floor
Wilmington, DE  19801-1246
*Attorneys for InnoLux Display Corporation*

Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE  19899
*Attorneys for Hitachi Displays, Ltd., Wintek*
*Corp., Wintek Electro-Optics Corporation,*
*Samsung SDI America, Inc.  and Samsung*
*SDI Co., Ltd.*

**BY E-MAIL:**

Robert C. Scheinfeld
Neil P. Sirota
BAKER BOTTS L.L.P.
30 Rockefeller Plaza
New York, NY 10112
robert.scheinfeld@bakerbotts.com
neil.sirota@bakerbotts.com
*Attorneys for Hitachi Displays, Ltd.*

Andrew M. Ollis
OBLON, SPIVAK, McCLELLAND,
  MAIER & NEUSTADT, P.C.
1940 Duke Street
Alexandria, VA 22314
aollis@oblon.com
*Attorneys for Optrex America, Inc.*

Elizabeth A. Niemeyer
FINNEGAN, HENDERSON,
  FARABOW, GARRETT
  & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, DC 20001
elizabeth.niemeyer@finnegan.com
York M. Faulkner
FINNEGAN, HENDERSON,
  FARABOW, GARRETT
  & DUNNER, L.L.P.
11955 Freedom Drive
Reston, VA 20190
york.faulkner@finnegan.com
*Attorneys for Wintek Corp. and Wintek
Electro-Optics Corporation*

Stephen S. Korniczky
Elizabeth L. Brann
PAUL, HASTINGS, JANOFSKY
  & WALKER LLP
3579 Valley Centre Drive
San Diego, CA 92130
stephen.korniczky@paulhastings.com
elizabeth.brann@paulhastings.com
Hamilton Loeb
PAUL, HASTINGS, JANOFSKY
  & WALKER LLP
875 15th Street, N.W.
Washington, DC 20005
hamiltonloeb@paulhastings.com
*Attorneys for Samsung SDI Co., Ltd.
and Samsung SDI America, Inc.*

John Flock
KENYON & KENYON
One Broadway
New York, NY 10004-1050
jflock@kenyon.com
*Attorneys for Sony Corporation*

Stuart Lubitz
HOGAN & HARTSON LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
slubitz@hhlaw.com
*Attorneys for Citizen Watch Co., Ltd.
and Citizen Displays Co., Ltd.*

Lawrence Rosenthal
Matthew W. Siegal
STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, NY  10038-4982
lrosenthal@stroock.com
msiegal@stroock.com
*Attorneys for FUJIFILM Corporation*
*and FUJIFILM U.S.A., Inc.*

Donald R. McPhail
DUANE MORRIS LLP
1667 K Street, N.W., Suite 700
Washington, DC  20006
drmcphail@duanemorris.com
*Attorneys for InnoLux Display Corporation*

**BY FEDERAL EXPRESS**
Mr. Seong Yoon Jeong
Assistant Manager
Technology Planning Group
BOE HYDIS TECHNOLOGY CO., LTD.
San 136-1, Ami-ri, Bubal-eub
Ichon-si, Gyeonggi-do 467-701
Republic of Korea

Leslie A. Polizoti (#4299)
lpolizoti@mnat.com

3