# EXHIBIT C



ATTORNEYS AT LAW
JOHN F. PRESPER
(703) 412-3536
JPRESPER@OBLON.COM
*BAR OTHER THAN VIRGINIA

August 3, 2007
*Via email*

Alan E. McKenna, Esq.
ROBINS, KAPLAN, MILLER & CIRESI LLP
800 Boylston Street, 25th Floor
Boston, MA 02199

> Re:   *Honeywell Litigations*
>       C.A. Nos. 04-1337, -1338, and -1536-KAJ
>       Our Ref: 260613-261775US

Dear Alan,

I write regarding the responses served by Honeywell on July 11, 2007 to Optrex's Second Set of Requests for Admissions and Fourth Set of Interrogatories. Optrex seeks supplementation of Honeywell's responses as discussed below.

Optrex's Second Set of Requests for Admissions

Honeywell objected to and professed it could neither admit nor deny Request Nos. 30 and 130-91 for the following five reasons:

1) Optrex allegedly asserted that only modules specifically accused of infringing the '371 patent are relevant to this litigation;
2) Honeywell could not fully respond until "Optrex provides complete discovery regarding this module";
3) Attorney-client and work-product privilege;
4) Optrex's technical witness testified that Optrex products have a tolerance of +/- 1 degree; and
5) Optrex modules made available for Honeywell's analysis had lens arrays with inconsistent degrees of rotation, even though such modules had the same module number.

These reasons for neither admitting nor denying these requests are without merit, and Honeywell must supplement its responses immediately.

It is obviously not Optrex's position that only modules specifically accused of infringing the '371 patent are relevant to this litigation. As you know, Optrex has identified a whole series

Alan E. McKenna, Esq.
August 3, 2007
Page 2



of modules as alternative designs that are relevant to its laches and damages defenses. Accordingly, Optrex provided Honeywell with ample discovery on these modules, such as interrogatory responses specifically identifying them, as well as extensive and substantive technical and sales documentation regarding these modules. Optrex also made witnesses available to testify about these modules, and Honeywell took significant testimony on these modules. Thus, we are puzzled as to what "complete discovery" requested by Honeywell on these modules remains.

Honeywell's objection that only accused products are relevant to this litigation is further without merit because Honeywell knows very well that the Court itself ordered that Honeywell cannot require defendants to inform Honeywell which products might infringe – and that this burden squarely falls upon Honeywell's shoulders. This Court order has nothing to do with discovery of facts relating to Optrex's laches and damages defenses regarding the existence of non-infringing alternatives. Unless Honeywell stipulates that it is not entitled to damages for sales of accused products prior to the filing of the lawsuit and that all of the identified modules in these requests are non-infringing (which Honeywell appears unwilling to do), these facts are very important, discoverable, and relevant to Optrex's damages and laches defenses.

With respect to attorney-client and work product privileges, these are not reasons for Honeywell to withhold taking a position on whether a particular module infringes. Honeywell certainly has not waived its privileges by identifying the modules accused of infringement by Optrex and other parties thus far. Accordingly, Honeywell does not appear to rely upon this objection for not taking a position regarding the non-infringement of the identified modules. Honeywell's first three reasons above therefore provide no excuse to avoid admitting or denying these requests.

Each of these requests provided Honeywell with the bates number of the engineering drawing in Optrex's document production showing the backlight structure for the identified module. These requests were also specifically limited to modules having the particular structure shown in the engineering drawing. Accordingly, Honeywell's objections and comments regarding tolerances and former instances of Optrex modules with inconsistent degrees of rotation have no bearing on these requests because the requests are directed only to the specific structures shown in the engineering drawings. Optrex is therefore entitled to an admission or denial that the modules with the structures shown in the identified drawings do not infringe any claim of the '371 patent.

<u>Optrex's Fourth Set of Interrogatories</u>

Honeywell relies only upon the first three objections enumerated above to refuse substantively responding to Interrogatory No. 12. For the aforementioned reasons, these three objections are baseless. Optrex is entitled to a response from Honeywell that explains whether

Alan E. McKenna, Esq.
August 3, 2007
Page 3



such modules are accused of infringement, and if so, the facts and documents and that support this contention.

     If Honeywell does not agree to immediately supplement the discovery responses identified above, we request to meet and confer on the substance of Honeywell's responses and determine if the Court's intervention is required to resolve these issues. Please advise when you are available next week to have such a discussion.

                              Very truly yours,

                              OBLON, SPIVAK, McCLELLAND,
                              MAIER & NEUSTADT, P.C.

                              John F. Presper