# EXHIBIT H

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HONEYWELL INTERNATIONAL INC. and HONEYWELL INTELLECTUAL PROPERTIES INC.,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE COMPUTER, INC., et al.,<br><br>Defendants. | C.A. No. 04-1338-***<br>(Consolidated) |

## HONEYWELL'S OBJECTIONS AND ANSWERS TO OPTREX AMERICA, INC.'S FOURTH SET OF INTERROGATORIES (NOS. 10-12)

Honeywell International Inc. ("Honeywell International") and Honeywell Intellectual Properties Inc. ("HIPI") (collectively, "Honeywell") hereby serve the following Objections and Responses to Optrex America, Inc.'s ("Optrex") Fourth Set of Interrogatories (Nos. 10-12).

### OBJECTIONS

1. Honeywell objects to each definition in Optrex's Fourth Set of Interrogatories to the extent that it is inconsistent with or imposes an obligation beyond that required by the Federal Rules of Civil Procedure or any local rule for this Court.

2. Honeywell objects to each Interrogatory in Optrex's Fourth Set of Interrogatories to the extent that it is inconsistent with or imposes an obligation beyond that required by the Federal Rules of Civil Procedure or any local rule for this Court.

3. Honeywell objects to each Interrogatory to the extent that it is unlimited in time or scope, overly broad, unduly burdensome, or not reasonably calculated to lead to discovery of admissible evidence.

   4. Honeywell objects to each Interrogatory to the extent it seeks discovery of information or production of documents or things protected by the attorney-client privilege, work product immunity, or any other privilege or immunity.

   5. Honeywell objects to each Interrogatory to the extent it seeks discovery or information or identification of documents that are a matter of public record, or otherwise equally accessible to all parties.

   6. Honeywell objects to each Interrogatory to the extent it seeks unrestricted access to information or identification of documents that are protected from disclosure under a confidentiality obligation imposed by contract, by order, or understanding binding on Honeywell.

   7. Honeywell reserves the right to modify, supplement, add to or amend the responses to these Interrogatories to the extent required or permitted by the Federal Rules of Civil Procedure or any local rule of this Court.

## ANSWERS TO INTERROGATORIES

### INTERROGATORY NO. 10

  If Honeywell contends that its claims against Optrex for damages arising prior to Honeywell's filing of infringement claims against Optrex are not barred by the doctrine of laches, identify all facts and documents that Honeywell relies upon to support this contention.

### ANSWER:

  Honeywell objects to this interrogatory to the extent it calls for information and documents protected by the attorney-client privilege and/or work product doctrine. Honeywell further objects to this interrogatory as compound, vague, burdensome, and overly broad to the extent it seeks identification and full description of literally all facts that support or corroborate Honeywell's position that its infringement claims are not barred by the doctrine of laches.

Subject to and without waiving Honeywell's general and specific objections, Honeywell states that Honeywell was unaware that anyone may be infringing the '371 patent until 2003. Honeywell was not and had not been an active participant in the LCD manufacturing industry for consumer electronics. Further, despite attending trade shows such as the SID convention, Honeywell and its personnel saw no evidence or suggestion that Optrex was making modules with two BEFs and rotation such that Honeywell would have believed it had a basis to bring suit for infringement of the '371 patent. In 2003, Mr. Emmett Murtha of QED Intellectual Property, on behalf of a client, inquired into the possibility of obtaining rights to a number of Honeywell patents, including the '371 patent. After that time, Honeywell undertook an extensive investigation to determine if the claims of the '371 patent were being infringed. This investigation continued into 2004. Once its investigation was complete, Honeywell filed suit against the original defendants on October 6, 2004. Honeywell first learned that Optrex was infringing the '371 patent when Optrex filed suit against Honeywell on December 20, 2004, and after Optrex provided samples of its infringing modules on January 24, 2005. Prior to that time, Honeywell was unaware that Optrex was manufacturing and/or selling modules that practiced Claim 3.

Honeywell understands that modules supplied to Allied Signal by Optrex did not contain two BEFs or rotation.

**INTERROGATORY NO. 11**

Identify the earliest date that Honeywell contends it believed Optrex or any products manufactured by Optrex infringed claims within U.S. patent no. 5,280,371 ("the '371 patent"), and identify all facts and documents that Honeywell relies upon to support this contention.

3

**ANSWER:**

Honeywell incorporates its answer to Interrogatory No. 10. Discovery is ongoing and subject to and without waiving Honeywell's general and specific objections, Honeywell states that the modules supplied to Honeywell on January 24, 2005 support this contention.

**INTERROGATORY NO. 12**

For each Optrex module identified below that contains two lens arrays or lens sheets, neither one of which is rotated relative to a liquid crystal panel about an axis perpendicular to the liquid crystal panel, (a) state whether Honeywell contends that any such module below infringes any '371 patent claims (especially claim 3), and (b) for each module identified as allegedly infringing, identify all facts and documents that Honeywell relies upon to support this contention.

| Module | Related Production Numbers in OAI's Document Production |
|---|---|
| DMF-50414NCU-FW AA | OAI0126551-552 |
| DMF-50414NCU-FW-3 AD | OAI0126553-554 |
| DMF-50414NCU-FW-5 AF | OAI0126555-556 |
| DMF-50414NCU-FW-13 AP | OAI0126557-558 |
| F-51161NCU-FW-AA | OAI0126559-560 |
| F-51719GNCJ-MLW-AD | OAI0054060-65<br>OAI0126532-533 |
| F-51719GNCJ-MLW-AE | OAI0054066-071 |
| F-51875GNCJ-MLW-ABN | OAI0126534-536 |
| T-51779GD017J-MLW-AA | OAI0121753-759 |
| T-51779GD017J-MLW-AC | OAI0121752 |
| T-51779GD017J-MLW-AD | OAI0121744-750 |
| T-51826GD017J-MLW-ACN | OAI0121724-730 |
| T-51911GD017J-MLJ-AA | OAI0054097-099<br>OAI0121560-566 |

| | |
|---|---|
| T-51911GD017J-MLJ-AB | OAI0121567-576 |
| T-51911GD017J-MLJ-AC | OAI0121583 |
| T-51911GD017J-MLJ-AD | OAI0121584-590 |
| T-51911GD017J-MLJ-AEN | OAI0121577-582 |
| T-51911GD017J-MLJ-AFN | OAI0121591-596<br>OAI0126525-526 |
| T-51911GD017J-MLJ-AGN | OAI0121597-603 |
| T-51912GD017J-MLW-AA | OAI0121733<br>OAI0121740 |
| T-51912GD017J-MLW-AB | OAI0121739-740 |
| T-51912GD017J-MLW-ABN | OAI0121734-740 |
| T-51912GD017J-MLW-AC | OAI0121740-740 |
| T-51963GD035J-MLW-AFN | OAI0126527<br>OAI0126531 |
| T-51963GD035J-MLW-AGN | OAI0126528<br>OAI0126531 |
| T-51963GD035J-MLW-AHN | OAI0126529<br>OAI0126531 |
| T-51963GD035J-MLW-AIN | OAI0126530<br>OAI0126531 |
| F-52016GNCJ-LW-ACN | OAI0126537-540 |
| F-55014GNFJ-SLM-ACN | OAI0126541-542 |
| F-55020GNCJ-LW-AGN | OAI0126543-544 |
| F-55130GNCJ-LW-AEN | OAI0126545-546 |

**ANSWER:**

Honeywell objects to this request to the extent it calls for information and documents protected by the attorney-client privilege and/or work product doctrine. Honeywell further objects to this interrogatory on the grounds that it is vague and unduly burdensome due to

the fact that Optrex has not provided complete discovery regarding these modules. Honeywell cannot fully respond until and unless Optrex provides complete discovery regarding these modules. Furthermore, Honeywell objects to this request in that Optrex has previously denied Honeywell discovery on modules such as these based on Optrex's ongoing assertion in this matter that the only modules that are relevant to this litigation are those modules that Honeywell has specifically accused of infringing the '371 patent.

|  |  |
|---|---|
| OF COUNSEL:<br><br>Martin R. Lueck<br>Matthew L. Woods<br>Stacie E. Oberts<br>Denise S. Rahne<br>Peter N. Surdo<br>Marta M. Chou<br>ROBINS, KAPLAN, MILLER<br>   & CIRESI L.L.P.<br>2800 LaSalle Plaza<br>800 LaSalle Avenue<br>Minneapolis, MN 55402-2015<br>(612) 349-8500<br><br>Anthony A. Froio<br>Marc N. Henschke<br>Alan E. McKenna<br>Michael J. Garko<br>ROBINS, KAPLAN, MILLER<br>   & CIRESI L.L.P.<br>800 Boylston Street, 25th Floor<br>Boston, MA 02199<br>(617) 267-2300<br><br>July 11, 2007<br>952215 | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/*<br>_____<br>Thomas C. Grimm (#1098)<br>Leslie A. Polizoti (#4299)<br>Maria Granovsky (#4709)<br>1201 N. Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899-1347<br>(302) 658-9200<br>tgrimm@mnat.com<br>lpolizoti@mnat.com<br>mgranovsky@mnat.com<br>   *Attorneys for Honeywell International Inc.*<br>   *and Honeywell Intellectual Properties Inc.* |

CERTIFICATE OF SERVICE

I certify that on July 11, 2007, I caused to be served true and correct copies of the foregoing on the following in the manner indicated:

**BY HAND & E-MAIL:**

John W. Shaw
Monte T. Squire
YOUNG CONAWAY STARGATT
  & TAYLOR LLP
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391

*Attorneys for Sony Corporation*

Philip A. Rovner
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899

*Attorneys for FUJIFILM Corporation
and FUJIFILM U.S.A., Inc.*

Daniel V. Folt
Matt Neiderman
DUANE MORRIS LLP
1100 North Market Street, 12th Floor
Wilmington, DE 19801-1246

*Attorneys for InnoLux Display Corporation*

Karen L. Pascale
YOUNG CONAWAY STARGATT
  & TAYLOR, LLP
The Brandywine Building, 17th floor
1000 West Street
Wilmington, DE 19801

*Attorneys for Optrex America, Inc.*

David J. Margules
John M. Seaman
BOUCHARD MARGULES
  & FRIEDLANDER, P.A.
222 Delaware Ave., Suite 1400
Wilmington DE 19801

*Attorneys for Citizen Watch Co., Ltd.
and Citizen Displays Co., Ltd.*

Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899

*Attorneys for Hitachi Displays, Ltd., Wintek
Corp., Wintek Electro-Optics Corporation,
Samsung SDI America, Inc. and Samsung
SDI Co., Ltd.*

**BY E-MAIL:**

Robert C. Scheinfeld
Neil P. Sirota
BAKER BOTTS L.L.P.
30 Rockefeller Plaza
New York, NY 10112
robert.scheinfeld@bakerbotts.com
neil.sirota@bakerbotts.com

*Attorneys for Hitachi Displays, Ltd.*

Andrew M. Ollis
OBLON, SPIVAK, McCLELLAND,
   MAIER & NEUSTADT, P.C.
1940 Duke Street
Alexandria, VA 22314
aollis@oblon.com

*Attorneys for Optrex America, Inc.*

Elizabeth A. Niemeyer
FINNEGAN, HENDERSON,
   FARABOW, GARRETT
   & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, DC 20001
elizabeth.niemeyer@finnegan.com

York M. Faulkner
FINNEGAN, HENDERSON,
   FARABOW, GARRETT
   & DUNNER, L.L.P.
11955 Freedom Drive
Reston, VA 20190
york.faulkner@finnegan.com

*Attorneys for Wintek Corp. and Wintek Electro-Optics Corporation*

Stephen S. Korniczky
Elizabeth L. Brann
PAUL, HASTINGS, JANOFSKY
   & WALKER LLP
3579 Valley Centre Drive
San Diego, CA 92130
stephen.korniczky@paulhastings.com
elizabeth.brann@paulhastings.com

Hamilton Loeb
PAUL, HASTINGS, JANOFSKY
   & WALKER LLP
875 15th Street, N.W.
Washington, DC 20005
hamiltonloeb@paulhastings.com

*Attorneys for Samsung SDI Co., Ltd. and Samsung SDI America, Inc.*

John Flock
KENYON & KENYON
One Broadway
New York, NY 10004-1050
jflock@kenyon.com

*Attorneys for Sony Corporation*

Stuart Lubitz
HOGAN & HARTSON LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
slubitz@hhlaw.com

*Attorneys for Citizen Watch Co., Ltd. and Citizen Displays Co., Ltd.*

Lawrence Rosenthal
Matthew W. Siegal
STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, NY 10038-4982
lrosenthal@stroock.com
msiegal@stroock.com

*Attorneys for FUJIFILM Corporation
and FUJIFILM U.S.A., Inc.*

Donald R. McPhail
DUANE MORRIS LLP
1667 K Street, N.W., Suite 700
Washington, DC 20006
drmcphail@duanemorris.com

*Attorneys for InnoLux Display Corporation*

**BY FEDERAL EXPRESS**

Mr. Seong Yoon Jeong
Assistant Manager
Technology Planning Group
BOE HYDIS TECHNOLOGY CO., LTD.
San 136-1, Ami-ri, Bubal-eub
Ichon-si, Gyeonggi-do 467-701
Republic of Korea

_____
Leslie A. Polizoti (#4299)
lpolizoti@mnat.com

3