## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HONEYWELL INTERNATIONAL INC.; and HONEYWELL INTELLECTUAL PROPERTIES INC.; | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) |
| | ) |
| APPLE COMPUTER, INC., et al. | )<br>) |
| Defendants. | )<br>) |

C.A. No. 04-1338-***-MPT
C.A. No. 04-1337-***-MPT
C.A. No. 04-1536-***-MPT
(Consolidated)

**OPTREX AMERICA INC.'S OBJECTIONS TO HONEYWELL INTERNATIONAL INC.'S AND HONEYWELL INTELLECTUAL PROPERTIES, INC.'S DECEMBER 28, 2007, NOTICE OF RULE 30(b)(6) DEPOSITION OF OPTREX AMERICA, INC.**

Defendant Optrex America, Inc. ("Optrex"), by its attorneys, submits the following General and Specific Objections to Honeywell International, Inc.'s and Honeywell Intellectual Properties Inc.'s (collectively "Honeywell") Notice of Rule 30(b)(6) Deposition of Optrex America, Inc., dated December 28, 2007.

### GENERAL OBJECTIONS TO DEPOSITION TOPICS

1.    Optrex objects to Honeywell's deposition notice on the grounds that it calls for the deposition of Optrex through persons who are "most knowledgeable" regarding the topics set forth in Schedule A.  Optrex is not required to designate the "most knowledgeable" person regarding any deposition topics under Rule 30(b)(6) of the Federal Rules of Civil Procedure, which requires only that "persons so designated shall testify as to matters known or reasonably available to the organization."

2.    Optrex objects to the deposition topics and document requests to the extent they are not relevant to any claim or defense in this litigation.

3.  Optrex objects to the deposition topics and document requests to the extent they are inconsistent with or impose an obligation beyond that required by the Federal Rules of Civil Procedure or any applicable local rule of the Court.

4.  Optrex objects to the deposition topics and document requests to the extent they are unlimited in time or scope, overly broad, unduly burdensome, or not reasonably calculated to lead to discovery of admissible evidence.

5.  Optrex objects to the deposition topics and document requests to the extent they are vague, ambiguous, incapable of reasonable ascertainment, and/or fail to describe with reasonable particularity the matters on which examination is requested.

6.  Optrex objects to the deposition topics and document requests to the extent they seek information protected from disclosure by attorney-client privilege, work product immunity, or other applicable privilege.

7.  Optrex objects to the deposition topics and document requests to the extent they seek confidential and/or proprietary information, such as information or identification of documents that are protected from disclosure under a confidentiality obligation imposed by contract, order, or understanding binding on Optrex.

8.  Optrex objects to the deposition topics and document requests to the extent that they assume facts that are not accurate, not known to Optrex, or not relevant to the claims and defenses in this litigation.

9.  Optrex objects to the deposition topics and document requests to the extent that the information requested therein is not within the possession, custody, or control of Optrex or Optrex Corporation.

10. Optrex objects to the deposition topics and document requests to the extent they are cumulative and/or duplicative.

11.    Insofar as any of Honeywell's deposition topics or document requests seek information to which the foregoing General Objections apply, specification of, or failure to note, particular General Objections is not a wavier of those or other General Objections with respect to any specific topic.

## SPECIFIC OBJECTIONS TO DEPOSITION TOPICS

**Topic No. 1:**

The documents identified in the Requests set forth in Schedule B.

**OBJECTIONS AND RESPONSE TO TOPIC 1:**

Optrex objects to this topic as not relevant to any claim or defense in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Optrex further objects to this topic to the extent it seeks information that is protected by attorney-client privilege, work product immunity, or other applicable privilege. Optrex also objects to the document requests set forth in Schedule B, as specifically enumerated below, and incorporates such objections as if fully set forth in this response. Due to the foregoing General and Specific Objections, and because Optrex will not produce documents in response to the requests set forth in Schedule B, Optrex will not produce a witness to testify on this topic.

**Topic No. 2:**

The transfer of Optrex Corporation ("Optrex") shares to Japan Industrial Partners Inc. Fund II and Fund II Parallel ("Japan Indus.") or any other parties by Asahi Glass Co., Ltd. ("Asahi"), Mitsubishi Electric Corporation, or others.

**OBJECTIONS AND RESPONSE TO TOPIC 2:**

Optrex objects to this topic as not relevant to any claim or defense in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Optrex further objects to the term "or others" as vague and ambiguous. Optrex further objects to this topic to the extent it

seeks information that is protected by attorney-client privilege, work product immunity, or other applicable privilege. Optrex further objects to this topic to the extent it seeks confidential and/or proprietary information, such as information or identification of documents that are protected from disclosure under a confidentiality obligation imposed by contract, order, or understanding binding on Optrex. Due to the foregoing General and Specific Objections, Optrex will not produce a witness to testify on this topic.

**Topic No. 3:**

Any communications regarding the transfer of Optrex shares to Japan Indus. or any other third parties by Asahi, Mitsubishi, or others.

**OBJECTIONS AND RESPONSE TO TOPIC 3:**

Optrex objects to this topic as not relevant to any claim or defense in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Optrex further objects to the term "communications" as undefined and therefore overly broad and unduly burdensome, and to the term "or others" as vague and ambiguous. Optrex further objects to this topic to the extent it seeks information that is protected by attorney-client privilege, work product immunity, or other applicable privilege. Optrex further objects to this topic to the extent it seeks confidential and/or proprietary information, such as information or identification of documents that are protected from disclosure under a confidentiality obligation imposed by contract, order, or understanding binding on Optrex. Due to the foregoing General and Specific Objections, Optrex will not produce a witness to testify on this topic.

**Topic No. 4:**

The nature of all Optrex financial or operating losses identified by Asahi in the December 25, 2007 press release.

**OBJECTIONS AND RESPONSE TO TOPIC 4:**

Optrex objects to this topic as not relevant to any claim or defense in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Optrex further objects to this topic to the extent it seeks information that is protected by attorney-client privilege, work product immunity, or other applicable privilege. Optrex further objects to this topic to the extent it seeks confidential and/or proprietary information, such as information or identification of documents that are protected from disclosure under a confidentiality obligation imposed by contract, order, or understanding binding on Optrex. Due to the foregoing General and Specific Objections, Optrex will not produce a witness to testify on this topic.

**Topic No. 5:**

The valuation of the Delaware action in the negotiations for the transfer of Optrex shares to Japan Indus. or any other third parties.

**OBJECTIONS AND RESPONSE TO TOPIC 5:**

Optrex objects to this topic as not relevant to any claim or defense in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Optrex further objects to the term "valuation" as vague and ambiguous. Optrex further objects to this topic to the extent it seeks information that is protected by attorney-client privilege, work product immunity, or other applicable privilege. Optrex further objects to this topic to the extent it seeks confidential and/or proprietary information, such as information or identification of documents that are protected from disclosure under a confidentiality obligation imposed by contract, order, or understanding binding on Optrex. Due to the foregoing General and Specific Objections, Optrex will not produce a witness to testify on this topic.

**Topic No. 6:**

The purchase price of Optrex shares in the transfer to Japan Indus. or any other third parties.

**OBJECTIONS AND RESPONSE TO TOPIC 6:**

Optrex objects to this topic as not relevant to any claim or defense in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Optrex further objects to this topic to the extent it seeks information that is protected by attorney-client privilege, work product immunity, or other applicable privilege. Optrex further objects to this topic to the extent it seeks confidential and/or proprietary information, such as information or identification of documents that are protected from disclosure under a confidentiality obligation imposed by contract, order, or understanding binding on Optrex. Due to the foregoing General and Specific Objections, Optrex will not produce a witness to testify on this topic.

**Topic No. 7:**

The effect of the Delaware action on the purchase price of Optrex shares in the transfer to Japan Indus. or any other third parties.

**OBJECTIONS AND RESPONSE TO TOPIC 7:**

Optrex objects to this topic as not relevant to any claim or defense in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Optrex further objects to the term "effect" as vague and ambiguous. Optrex further objects to this topic to the extent it seeks information that is protected by attorney-client privilege, work product immunity, or other applicable privilege. Optrex further objects to this topic to the extent it seeks confidential and/or proprietary information, such as information or identification of documents that are protected from disclosure under a confidentiality obligation imposed by contract, order, or understanding binding on Optrex. Due to the foregoing General and Specific Objections, Optrex will not produce a witness to testify on this topic.

6                    065004.1001

**Topic No. 8:**

The allocation of the financial risk associated with the Delaware action subsequent to the transfer of Optrex shares to Japan Indus. or any other third parties.

**OBJECTIONS AND RESPONSE TO TOPIC 8:**

Optrex objects to this topic as not relevant to any claim or defense in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Optrex further objects to this topic to the extent it seeks information that is protected by attorney-client privilege, work product immunity, or other applicable privilege. Optrex further objects to this topic to the extent it seeks confidential and/or proprietary information, such as information or identification of documents that are protected from disclosure under a confidentiality obligation imposed by contract, order, or understanding binding on Optrex. Due to the foregoing General and Specific Objections, Optrex will not produce a witness to testify on this topic.

**Topic No. 9:**

All entities with an ownership interest in Optrex and the nature of the ownership interest.

**OBJECTIONS AND RESPONSE TO TOPIC 9:**

Optrex objects to this topic as not relevant to any claim or defense in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Optrex further objects to this topic to the extent it seeks information that is protected by attorney-client privilege, work product immunity, or other applicable privilege. Optrex further objects to this topic to the extent it seeks confidential and/or proprietary information, such as information or identification of documents that are protected from disclosure under a confidentiality obligation imposed by contract, order, or understanding binding on Optrex. Due to the foregoing General and Specific Objections, Optrex will not produce a witness to testify on this topic.

**Topic No. 10:**

Any inquiries made by others about the impact of the Delaware action on the transfer of Optrex shares to Japan Indus. or any other third parties.

**OBJECTIONS AND RESPONSE TO TOPIC 10:**

Optrex objects to this topic as not relevant to any claim or defense in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Optrex further objects to the term "others" as vague and ambiguous. Optrex further objects to this topic to the extent it seeks information that is protected by attorney-client privilege, work product immunity, or other applicable privilege. Optrex further objects to this topic to the extent it seeks confidential and/or proprietary information, such as information or identification of documents that are protected from disclosure under a confidentiality obligation imposed by contract, order, or understanding binding on Optrex. Due to the foregoing General and Specific Objections, Optrex will not produce a witness to testify on this topic.

**Topic No. 11:**

Any communications regarding the Delaware action with any parties to the transfer of Optrex shares to Japan Indus. or any other third parties.

**OBJECTIONS AND RESPONSE TO TOPIC 11:**

Optrex objects to this topic as not relevant to any claim or defense in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Optrex further objects to the term "communications" as overly broad and unduly burdensome. Optrex further objects to this topic to the extent it seeks information that is protected by attorney-client privilege, work product immunity, or other applicable privilege. Optrex further objects to this topic to the extent it seeks confidential and/or proprietary information, such as information or identification of documents that are protected from disclosure under a confidentiality obligation imposed by

contract, order, or understanding binding on Optrex. Due to the foregoing General and Specific Objections, Optrex will not produce a witness to testify on this topic.

## SPECIFIC OBJECTIONS TO SCHEDULE B DOCUMENT REQUESTS

### Request No. 1:

All Documents Referring or Relating to the Asahi Glass Co., Ltd. ("Asahi") Board of Directors' decision to transfer all of its shares of the Optrex Corporation ("Optrex") to Japan Industrial Partners Inc. Fund II and Fund II Parallel ("Japan Indus.") or other third parties.

### OBJECTIONS AND RESPONSE TO REQUEST 1:

Optrex objects to this request as not relevant to any claim or defense in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Optrex further objects to the term "All Documents" as overly broad and unduly burdensome. Optrex further objects to this request to the extent it seeks information that is protected by attorney-client privilege, work product immunity, or other applicable privilege. Optrex further objects to this request to the extent it seeks confidential and/or proprietary information, such as information or identification of documents that are protected from disclosure under a confidentiality obligation imposed by contract, order, or understanding binding on Optrex. Due to the foregoing General and Specific Objections, Optrex will not produce any documents or information in response to this request.

### Request No. 2:

All Communications between Optrex and Asahi, Japan Indus., Mitsubishi Electric Corporation, any Mitsubishi entity, or others regarding the transfer of Optrex shares to Japan Indus. or any third parties.

### OBJECTIONS AND RESPONSE TO REQUEST 2:

Optrex objects to this request as not relevant to any claim or defense in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Optrex further objects to the term "All Communications" as overly broad and unduly burdensome, and to the term "or

others" as vague and ambiguous. Optrex further objects to this request to the extent it seeks information that is protected by attorney-client privilege, work product immunity, or other applicable privilege. Optrex further objects to this request to the extent it seeks confidential and/or proprietary information, such as information or identification of documents that are protected from disclosure under a confidentiality obligation imposed by contract, order, or understanding binding on Optrex. Due to the foregoing General and Specific Objections, Optrex will not produce any documents or information in response to this request.

**Request No. 3:**

All Documents Referring or Relating to the Delaware action during the negotiations preceding the transfer of Your shares to Japan Indus. including, but not limited to valuation of the Delaware action.

**OBJECTIONS AND RESPONSE TO REQUEST 3:**

Optrex objects to this request as not relevant to any claim or defense in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Optrex further objects to the term "All Documents" as overly broad and unduly burdensome, and to the term "valuation" as vague and ambiguous. Optrex further objects to this request to the extent it seeks information that is protected by attorney-client privilege, work product immunity, or other applicable privilege. Optrex further objects to this request to the extent it seeks confidential and/or proprietary information, such as information or identification of documents that are protected from disclosure under a confidentiality obligation imposed by contract, order, or understanding binding on Optrex. Due to the foregoing General and Specific Objections, Optrex will not produce any documents or information in response to this request.

**Request No. 4:**

All Documents Referring or Relating to the effect of the Delaware action on the purchase price of Optrex shares paid by Japan Indus. or any other third parties.

## OBJECTIONS AND RESPONSE TO REQUEST 4:

Optrex objects to this request as not relevant to any claim or defense in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Optrex further objects to the term "All Documents" as overly broad and unduly burdensome, and to the term "effect" as vague and ambiguous. Optrex further objects to this request to the extent it seeks information that is protected by attorney-client privilege, work product immunity, or other applicable privilege. Optrex further objects to this request to the extent it seeks confidential and/or proprietary information, such as information or identification of documents that are protected from disclosure under a confidentiality obligation imposed by contract, order, or understanding binding on Optrex. Due to the foregoing General and Specific Objections, Optrex will not produce any documents or information in response to this request.

## Request No. 5:

All Documents Referring or Relating to the allocation of the financial risk associated with the Delaware action subsequent to the transfer of Your shares to Japan Indus.

## OBJECTIONS AND RESPONSE TO REQUEST 5:

Optrex objects to this request as not relevant to any claim or defense in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Optrex further objects to the term "All Documents" as overly broad and unduly burdensome. Optrex further objects to this request to the extent it seeks information that is protected by attorney-client privilege, work product immunity, or other applicable privilege. Optrex further objects to this request to the extent it seeks confidential and/or proprietary information, such as information or identification of documents that are protected from disclosure under a confidentiality obligation imposed by contract, order, or understanding binding on Optrex. Due to the foregoing General and Specific Objections, Optrex will not produce any documents or information in response to this request.

**Request No. 6:**

Documents sufficient to show how the financial risk associated with the Delaware action is allocated in Optrex's financial statements subsequent to the transfer of Optrex shares to Japan Indus. or any third parties.

**OBJECTIONS AND RESPONSE TO REQUEST 6:**

Optrex objects to this request as not relevant to any claim or defense in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Optrex further objects to this request to the extent it seeks information that is protected by attorney-client privilege, work product immunity, or other applicable privilege. Optrex further objects to this request to the extent it seeks confidential and/or proprietary information, such as information or identification of documents that are protected from disclosure under a confidentiality obligation imposed by contract, order, or understanding binding on Optrex. Due to the foregoing General and Specific Objections, Optrex will not produce any documents or information in response to this request.

**Request No. 7:**

All Documents Referring or Relating to the financial and operating losses referred to in the Asahi press release dated December 25, 2007.

**OBJECTIONS AND RESPONSE TO REQUEST 7:**

Optrex objects to this request as not relevant to any claim or defense in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Optrex further objects to the term "All Documents" as overly broad and unduly burdensome. Optrex further objects to this request to the extent it seeks information that is protected by attorney-client privilege, work product immunity, or other applicable privilege. Optrex further objects to this request to the extent it seeks confidential and/or proprietary information, such as information or identification of documents that are protected from disclosure under a confidentiality obligation imposed by

contract, order, or understanding binding on Optrex. Due to the foregoing General and Specific Objections, Optrex will not produce any documents or information in response to this request.

**Request No. 8:**

All Documents Referring or Relating to inquiries made by others regarding the impact of the Delaware action on the transfer of Optrex shares.

**OBJECTIONS AND RESPONSE TO REQUEST 8:**

Optrex objects to this request as not relevant to any claim or defense in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Optrex further objects to the term "All Documents" as overly broad and unduly burdensome, and to the terms "others", "impact", and "Optrex shares" as vague and ambiguous. Optrex further objects to this request to the extent it seeks information that is protected by attorney-client privilege, work product immunity, or other applicable privilege. Optrex further objects to this request to the extent it seeks confidential and/or proprietary information, such as information or identification of documents that are protected from disclosure under a confidentiality obligation imposed by contract, order, or understanding binding on Optrex. Due to the foregoing General and Specific Objections, Optrex will not produce any documents or information in response to this request.

**Request No. 9:**

Documents sufficient to identify which companies have an ownership interest in Optrex and the nature of their respective ownership interest.

**OBJECTIONS AND RESPONSE TO REQUEST 9:**

Optrex objects to this request as not relevant to any claim or defense in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Optrex further objects to this request to the extent it seeks information that is protected by attorney-client privilege, work product immunity, or other applicable privilege. Optrex further objects to this request to the extent it seeks confidential and/or proprietary information, such as information or identification

of documents that are protected from disclosure under a confidentiality obligation imposed by contract, order, or understanding binding on Optrex. Due to the foregoing General and Specific Objections, Optrex will not produce any documents or information in response to this request.

**Request No. 10:**

All Documents Referring or Relating to the reasons for the transfer of the Optrex shares.

**OBJECTIONS AND RESPONSE TO REQUEST 10:**

Optrex objects to this request as not relevant to any claim or defense in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Optrex further objects to the term "All Documents" as overly broad and unduly burdensome, and to the term "Optrex shares" as vague and ambiguous. Optrex further objects to this request to the extent it seeks information that is protected by attorney-client privilege, work product immunity, or other applicable privilege. Optrex further objects to this request to the extent it seeks confidential and/or proprietary information, such as information or identification of documents that are protected from disclosure under a confidentiality obligation imposed by contract, order, or understanding binding on Optrex. Due to the foregoing General and Specific Objections, Optrex will not produce any documents or information in response to this request.

**Request No. 11:**

All Documents Referring or Relating to the consideration for the transfer of the Optrex shares.

**OBJECTIONS AND RESPONSE TO REQUEST 11:**

Optrex objects to this request as not relevant to any claim or defense in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Optrex further objects to the term "All Documents" as overly broad and unduly burdensome, and to the term "Optrex shares" as vague and ambiguous. Optrex further objects to this request to the extent it seeks

information that is protected by attorney-client privilege, work product immunity, or other applicable privilege. Optrex further objects to this request to the extent it seeks confidential and/or proprietary information, such as information or identification of documents that are protected from disclosure under a confidentiality obligation imposed by contract, order, or understanding binding on Optrex. Due to the foregoing General and Specific Objections, Optrex will not produce any documents or information in response to this request.

/s/ Karen L. Pascale

January 29, 2008

_____

Attorney for Optrex America, Inc.

Karen L. Pascale (DE Bar No. #2903)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600
- and -

Richard D. Kelly
Andrew M. Ollis
Alexander E. Gasser
John E. Presper
OBLON, SPIVAK, MCCLELLAND,
   MAIER & NEUSTADT, P.C.
1940 Duke Street
Alexandria, VA 22314
(703) 413-3000

## CERTIFICATE OF SERVICE

I, Karen L. Pascale, hereby certify that on January 29, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing to the following counsel of record:

| | |
|---|---|
| John R. Alison | john.alison@finnegan.com |
| Parker H. Bagley | pbagley@milbank.com |
| Steven J. Balick | sbalick@ashby-geddes.com, dfioravanti@ashby-geddes.com, jday@ashby-geddes.com, lmaguire@ashby-geddes.com, mkipp@ashby-geddes.com, nlopez@ashby-geddes.com, rgamory@ashby-geddes.com, tlydon@ashby-geddes.com |
| Robert J. Benson | rjbenson@hhlaw.com |
| Robert Karl Beste , III | rkb@skfdelaware.com, vkm@skfdelaware.com |
| Elizabeth L. Brann | elizabethbrann@paulhastings.com |
| Christopher E. Chalsen | cchalsen@milbank.com |
| Hua Chen | huachen@paulhastings.com |
| Arthur G. Connolly , III | aconnollyIII@cblh.com, dkt@cblh.com, telwell@cblh.com |
| Frederick L. Cottrell , III | cottrell@rlf.com, garvey@rlf.com |
| John G. Day | jday@ashby-geddes.com, dfioravanti@ashby-geddes.com, dharker@ashby-geddes.com, lmaguire@ashby-geddes.com, mkipp@ashby-geddes.com, nlopez@ashby-geddes.com, rgamory@ashby-geddes.com, sbalick@ashby-geddes.com, tlydon@ashby-geddes.com |
| Francis DiGiovanni | fdigiovanni@cblh.com, dkt@cblh.com, ljarrell@cblh.com, nwashington@cblh.com |
| Kevin C. Ecker | kecker@stroock.com |
| Amy Elizabeth Evans | aevans@crosslaw.com |
| York M. Faulkner | york.faulkner@finnegan.com |
| Christopher J. Gaspar | cgaspar@milbank.com |
| Alexander E. Gasser | agasser@oblon.com |
| Anne Shea Gaza | gaza@rlf.com, garvey@rlf.com |
| Barry M. Graham | barry.graham@finnegan.com |
| Maria Granovsky | mgranovsky@mnat.com |
| Thomas C. Grimm | tcgefiling@mnat.com |
| Thomas Lee Halkowski | halkowski@fr.com, dob@fr.com, jrm@fr.com, kxk@fr.com, sub@fr.com |
| Angie Hankins | ahankins@stroock.com |

| | |
|---|---|
| Richard L. Horwitz | rhorwitz@potteranderson.com, iplitigation@potteranderson.com, iplitigation2@potteranderson.com, mbaker@potteranderson.com, nmcmenamin@potteranderson.com |
| Darren M. Jiron | darren.jiron@finnegan.com |
| John T. Johnson | jjohnson@fr.com, autuoro@fr.com, lperez@fr.com |
| Robert J. Katzenstein | rjk@skfdelaware.com, eys@skfdelaware.com |
| Richard D. Kelly | rkelly@oblon.com |
| Stephen S. Korniczky | stephenkorniczky@paulhastings.com |
| Hamilton Loeb | hamiltonloeb@paulhastings.com |
| David J. Margules | dmargules@BMF-law.com, lheritage@bmf-law.com |
| William J. Marsden , Jr | marsden@fr.com, dob@fr.com, kilby@fr.com, manis@fr.com, sub@fr.com |
| Donald R. McPhail | drmcphail@duanemorris.com |
| David Ellis Moore | dmoore@potteranderson.com, ntarantino@potteranderson.com |
| Carolyn E. Morris | carolynmorris@paulhastings.com |
| Matt Neiderman | mneiderman@duanemorris.com |
| Arthur I. Neustadt | aneustadt@oblon.com |
| Elizabeth A. Niemeyer | elizabeth.niemeyer@finnegan.com |
| Andrew M. Ollis | aollis@oblon.com |
| Karen L. Pascale | kpascale@ycst.com, corpcal@ycst.com, corporate@ycst.com |
| Adam Wyatt Poff | apoff@ycst.com, corpcal@ycst.com, corporate@ycst.com |
| Leslie A. Polizoti | lpolizoti@mnat.com |
| John F. Presper | jpresper@oblon.com |
| Alana A. Prills | alanaprills@paulhastings.com |
| Steven J Rizzi | steven.rizzi@weil.com |
| Lawrence Rosenthal | lrosenthal@stroock.com |
| Avelyn M. Ross | aross@velaw.com |
| Philip A. Rovner | provner@potteranderson.com, iplitigation@potteranderson.com, mstackel@potteranderson.com, nmcmenamin@potteranderson.com |
| Carl E. Schlier | cschlier@oblon.com |
| John M. Seaman | jseaman@bmf-law.com, jfielder@bmf-law.com |
| Chad Michael Shandler | shandler@rlf.com, pstewart@rlf.com |
| John W. Shaw | jshaw@ycst.com, corpcal@ycst.com, corporate@ycst.com |
| Matthew W. Siegal | msiegal@stroock.com |

| | |
|---|---|
| Monte Terrell Squire | msquire@ycst.com, corpcal@ycst.com, corporate@ycst.com |
| William F. Taylor , Jr | wtaylor@mccarter.com |
| William J. Wade | wade@rlf.com, casper@rlf.com |
| Roderick B. Williams | rickwilliams@velaw.com, smendoza@velaw.com |
| Edward R. Yoches | bob.yoches@finnegan.com |

I further certify that on January 29, 2008, I caused a copy of the foregoing document to be served upon the following counsel of record as indicated below:

### By Hand Delivery and E-Mail

Thomas C. Grimm [tgrimm@mnat.com]
Benjamin J. Schladweiler [bschladweiler@ mnat.com]
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
Wilmington, DE 19899-1347
*Attorneys for Honeywell International Inc. and Honeywell Intellectual Properties Inc.*

Steven J. Balick [sbalick@ashby-geddes.com]
John G. Day [jday@ashby-geddes.com]
ASHBY & GEDDES
500 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899
*Attorneys for Honeywell International Inc. and Honeywell Intellectual Properties Inc.*

### By E-Mail

Martin R. Lueck [MRLueck@rkmc.com]
Matthew L. Woods [MLWoods@rkmc.com]
Jacob S. Zimmerman [JSZimmerman@rkmc.com]
Marta M. Chou [MMChou@rkmc.com]
Stacie E. Oberts, Esquire [SEOoberts@rkmc.com]
ROBINS, KAPLAN, MILLER & CIRESI LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
*Attorneys for Honeywell International Inc. and Honeywell Intellectual Properties Inc.*

Alan E. McKenna [AEMckenna@rkmc.com]
Anthony A. Froio [AAFroio@rkmc.com]
ROBINS, KAPLAN, MILLER & CIRESI LLP
111 Huntington Avenue, Suite 1300
Boston, MA 02199-7610
*Attorneys for Honeywell International Inc. and Honeywell Intellectual Properties Inc.*

Philip A. Rovner [provner@potteranderson.com]
POTTER, ANDERSON & CORROON
6th Floor, Hercules Plaza
1313 N. Market Street
Wilmington, DE 19801
*Attorneys for FUJIFILM Corporation and FUJIFILM U.S.A. Inc.*

Ian G. DiBernardo [idibernardo@stroock.com]
Kevin C. Ecker [kecker@stroock.com]
STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, NY 10038
*Attorneys for FUJIFILM Corporation and FUJIFILM U.S.A. Inc.*

Richard L. Horwitz [rhorwitz@potteranderson.com]
David E. Moore [dmoore@potteranderson.com]
POTTER ANDERSON & CORROON
6th Floor, Hercules Plaza
1313 N. Market Street
P.O. Box. 951
Wilmington, DE 19801
*Attorneys for Samsung SDI America, Inc., and Samsung SDI Co., Ltd.*

Elizabeth L. Brann [elizabethbrann@paulhastings.com]
PAUL, HASTINGS, JANOFSKY & WALKER LLP
3579 Valley Centre Drive
San Diego, CA 92130
*Attorneys for Samsung SDI America, Inc., and Samsung SDI Co., Ltd.*

Matt Neiderman [MNeiderman@duanemorris.com]
DUANE MORRIS LLP
1100 North Market Street, Suite 1200
Wilmington, DE 19801-1246
*Attorneys for InnoLux Display Corporation*

Donald R. McPhail [DRMcPhail@duanemorris.com]
DUANE MORRIS LLP
1667 K Street, N.W.
Washington, DC 20006-1608
*Attorneys for InnoLux Display Corporation*

David J. Margules [dmargules@bmf-law.com]
BOUCHARD MARGULES & FRIEDLANDER, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
*Attorneys for Citizen Watch Co., Ltd., and Citizen Displays Co., Ltd.*

David H. Ben-Meir [dhben-meir@hhlaw.com]
HOGAN & HARTSON LLP
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
*Attorneys for Citizen Watch Co., Ltd., and Citizen Displays Co., Ltd.*

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Karen L. Pascale*

January 29, 2008

Karen L. Pascale (#2903) [kpascale@ycst.com]
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600
    *Attorneys for Optrex America, Inc.*