# YOUNG CONAWAY STARGATT & TAYLOR, LLP

KAREN L. PASCALE
DIRECT DIAL: (302) 571-5001
DIRECT FAX: (302) 576-3516
kpascale@ycst.com

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(302) 571-1253 FAX
(800) 253-2234 (DE ONLY)
www.youngconaway.com

May 30, 2008

**BY E-FILING**

The Honorable Joseph J. Farnan, Jr.
United States District Court
  for the District of Delaware
844 King Street
Wilmington, DE 19801

>  Re: *Honeywell International Inc., et al v. Apple Computer Inc., et al.*
>      C.A. Nos. 04-1337, -1338, and -1536-JJF (Consolidated)

Dear Judge Farnan:

Pursuant to the Court's Order of May 19, 2008 (D.I. 1036 in 04-1338), Optrex America, Inc. now responds to Honeywell's May 16, 2008 letter (D.I. 1037 in 04-1338).

Optrex agrees with comments made by co-defendants Samsung-SDI, Fuji, and Citizen in their letter of today regarding Honeywell's proposed reconfiguration of the case. Optrex is writing separately to express its desire for a single trial on all issues between Honeywell and Optrex only. Optrex is actually the plaintiff in Civil Action No. 04-1536-JJF. Optrex filed that declaratory judgment action against Honeywell to protect Kyocera Wireless, an Optrex customer which had been sued by Honeywell. From the outset, Optrex requested a quick trial between it and Honeywell,[1] but instead found itself swept up into the web Honeywell created.

Each of the defendants in this case, contrary to Honeywell's assertions, have products with different structures, began their alleged infringing acts at different times, and have quite different laches defenses. Thus, if each defendant is to have a fair trial, there must be separate infringement and damages trials for each. Optrex believes that separating the issue of validity from damages and infringement will cause the juries in each trial to have an incomplete picture of Optrex's and Honeywell's positions. In particular, Optrex believes that the jury deciding infringement, damages and Optrex's laches defense should also be fully apprised of the strengths and weaknesses of the patent's validity as that may impact its damage award should the patent be found valid and infringed.

---

[1] *See, e.g.,* Optrex's Memorandum in Opposition to Honeywell's Motion to Consolidate dated April 11, 2005 (D.I. 19 in 04-1536), in which Optrex requested that the Court proceed first with trial of Optrex's case, including a short discovery period and an early trial date. *Id.* at 15-18.

Y<span>OUNG</span> C<span>ONAWAY</span> S<span>TARGATT</span> & T<span>AYLOR</span>, LLP
The Honorable Joseph J. Farnan, Jr.
May 30, 2008
Page 2

      For these reasons, Optrex requests a trial between it and Honeywell only on all issues.

                                                                    Respectfully,

                                                          */s/ Karen L. Pascale*

                                                          Karen L. Pascale (#2903)

cc:   CM/ECF list (by e-filing)
       Thomas C. Grimm, Esquire (by hand)
       Matthew L. Woods, Esquire (by e-mail)
       Andrew M. Ollis, Esquire (by e-mail)